IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH CENTER CHURCH EVANGELISTIC MINISTRIES, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>FEDERAL D. GLOVER, et al.<br><br>    Defendants.<br>_____/ | No. C 04-03111 JSW<br><br>**NOTICE OF TENTATIVE RULING ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND SETTING OF HEARING** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

On January 20, 2005, this Court vacated the hearing date on Plaintiffs' motion for preliminary injunction, finding the matter suitable for disposition without oral argument, and took the matter under submission. The Court has reconsidered this decision in light of authority reviewed in the course of preparing its ruling, which has not been cited by the parties. Because the Court finds this authority to be on point, it believes that argument from the parties would prove useful to resolution of this motion, especially with regard to the scope of Plaintiffs' requested interim remedy.

Having considered the parties' pleadings and relevant legal authority, the Court **tentatively GRANTS Plaintiffs' motion.** Specifically, the Court **tentatively finds** that Plaintiffs, *based on the record currently before it*, including Plaintiffs' applications to the Library and the flyer attached to the Declaration of Danielle Merida, would be able to show that under the previous policies and under on the policy that is currently in force, Defendants' conduct in restricting Plaintiffs' access to the Library meeting room restricted Plaintiffs' speech based upon its viewpoint. Thus, the Court **tentatively finds** that Plaintiffs are substantially likely to prevail on the merits of the first claim for a violation of

their First Amendment rights to free speech.  In addition, the Court **tentatively finds** that Plaintiffs have demonstrated a showing of irreparable harm if the injunction does not issue.

As noted above, in reaching this **tentative ruling** the Court has found guidance in several cases not cited by the parties, including *The Bronx Household of Faith v. Board of Education of the City of New York*, 331 F.3d 342 (2d Cir. 2003) and *Campbell v. St. Tammany Paris School Board*, 2003 WL 21783317 (E.D. La. 2003).  In each of these cases, the courts concluded that the conduct in which the Plaintiffs' sought to engage was not "merely religious worship" but involved something more.  The Court considers the facts of this case to be, in many respects, analogous to the facts of those cases.  However, there is one critical distinction between *Bronx Household* and *Campbell* and this case, namely the fora in question.  There the plaintiffs sought to use public schools after hours.  Here, in contrast, Plaintiffs seek to use a public library meeting room during normal library hours.

"Traditionally, libraries provide a place for 'reading, writing, and *quiet* contemplation.'" *Neinast v. Board of Trustees of the Columbus Metropolitan Library*, 346 F.3d 585, 591 (6th Cir. 2003) (quoting *Mainstream Loudoun v. Bd. of Trs. of Loudoun County Library*, 24 F. Supp. 2d 552, 563 (E.D. Va. 1998)) (emphasis added).  Although a speaker may not be excluded from a non-public forum where to do so would suppress "the point of view he [or she] espouses on an otherwise" permitted in the forum, the Court cannot ignore the fact that it is permissible to exclude a speaker from a non-public forum "if he [or she] wishes to address a topic not encompassed with the purpose of the forum." *Lambs Chapel v. Center Moriches School Dist.*, 508 U.S. 384, 394 (quoting *Cornelius ...*, at 806).  Notwithstanding the fact that the Court has tentatively concluded that as applied, the Library's conduct may have restricted Plaintiffs' speech based upon viewpoint, the Court must also consider the facial challenge to the policy currently in effect in fashioning an interim remedy.

Indeed, if the Court stands by its tentative ruling on Plaintiffs' motion, in fashioning an appropriate interim remedy to avoid any future harm to Plaintiffs' rights, the Court cannot ignore that the Library may have legitimate reasons for wishing to exclude "religious services" on the grounds that "religious services" are neither consistent with the nature of the forum nor consistent with the Library's intention in opening the meeting room for use by the public.  Indeed, the Defendants' assertion that

they are required to distinguish between religious services and the discussion of topics from a religious perspective to avoid an Establishment Clause violation is not unpersuasive. In making that argument, however, the Defendants raise the conundrum currently faced by this Court: how can it fashion an injunction that can be enforced without placing the Defendants in a situation where enforcement of the injunction results in an "excessive entanglement" with religion?

Accordingly, the Court HEREBY ORDERS the parties to appear for a hearing on **Friday, May 13, 2005, at 9:00 a.m.** The parties are FURTHER ORDERED to submit simultaneous briefing on the issues raised in this notice by no later than **Friday, April 29, 2005.** Such briefing shall not exceed twelve (12) pages in length.

If the parties are not available on this date, they may file a request with the Court to continue the matter to a mutually agreeable date, and the Court will consider a request to specially set the hearing if that is necessary to accommodate the Court's and counsels' calendars.

At the hearing, the parties should be prepared to address the following questions:

1. Whether based upon the cases discussed in above, and based upon the record *as it stands*, Plaintiffs' conduct can be classified merely as a "religious service" or something more?

2. Whether based upon case authority from other jurisdictions, the Library meeting room is more appropriately classified as a "designated public forum" or a "limited public forum". *See, e.g., Neinast, supra*, *Kreimer v. Bureau of Police for the Town of Morristown*, 958 F.2d 1242 (3rd Cir. 1992); *Gay Guardian Newspaper v. Ohoopee Regional Library System*, 235 F. Supp. 2d 1362 (S.D. Ga. 2002).[1]

3. Whether the policy currently in force is too vague to be enforced? The Court encourages the parties to bring to its attention any relevant authority that addresses this issue in advance of the hearing.

4. The appropriate scope of an injunction if the Court stands by its tentative ruling, as well as the appropriate level of a bond.

---

[1] These are just a few of the cases the Court located in which courts evaluated the appropriate designation for a public library and its interior spaces, under the Supreme Court's forum analysis.

3

Dated: April 18, 2005

   /s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE