United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FAITH CENTER CHURCH EVANGELISTIC MINISTRIES, et al.,

    Plaintiffs,

  v.

FEDERAL D. GLOVER, et al.

    Defendants.

No. C 04-03111 JSW

**FURTHER QUESTIONS FOR HEARING ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

The Court has received the parties' supplemental briefing on Plaintiffs' motion for a preliminary injunction.

The parties each shall have twenty-five (25) minutes to address the questions in the Court's Notice of Tentative Ruling and Questions for Hearing dated April 18, 2005, and the following additional questions:

1.     Defendant argues that Article XVI, Section 5 of the California Constitution requires them to preclude the use of the Library meeting room for "religious services". In *Widmar v. Vincent*, 454 U.S. 263 (1981), the Supreme Court rejected the claim that the policy in question was compelled by the Missouri state constitution, which like the California constitution, provided for broader protections than the Establishment Clause of the United States Constitution. 454 U.S. at 275-276.

    Although the *Widmar* Court limited its holding to the facts of that case, what is Defendants' response to the Supreme Court's statement that "the state interest asserted ... – in achieving greater separation of church and State than is already ensured under the Establishment Clause of the Federal Constitution – is limited by the Free Exercise Clause and in this case by the Free Speech Clause as well"? *Id.* at 276.

2.        Assuming for the sake of argument that the Court were to conclude that concern about a potential Establishment Clause violation did not provide a sufficiently compelling interest to exclude Plaintiffs from using the Library meeting room, or to enforce the current policy as to other groups, what other justifications do Defendants have in support of the policy that is currently in force? *See, Rosenberger v. University of Virginia*, 515 U.S. 819 (1995); *Lambs Chapel v. Center Moriches School Dist.*, 508 U.S. 384 (1993); and *Widmar*, 454 U.S. 263.

3.        The record currently before the Court demonstrates the following "restrictions" on the use of the Library meeting room: (1) a person or entity wishing to use the room must complete an application and reservations are contingent upon approval by the County; (2) if the purpose for which the room is used involves soliciting or if an admission fee is charged by the applicant, a fee must be paid to the library; and (3) schools may not use the room for "instructional purposes as a regular part of the curriculum." (Declaration of Anne Cain, Ex. A.) The policies in question also refer to Rules and Regulations for implementation of the policies, which are not part of the record before the Court.

In support of their motion, Plaintiffs have provided a number of applications to the Antioch branch of the Library, as well as other branches of the Contra Costa County Library association, which demonstrate that the County has approved use of library meeting rooms for a number of diverse groups and purposes.

What further support do Defendants have in support of their argument that the Library meeting room has not been opened to "indiscriminate use by the general public"? *See, DiLoreto v. Downey Unified School District Board of Education*, 196 F.3d 958, 966 (9th Cir. 1999) (quoting *Hazelwood School Dist. v. Kuhlmeier*, 484 U.S. 260, 267 (1988) (quoting *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 47 (1983)).

4. What is Plaintiffs' response to Defendants' suggestion that an applicant would be permitted to use the Library meeting room if he or she certified that he or she would not use the Library meeting room for "religious services"?

5. In crafting an injunction is it appropriate for the Court to distinguish between religious worship and religious activities? *See Widmar*, 454 U.S. at 270 n.6, & 272 n.11.

6. Are there any other issues the parties wish to address?

Dated: May 12, 2005

/s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE