1  BENJAMIN W. BULL
   Arizona State Bar No. 009940
2  GARY S. McCALEB (PHV)
   Arizona State Bar No. 018848
3  ELIZABETH A. MURRAY (PHV)
   Arizona State Bar No. 022954
4  Alliance Defense Fund Law Center
   15333 N. Pima Rd., Suite 165
5  Scottsdale, AZ 85260
6  Phone: (480) 444-0020
   Fax: (480) 444-0028
7
8  ROBERT H. TYLER
   California State Bar No. 179572
9  Alliance Defense Fund Law Center
   38760 Sky Canyon Drive, Suite B
10 Murietta, CA 92563
   Phone: (951) 461-7860
11 Fax: (951) 461-9056
12
   TERRY L. THOMPSON
13 California State Bar No. 199870
   Law Offices of Terry L. Thompson
14 P.O. Box 1346
   Alamo, CA 94507
15 Phone (925) 855-1507
   Fax: (925) 820-6034
16 (designated local counsel)
17
                  IN THE UNITED STATES DISTRICT COURT
18           FOR THE NORTHERN DISTRICT OF CALIFORNIA
                        SAN FRANCISCO DIVISION
19
20 FAITH CENTER CHURCH
   EVANGELISTIC MINISTRIES, et al.,          CASE NO. C-04-3111 JSW
21
              Plaintiffs,                    **PLAINTIFFS' MOTION**
22                                           **FOR ATTORNEYS' FEES AND**
   v.                                        **NONTAXABLE EXPENSES AND**
23                                           **MEMORANDUM OF POINTS AND**
   FEDERAL D. GLOVER, et al.,                **AUTHORITIES IN SUPPORT**
24
              Defendants.                    Hearing Date:  July 29, 2005
25                                           Hearing Time:  9:00 a.m.
26                                           Courtroom 2
27

28 PLS.' MOT. FOR ATT'Y FEES & NONTAXABLE EXPENSES
   & MEM. OF P. & A. IN SUPPORT – i
   CASE NO. C-04-3111 JSW

Dockets.Justia.com

# TABLE OF CONTENTS

**PAGE NUMBERS**

Table of Authorities ................................................................................................ iv

Notice of Motion.........................................................................................................1

Statement of Relief Requested....................................................................................1

Issue Presented ...........................................................................................................1

Statement of Relevant Facts.......................................................................................1

Motion.........................................................................................................................1

Memorandum of Points and Authorities.....................................................................2

Argument ....................................................................................................................2

I.       INTRODUCTION ...........................................................................................2

        A.      Eligibility ..............................................................................................2

        B.      Entitlement.............................................................................................5

                1.      Attorneys' Fees ...........................................................................5

                2.      Expenses .....................................................................................6

                3.      Public Interest Law Firms...........................................................7

                4.      Plaintiffs Are Entitled to Fees and Expenses for Preparing the
                        Motion and Memorandum for an Award of Attorneys' Fees and
                        Nontaxable Expenses ..................................................................8

        C.      Reasonableness of Requested Fee .........................................................8

                1.      Time and Labor Required of Counsel..........................................9

                2.      The Novelty and Difficulty of the Questions Presented ..............9

                3.      The Skill Requisite to Perform the Legal Service Properly........10

                4.      The Preclusion of Other Employment by Counsel Because of the
                        Acceptance of the Action...........................................................10

5.   The Customary Fee Charged in Matters of the Type Involved ................10

6.   Whether the Fee Contracted between the Attorney and the Client is
     Fixed or Contingent ...............................................................................11

7.   Any Time Limitations Imposed by the Client or the Circumstances.........11

8.   The Amount of Money, or the Value of the Right Involved, and the
     Results Obtained .....................................................................................11

9.   The Experience, Reputation, and Ability of the Counsel ..........................12

10.  The "Undesirability" of the Case ..............................................................12

11.  The Nature and Length of the Professional Relationship between
     Attorney and the Client............................................................................12

12.  Awards in Similar Cases...........................................................................12

13.  Where a Plaintiff's Attorney Has Obtained Excellent Results, He
     or She is Entitled to Full Attorneys' Fees................................................13

14.  An Award of Attorneys' Fees and Related Litigation Expenses
     is Appropriate...........................................................................................13

II.   CONCLUSION.....................................................................................................14

1

# TABLE OF AUTHORITIES

2

**CASES**                                                    **PAGE NUMBERS**

3

*Ackerley Communications, Inc. v. City of Salem,*
　　752 F.2d 1394 (9th Cir. 1985) ............................................................5

4

5

*Alyeska Pipeline Serv. Co. v. Wilderness Society,*
　　421 U.S. 240 (1975)............................................................14

6

7

*Balla v. Idaho State Bd. of Corrs.,*
　　869 F.2d 461 (9th Cir. 1989) ............................................................4

8

9

*Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers,*
　　584 F.2d 308 (9th Cir. 1978) ............................................................4

10

*Blanchard v. Bergeron,*
　　489 U.S. 87 (1989)............................................................5, 13

11

12

*Blum v. Stenson,*
　　465 U.S. 886 (1984)............................................................7, 9, 10, 12

13

14

*Boos v. Barry,*
　　485 U.S. 312 (1988)............................................................11

15

*City of Burlington v. Dague,*
　　505 U.S. 557 (1992)............................................................8

16

17

*City of Riverside v. Rivera,*
　　477 U.S. 561 (1986)............................................................13

18

19

*Clark v. City of Los Angeles,*
　　803 F.2d 987 (9th Cir. 1986) ............................................................8

20

21

*D'Emanuele v. Montgomery Ward & Co.,*
　　904 F.2d 1379 (9th Cir. 1990) ............................................................8

22

23

*Daly v. Hill,*
　　790 F.2d 1071 (4th Cir. 1986) ............................................................6, 7

24

25

*Davis v. City and County of San Francisco,*
　　976 F.2d 1536 (9th Cir. 1992) ............................................................6, 8, 10

26

27

*Dennis v. Chang,*
　　611 F.2d 1302 (9th Cir. 1980) ............................................................7

28

Pls.' Mot. for Att'y Fees & Nontaxable Expenses
& Mem. of P. & A. in Support – iv
Case No. C-04-3111 JSW

*Doty v. County of Lassen,*
      37 F.3d 540 (9th Cir. 1994) ............................................................................4

*Dowdell v. City of Apopka,*
      698 F.2d 1181 (11th Cir. 1983) ..................................................................6, 7

*Elrod v. Burns,*
      427 U.S. 347 (1976)......................................................................................12

*Evans v. Jeff D.,*
      475 U.S. 717 (1986).........................................................................................7

*Fairly v. Patterson,*
      493 F.2d 598 (5th Cir. 1974) .........................................................................6

*Farrar v. Hobby,*
      506 U.S. 103 (1992).....................................................................................4, 13

*Gentala v. City of Tucson,*
      325 F. Supp. 2d 1012 (D. Ariz. 2003) .........................................................12

*Hensley v. Eckerhart,*
      461 U.S. 424 (1983)..........................................................................4, 5, 8, 9, 13

*In re Nucorp Energy, Inc.,*
      764 F.2d 655 (9th Cir. 1985) .........................................................................8

*Intel Corp. v. Terabyte Int'l, Inc.,*
      6 F.3d 614 (9th Cir. 1993) .............................................................................8

*Jane L. v. Bangerter,*
      61 F.3d 1505 (10th Cir. 1995) .......................................................................6

*Kessler v. Assocs. Fin. Servs. Co. of Hawaii, Inc.,*
      639 F.2d 498 (9th Cir. 1981) .........................................................................7

*Leeds v. Watson,*
      630 F.2d 674 (9th Cir. 1980) .........................................................................7

*Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
      39 F.3d 1482 (10th Cir. 1994) .....................................................................11

*Native Vill. of Quinhagak v. U.S.,*
      35 F.3d 388 (9th Cir. 1994) ...........................................................................5

*N.Y. Gaslight Club, Inc. v. Carey,*
    447 U.S. 54 (1980).................................................................5, 7

*N.Y. Times Co. v. Sullivan,*
    376 U.S. 254 (1964).................................................................11

*Newman v. Piggie Park Enters., Inc.,*
    390 U.S. 400 (1968).................................................................5, 6

*Northcross v. Bd. of Educ. of Memphis City Schs.,*
    611 F.2d 624 (6th Cir. 1979) ....................................................6

*Pa. v. Del. Valley Citizens' Council for Clean Air,*
    478 U.S. 546 (1986).................................................................14

*Planned Parenthood v. State of Ariz.,*
    789 F.2d 1348 (9th Cir. 1986) ..................................................9

*Redding v. Fairman,*
    717 F.2d 1105 (7th Cir. 1983) ..................................................6

*Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,*
    489 U.S. 782 (1989).................................................................3, 4, 5

*Thornberry v. Delta Air Lines, Inc.,*
    676 F.2d 1240 (9th Cir. 1982) ..................................................6

*Topanga Press, Inc. v. City of Los Angeles,*
    989 F.2d 1524 (9th Cir. 1993) ..................................................5

*United Steelworkers v. Phelps Dodge Corp.,*
    896 F.2d 403 (9th Cir. 1990) ....................................................11

*White v. City of Richmond,*
    713 F.2d 458 (9th Cir. 1983) ....................................................10

*Williams v. Alioto,*
    625 F.2d 845 (9th Cir. 1980) ....................................................5

**STATUTES AND RULES**

42 U.S.C. § 1983.................................................................................2, 3

42 U.S.C. § 1988.................................................................................3, 6, 7, 14

Fed. R. Civ. P. 54(d)(2)......................................................................3, 6

Local Rule 7-4 ........................................................................................................2

Local Rule 7-5 ........................................................................................................2

Local Rule 54-6 ......................................................................................................2

**OTHER AUTHORITY**

Court Awarded Attorneys Fees, Report of the Third Circuit Task Force, Oct. 8, 1985,
    108 FRD 237 (1986) ....................................................................................13

S. Rep. No. 94-1011 (1976) ........................................................................7, 13, 14

5 U.S. Code Cong. & Ad. News 5908-5911 ...........................................................7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that a hearing is set at 9:00 a.m. on July 29, 2005 concerning Plaintiffs' Motion for Attorneys' Fees and Nontaxable Expenses.

**STATEMENT OF RELIEF REQUESTED**

Plaintiffs request attorneys' fees and nontaxable expenses from Defendants as a result of this Court's Order Granting Plaintiffs' Motion for a Preliminary Injunction on May 23, 2005.

**ISSUE PRESENTED**

Whether Plaintiffs are entitled to an award of attorneys' fees and nontaxable expenses following this Court's Order Granting Plaintiffs' Motion for a Preliminary Injunction on May 23, 2005.

**STATEMENT OF RELEVANT FACTS**

Plaintiffs filed suit against Defendants on July 30, 2004 challenging Defendants' "Policy for Use of Meeting Rooms in Libraries" that expressly prohibits the use of Contra Costa County Library public meeting rooms for "religious services or activities." On October 26, 2004, Plaintiffs filed a Motion for Preliminary Injunction. This Court granted Plaintiffs' Motion for Preliminary Injunction on May 23, 2005, enjoining Defendants from further discrimination against Plaintiffs on the basis of their proposed religious speech.

**MOTION**

Pursuant to 42 U.S.C. § 1988 and Local Rule 54-6, Plaintiffs move this Court for an award of attorneys' fees and nontaxable expenses against Defendants. Plaintiffs are entitled to attorneys' fees and nontaxable expenses under this Court's order granting Plaintiffs' Motion for Preliminary Injunction, which was entered and filed on May 23, 2005. As required by Local Rule 54-6, this motion is filed and served within fourteen days of the entry of this Court's order.

1    Counsel telephonically met and conferred on June 6, 2005 in an attempt to resolve any

2    disputes with respect to this motion, but the parties disagree as to the timeliness of this motion.

3    However, prior to this motion, Defendants' counsel declined to enter into a stipulation to

4    postpone the issue of attorneys' fees and nontaxable expenses until the conclusion of the case

5    and exhaustion of all appeal periods.

6    Under Local Rules 7-4, 7-5, and 54-6, Plaintiffs rely on the following memorandum of

7    points and authorities, as well as and the concurrently filed declarations and itemized statements

8    in support of this motion.  In addition, Plaintiffs rely on the Itemized Statement of Nontaxable

9    Expenses, which is attached to this motion with its Exhibits 1-36.

10

11                   **MEMORANDUM OF POINTS AND AUTHORITIES**

12                                      **ARGUMENT**

13    Plaintiffs prevailed on their motion for preliminary injunction that granted substantially

14    all of the relief they sought.

15    **I)    INTRODUCTION**

16    The amount of Plaintiffs' attorneys' fees as of the time of this Court's order on May 23,

17    2005, as well as the time to prepare this motion and supporting documentation, is $58,773.50.

18    The amount of Plaintiffs' nontaxable expenses at this time is $2,474.52.

19    **A)    Eligibility**

20    Plaintiffs seek an award of attorneys' fees and nontaxable expenses as prevailing parties

21    pursuant to the order entered May 23, 2005 granting Plaintiffs' motion for a preliminary

22    injunction and enjoining Defendants from enforcing their policy that prohibits use of library

23    meeting rooms for religious services.  This action was brought under 42 U.S.C. § 1983, so

Plaintiffs are eligible for attorneys' fees and nontaxable expenses under 42 U.S.C. § 1988, which provides in relevant part:

> In any action or proceeding to enforce a provision of [the federal civil rights laws, including 42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Federal Rule of Civil Procedure 54(d)(2) provides that claims for attorneys' fees and related nontaxable expenses shall be made by motion.

As the Court is aware, Defendants prohibited Plaintiffs from using library meeting rooms under a policy that prohibits use for "religious services." This action challenged the constitutionality of Defendants' policy and sought injunctive and declaratory relief. Plaintiffs filed a Motion for Preliminary Injunction to enjoin Defendants from enforcing their policy that expressly prohibits the use library meeting rooms for "religious services." On May 23, 2005, this Court granted Plaintiffs' Motion for Preliminary Injunction and ordered:

> Defendants are hereby enjoined from enforcing the "Religious Use" provision of the Amended Policy so as to deny Plaintiffs' application to reserve the Library meeting room for meetings that include religious services, or the application of any similarly situated individual or entity.

(Order at 14.) The Court further ordered that the preliminary injunction would take effect on June 7, 2005 at 9:00 a.m. (Order at 14.)

The legal authority governing the standard by which the Court determines eligibility for attorneys' fees is 42 U.S.C. § 1988 and Fed. R. Civ. P. 54. A party obtaining a judgment against a government defendant successfully challenging the constitutionality of a violative government policy is a "prevailing" party for purposes of section 1988 and Rule 54 and entitled to an award of attorneys' fees and related expenses. *See Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989) ("The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties"). Under Rule 54, a judgment "includes

a decree and any order from which an appeal lies" and "encompasses final judgments and appealable interlocutory orders," such as a preliminary injunction. *See Balla v. Idaho State Bd. of Corrs.*, 869 F.2d 461, 466 (9th Cir. 1989).

Under § 1988, Plaintiffs are "prevailing" parties and are eligible for attorneys' fees. The Supreme Court has stated that "plaintiffs may be considered 'prevailing parties' for attorneys fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see Doty v. County of Lassen*, 37 F.3d 540, 547 (9th Cir. 1994) (quoting *Hensley*). The Supreme Court has also stated that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Tex. State Teachers Ass'n*, 489 U.S. at 792-93. "Therefore, to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (citations omitted). "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111-12.

In this case, Plaintiffs obtained a preliminary injunction against Defendants that prohibited them from enforcing their policy or denying access to Plaintiffs. Clearly, Plaintiffs are the prevailing party and entitled to attorneys' fees. *Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers*,[1] 584 F.2d 308, 318 (9th Cir. 1978) (a litigant can be considered a prevailing party who is entitled to attorney's fees after obtaining a preliminary

---

[1] While attorney's fees are typically sought after final judgment, this motion is appropriate because the preliminary injunction has given substantially all of the relief sought, and Defendants may simply amend their policy, potentially mooting this case and complicating recovery of Plaintiffs' legal fees.

PLS.' MOT. FOR ATT'Y FEES & NONTAXABLE EXPENSES
& MEM. OF P. & A. IN SUPPORT – 4
CASE NO. C-04-3111 JSW

injunction); *see also Topanga Press, Inc. v. City of Los Angeles*, 989 F.2d 1524, 1534 (9th Cir. 1993); *Native Vill. of Quinhagak v. U.S.*, 35 F.3d 388, 395 (9th Cir. 1994); *Williams v. Alioto*, 625 F.2d 845, 847 (9th Cir. 1980).

The purpose of this suit was to obtain access to library meeting rooms for Plaintiffs and to have the Court invalidate the challenged policy as unconstitutional. As a result of this Court's injunction, Plaintiffs have obtained much of their requested relief. Hence, there has been a "material alteration of the legal relationship of the parties." *Tex. State Teachers Ass'n*, 489 U.S. at 792-93. As the Court put it in *Texas State Teachers Association*, "the plaintiff has crossed the threshold to a fee award of some kind" if she "has succeeded on 'any significant issue in litigation which achieve[s] some of the benefit the parties sought in bringing suit.'" *Id.* at 791-92.

**B)    Entitlement**

**1)    Attorneys' Fees**

Under § 1988, a court has only narrow discretion to deny attorneys' fees to "prevailing" plaintiffs. *N.Y. Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 68 (1980); *Ackerley Communications, Inc. v. City of Salem*, 752 F.2d 1394, 1396 (9th Cir. 1985). Prevailing plaintiffs should recover reasonable attorneys' fees "unless special circumstances would render such an award unjust." *Hensley*, 461 U.S. at 429; and *see Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) (same). "The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances." *Hensley*, 461 U.S. at 429 (quotation omitted). "Congress has elected to encourage meritorious civil rights claims because of the benefits of such litigation for the named plaintiff and for society at large." *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989);

*see, e.g., Newman*, 390 U.S. at 402 ("If he obtains an injunction, he does so not for himself alone but also as a 'private attorney general,' vindicating . . . the public interest.").

### 2)    Expenses

The Ninth Circuit, and all other circuits, hold that an award of nontaxable expenses reimbursing the section 1988 "prevailing" plaintiffs for "out-of-pocket" costs is entirely appropriate. *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992) ("[W]e . . . hold that attorneys' fees awards can include reimbursement for out-of-pocket expenses including travel, courier and copying costs that . . . attorneys incurred."). Indeed, Rule 54(d)(2) of the Federal Rules of Civil Procedure explicitly provides that claims for "related nontaxable expenses" may be reimbursable by motion. *See Jane L. v. Bangerter*, 61 F.3d 1505, 1517 (10th Cir. 1995) ("[O]ut of pocket expenses incurred during litigation may be awarded as attorneys fees under section 1988").

As the sister circuits have observed, "federal courts have routinely provided for recovery of out-of-pocket expenses in conjunction with the fee awards." *Daly v. Hill*, 790 F.2d 1071, 1083 (4th Cir. 1986); *see, e.g., Fairly v. Patterson*, 493 F.2d 598, 607 n.17 (5th Cir. 1974); *Dowdell v. City of Apopka*, 698 F.2d 1181, 1190 (11th Cir. 1983) ("Reasonable attorneys' fees under [§ 1988] must include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation"); *Redding v. Fairman*, 717 F.2d 1105, 1119 (7th Cir. 1983); *Thornberry v. Delta Air Lines, Inc.*, 676 F.2d 1240, 1244-45 (9th Cir. 1982), *vacated on other grounds*, 461 U.S. 952 (1983); *Northcross v. Bd. of Educ. of Memphis City Schs.*, 611 F.2d 624, 642 (6th Cir. 1979). Indeed, the authorities are uniform that out-of-pocket expenses should be awarded as a part of an attorney's fee award under § 1988. "Because meritorious civil rights plaintiffs are "private attorneys general"

enforcing important congressional policies, § 1988 is intended to encourage them to bring suit by shifting the costs of litigation to defendants who have been found to be wrongdoers." *Daly*, 790 F.2d at 1084 (quoting *Dowdell*, 698 F.2d at 1189 n.2). *See also* S. Rep. No. 94-1011, at 1-4 (1976), reprinted in 5 U.S. Code Cong. & Ad. News 5908-5911.

### 3)    Public Interest Law Firms

Public interest law firms, such as the Alliance Defense Fund, are entitled to full attorneys' fees and expenses under § 1988.  The Supreme Court has held that the fact that plaintiffs are represented by a nonprofit public interest group is not a "special circumstance" that would warrant refusal to award attorneys' fees. *N.Y. Gaslight Club*, 447 U.S. at 68-69; and *see Evans v. Jeff D.*, 475 U.S. 717, 725 n.9 (1986) ("the fact that the fee award would benefit a legal services corporation" would not "justify a refusal to make an award").  Further, "'[i]n determining the amount of fees to be awarded, it is not legally relevant that plaintiffs' counsel . . . are employed by . . . a privately funded non-profit public interest law firm.  It is in the interest of the public that such law firms be awarded reasonable attorneys' fees to be computed in the traditional manner when its counsel perform legal services otherwise entitling them to the award of attorneys' fees.'" *Blum v. Stenson*, 465 U.S. 886, 895 (1984); see *also Dennis v. Chang*, 611 F.2d 1302 (9th Cir. 1980) (affirming award of attorneys' fees where plaintiffs were represented by nonprofit public interest legal aid corporation); *Kessler v. Assocs. Fin. Servs. Co. of Hawaii, Inc.*, 639 F.2d 498, 499 (9th Cir. 1981) (civil rights plaintiffs represented without charge by legal services attorneys may be awarded attorneys' fees under § 1988); *Leeds v. Watson*, 630 F.2d 674 (9th Cir. 1980) (same).

**4)   Plaintiffs Are Entitled to Fees and Expenses for Preparing the Motion and Memorandum for an Award of Attorneys' Fees and Nontaxable Expenses.**

It is well settled that the time spent by counsel in preparing the motion and memorandum in connection with an application for attorney's fees and expenses is fully compensable. *Davis*, 976 F.2d at 1544 ("This Court has repeatedly held that time spent by counsel in establishing the right to a fee award is compensable"); *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1387-88 (9th Cir. 1990) (same); *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986) (same); *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-660 (9th Cir. 1985) (same).

**C)   Reasonableness of Requested Fee**

The "reasonableness" of fees is generally determined on the basis of a "lodestar," *i.e.*, "'the product of reasonable hours times a reasonable rate.'" *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992) (citation omitted); similarly, *see Hensley*, 461 U.S. at 433 (same); *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (same). There is a "'strong presumption' that the lodestar represents the 'reasonable' fee." *Dague*, 505 U.S at 562. Here, the billing rate of Plaintiffs' counsel and their support staff is as follows:

Gary S. McCaleb – $280.00 per hour, and he has incurred a total of 15.9 hours, resulting in a present "lodestar" fee of $4,452.00.

Terry L. Thompson – $200.00 per hour, and he has incurred a total of 9.8 hours, resulting in a present "lodestar" fee of $1,960.00.

Joshua W. Carden – $190.00 per hour, and he has incurred a total of 25.5 hours, resulting in a present "lodestar" fee of $4,845.50.

Elizabeth A. Murray – $190.00 per hour, and she has incurred a total of 239.9 hours, resulting in a present "lodestar" fee of $45,581.00

Michele L. Magnaghi – $75.00 per hour, and she has incurred a total of 11.4 hours, resulting in a present "lodestar" fee of $855.00.

Danna S. Farney – $45.00 per hour, and she has incurred a total of 15.5 hours, resulting in a present "lodestar" fee of $697.50.

Chad A. Adams - $45.00 per hour, and he has incurred a total of 8.5 hours, resulting in a present "lodestar" fee of $382.50.

### 1)    Time and Labor Required of Counsel

As noted above, plaintiffs seek recovery for a total of 326.50 attorney and support staff hours incurred prior to this Court's May 23, 2005 Order and in preparing this fee application. This motion is supported by the sworn declarations of plaintiffs' counsel, and the task-based itemized statement of fees and expenses included therein.

As demonstrated in the concurrently filed supporting declarations, Plaintiffs have endeavored in good faith to exclude from the "fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The reasonableness of the attorney hours claimed is evident from the complexity, scope and difficulty of the case, the work performed, the reductions made, and the result achieved. *Hensley*, 461 U.S. at 433-35. In sum, no "client who had received the results obtained in this litigation would . . . cavil at being billed for [any of the hours claimed herein by plaintiffs' counsel]." *Planned Parenthood v. State of Ariz.*, 789 F.2d 1348, 1352 (9th Cir. 1986).

### 2)    The Novelty and Difficulty of the Questions Presented

This factor has been held to be "fully reflected in the number of billable hours" claimed by plaintiffs' counsel. *Blum*, 465 U.S. at 899. Here, the questions involved were crucial religious free speech issues in the context of a government controlled forum. As this Court

recognized, the context in which the issues arose "appears to present a matter of first impression." (Order at 6.) As such, additional time was required to fully inform the Court through supplemental briefing prior to oral argument.

### 3) The Skill Requisite to Perform the Legal Service Properly

As noted above, this was a somewhat novel free speech case. Particular skill and expertise in this area of the law was requisite to successfully prosecute this case through the preliminary injunction stage. Given the nature of this case, counsel's level of skill and experience was suitable to the task of successfully defending the constitutional rights at stake and prosecuting this case through the preliminary injunction stage.

### 4) The Preclusion of Other Employment by Counsel Because of the Acceptance of the Action

The time commitment required to successfully litigate this case through the preliminary injunction stage decreased the ability of Plaintiffs' counsel to work on other cases. However, it did not cause Plaintiffs' counsel to decline the representation of other clients or potential cases. (Murray Decl. ¶ 3.)

### 5) The Customary Fee Charged in Matters of the Type Involved

Reasonable hourly fees "are to be calculated according to the prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895. This is the hourly amount "which private counsel of similar experience, reputation, and skill could command in cases of similar complexity in the community." *White v. City of Richmond*, 713 F.2d 458, 460 (9th Cir. 1983); and *see Davis*, 976 F.2d at 1536 (Reasonable hourly rates are "to be calculated according to the prevailing market rates in the relevant community, with close attention paid to the fees charged by lawyers of reasonably comparable skill, experience and reputation."). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate

determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The "district judge may [also] turn to" his "own knowledge of prevailing market rates as well as other indicia of a reasonable market rate." *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994).

Plaintiffs' counsel have national practices. Their billing rates (see above) in this case are reasonable and customary in a case of this nature and difficulty in the San Francisco legal market. (Thompson Decl. ¶¶ 5-6.) Plaintiffs' counsel have filed their own extensive declarations and itemized statements in support of the reasonableness of the hourly rate claimed.

### 6)    Whether the Fee Contracted between the Attorney and the Client is Fixed or Contingent

Plaintiffs' counsel are representing Plaintiffs *pro bono*.

### 7)    Any Time Limitations Imposed by the Client or the Circumstances

This lawsuit was brought because of constitutional injury to the First Amendment rights of Plaintiffs. Because of the constitutional and ongoing nature of the injury at stake, counsel moved expeditiously, seeking early declaratory and injunctive relief, and sought the earliest resolution possible. At times, Plaintiffs' counsel was required to essentially drop other matters and work primarily on this case. (Murray Decl. ¶ 3.)

### 8)    The Amount of Money, or the Value of the Right Involved, and the Results Obtained

Except for the prayer for attorneys' fees and expenses, only nominal damages were requested in this case. The value of the constitutional rights at stake, however, are of the highest order. *See Boos v. Barry*, 485 U.S. 312, 318 (1988); *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964). Indeed, the deprivation of the free speech rights at stake "for even minimal periods

of time . . . constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).  At this point in the litigation, Plaintiffs have achieved a major component of the results they are seeking – an order enjoining Defendants from enforcing their policy that prohibits the use of library meeting rooms for "religious services."

**9)     The Experience, Reputation, and Ability of the Counsel**

The declarations filed by Plaintiffs amply demonstrate that counsels' experience, reputation, and ability is excellent.  In *Blum*, the Supreme Court observed that, "[t]he 'quality of representation' . . . generally is reflected in the reasonable hourly rate."  465 U.S. at 899.

**10)     The "Undesirability" of the Case**

The prosecution of this case is desirable from a public policy and civil liberties standpoint, since it protects precious religious free speech rights from government violation.  The case was undesirable for most attorneys to the extent that there was no guarantee that Plaintiffs would prevail and therefore be compensated in a contingency agreement.

**11)     The Nature and Length of the Professional Relationship Between the Attorney and the Client**

Counsel has represented Plaintiffs in only the present case.  The goal of the lawsuit, however, was the protection of First Amendment rights to engage in religious expression on an equal and nondiscriminatory basis with other speakers.  The nature and length of the professional relationship with the client is not a significant factor in this type of case.

**12)     Awards in Similar Cases**

Plaintiffs are not aware of any case with a similar litigation history, or facts and legal questions, in the San Francisco area involving attorney's fees.  Plaintiffs' counsel did recover attorneys' fees in a comparable case in another urban market.  *See Gentala v. City of Tucson*, 325 F. Supp. 2d 1012 (D. Ariz. 2003).

13)    **Where a Plaintiff's Attorney Has Obtained Excellent Results, He or She is Entitled to Full Attorneys' Fees**

In the present case, Plaintiffs clearly have obtained excellent results. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435. Indeed, the Supreme Court has emphasized that this is the most important factor in determining fees. "'[T]he most critical factor in determining the reasonableness of a fee award' is the degree of success obtained.'" *Farrar*, 506 U.S. at 114 (quoting *Hensley*, 416 U.S. at 436). This weighs heavily in favor of granting the full attorneys' fee request in this motion.

14)    **An Award of Attorneys' Fees and Related Litigation Expenses is Appropriate**

The very "purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances." *Hensley*, 461 U.S. at 429 (internal quotation marks omitted). "Congress has elected to encourage meritorious civil rights claims because of the benefits of such litigation for the named plaintiff and for society at large." *Blanchard*, 489 U.S. at 96. The case at bar was instituted to "vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986). In this type of case, the "public as a whole has an interest in the vindication of rights conferred" by the constitution "over and above the value of a civil rights remedy to a particular plaintiff." *Id.* "[A] successful civil rights plaintiff often secures important social benefits." *Id.*

Hence, providing a substantial disincentive to Defendants' violation of constitutionally protected civil rights is a proper consideration in awarding attorneys fee. Attorneys' fees are recognized as an interwoven part of the civil rights remedy scheme. *See* S. Rep. No. 94-1011, at 1-4 (1976); *City of Riverside*, 477 U.S. at 575 ("the damages a plaintiff recovers contribute significantly to the deterrence of civil rights violations in the future"); Court Awarded Attorneys

Fees, Report of the Third Circuit Task Force, Oct. 8, 1985, 108 FRD 237 (1986); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 267 (1975); *see also Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 560 (1986) (analogizing § 304(d) of the Clean Air Act to § 1988). Indeed, "Congress has instructed the courts to use the broadest and most effective remedies available to achieve the goals of our civil rights laws." S. Rep. No. 94-1011, at 2.

**II)    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion for attorneys' fees in the amount of $58,773.50 and nontaxable expenses in the amount of $2,474.52.


By:    /s/  Elizabeth A. Murray
       Attorney for Plaintiffs