1  Stewart H. Foreman  (CSB #61149)
   Daniel T. Bernhard  (CSB #104229)
2  Cathleen S. Yonahara  (CSB #203802)
   FREELAND COOPER & FOREMAN LLP
3  150 Spear Street, Suite 1800
   San Francisco, California 94105
4  Telephone:  (415) 541-0200
   Facsimile:  (415) 495-4332
5  Email: foreman@freelandlaw.com
           bernhard@freelandlaw.com
6          yonahara@freelandlaw.com

7  Attorneys for Defendants Todd Dunning
   and Dunning Enterprise, Inc.

8

9                    UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12

13  EBAY, INC.,                              CASE NO.: CV-08-4052 JF (PVT)

14                    Plaintiff,             **DEFENDANTS TODD DUNNING AND
                                             DUNNING    ENTERPRISE,    INC.'S
15             v.                            NOTICE OF MOTION AND MOTION
                                             TO STAY CIVIL ACTION PENDING
16  DIGITAL POINT SOLUTIONS, INC., SHAWN     RESOLUTION     OF     CRIMINAL
    HOGAN, KESSLER'S FLYING CIRCUS,          PROCEEDINGS;      MEMORANDUM
17  THUNDERWOOD HOLDINGS, INC., TODD         OF POINTS AND AUTHORITIES**
    DUNNING, DUNNING ENTERPRISE, INC.,
18  BRIAN DUNNING, BRIANDUNNING.COM,         Date:      November 20, 2009
    AND DOES 1-20,                           Time:      9:00 a.m.
19                                           Dept.:     Courtroom 3, 5th Floor
                      Defendants.                       Honorable Jeremy Fogel
20

21

22

23

24

25

26

27

28

*(left margin vertical text)* FREELAND COOPER & FOREMAN LLP  150 Spear Street, Suite 1800  San Francisco, California 94105

DEFENDANTS TODD DUNNING, ET. AL, MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF
CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES – CASE NO. CV-08-4052 JF
(PVT)
{00129910-3}

# TABLE OF CONTENTS

**Page(s)**

I.   INTRODUCTION ................................................................................. 2

II.   STATEMENT OF FACTS ................................................................. 3

III.   ARGUMENT ..................................................................................... 5

    A.   The Implication of Mr. Dunning's Fifth Amendment Rights Warrants A Stay Of This Action Pending Completion Of The Criminal Proceeding .......................................................................... 5

    B.   The Remainder of  the Keating Factors Favor A Stay ....................... 9

        1.   No Prejudice Will Befall eBay ................................................ 9

        2.   Proceeding With This Action Severely Burdens Mr. Dunning .......................................................................... 10

        3.   The Convenience Of The Court Weighs In Favor Of A Stay ........................................................................................ 10

        4.   No Interests Of Persons Not Parties To The Action Will Be Affected By A Stay ........................................................... 11

        5.   The Interest Of The Public Favors A Stay ............................ 11

    C.   A Stay Of This Action Pending The Conclusion Of The Criminal Proceeding Is  Required As to DEI As Well ...................... 12

IV.   CONCLUSION ................................................................................ 14

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

i

DEFENDANTS TODD DUNNING, ET. AL, MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES – CASE NO. CV-08-4052 JF (PVT)

{00129910-3}

1

# TABLE OF AUTHORITIES

Page(s)

2

CASES

3

4

*American Express Business Finance Corp v. RW Prof Leasing Services Corp.*,
225 F. Supp 2d 263 (E.D.N.Y. 2003).................................................................... 12, 13

5

*Bruner Corp v. Balogh*,
819 F. Supp. 811 (E.D. Wis. 1993) rev'd........................................................... 12, 13

6

7

*Cadence Design Sys. v. Avanti, Inc., No. C 95-20828*,
1997 U.S. Dist. LEXIS 24147 (N.D. Cal. July 22, 1997) ..................................... 14

8

9

*Continental Insurance Co. v. Cota*,
No. 07-2052 SC, 2008 WL 4298372 (N.D.Cal. Sept. 18, 2008).......................2, 5, 6, 7, 9, 10

10

*Dienstag v. Bronsen*,
49 F.R.D. 327 (D.C.N.Y. 1970).................................................................................6

11

12

*Federal Savings and Loan Ins. Corp. v. Molinaro*,
889 F.2d 899, 902 (9th Cir. 1989) .............................................................................5

13

14

*Javier H. v. Garcia-Botello*,
218 F.R.D. 72, 75 (W.D.N.Y.2003)........................................................................ 6, 11

15

*Jones v. Conte*,
2005 WL 1287017, (N.D. Cal., J. Illston presiding)......................................2, 5, 6, 9, 10, 11

16

17

*Keating v. Office of Thrift Supervision*,
45 F.3d 322, 324 (9th Cir. 1995) ..................................................................... 5, 7, 9, 12

18

*Landis v. North American Co.*
299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed 153 (1936)...........................................5

19

20

*Matter of Seper*,
705 F.2d 1499, 1501 (9th Cir. 1983).......................................................................5

21

22

*SEC v. Dresser Indus., Inc.*,
628 F. 2d 1368, 1375 (D.C. Cir. 1980) ............................................................. 5, 6, 10

23

24

*Taylor, Bean & Whitaker Mortgage Corporation v. Triduanium Financial*,
2009 WL 2136986 (E.D.Cal. 2009)...............................................................9, 10, 13, 14

25

*U.S. v. Steffes*,
35 F.R.D. 24 (D.C. Mont. 1964).............................................................................6

26

27

*United States v. All Meat & Poultry Products Stored at LaGrou Cold Storage*,
2003 U.S. Dist. LEXIS 17677 (N.D. Ill. 203) ........................................................ 12

28

ii

FREELAND COOPER & FOREMAN LLP

150 Spear Street, Suite 1800
San Francisco, California 94105

---

DEFENDANTS TODD DUNNING, ET. AL, MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF
CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES – CASE NO. CV-08-4052 JF
(PVT)

{00129910-3}

*United States v. Kordel,*
   397 U.S. 1, 12 n.27, 90 S. Ct. 763, 25 L.Ed. 2d 1 (1970) ............................................. 5, 13

*Volmar Distributors, Inc. v. Interboro Distributors, Inc.,*
   152 F.R.D. 36 (S.D.N.Y. 1993) ................................................................................. 12, 13

*Wehling v. Columbia Broadcasting System,*
   608 F.2d 1084, 1089 (5th Cir. 1979)................................................................................ 6

*White v. Mapco Gas Products, Inc,*
   116 F.R.D. 498 (D.C. Ark 1987) ..................................................................................... 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FREELAND COOPER & FOREMAN LLP**
150 Spear Street, Suite 1800
San Francisco, California 94105

iii

DEFENDANTS TODD DUNNING, ET. AL, MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES – CASE NO. CV-08-4052 JF (PVT)

{00129910-3}

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 20, 2009 at 9:00 a.m. in Courtroom 3 located at 280 South First Street, San Jose, California, before the Honorable Jeremy Fogel, Defendants Todd Dunning and Dunning Enterprise, Inc. ("DEI") (collectively, "Defendants") will and hereby do move the Court for an order staying this civil action as against Defendants pending the parallel criminal proceeding pending against Defendant Todd Dunning.

As set forth more fully in Defendants' Memorandum of Points and Authorities, this Motion is made on the grounds that a stay of this civil action is necessary to protect Mr. Dunning's Fifth Amendment rights in connection with a criminal proceeding arising from the same underlying facts that give rise to this action.  In addition, the civil action should be stayed as to Defendant DEI because Mr. Dunning is the only person that can speak on behalf of this entity regarding its ownership interest in Kessler's Flying Circus, which was a participant in eBay's affiliate marketing program.  This entity will be greatly prejudiced by its inability to meaningfully defend itself in this civil action without Mr. Dunning's testimony.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all supporting papers including the Declarations of Todd Dunning and Robert J. Breakstone, all pleadings and files in this matter and such additional evidence and argument as may be permitted by the Court.

Dated:  October __, 2009            FREELAND COOPER & FOREMAN LLP


                                    By:    _____/s/_____
                                           STEWART H. FOREMAN
                                           Attorneys for Defendants Todd Dunning and
                                           Dunning Enterprise, Inc.

1

DEFENDANTS TODD DUNNING, ET. AL, MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES – CASE NO. CV-08-4052 JF (PVT)
{00129910-3}

MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION

A stay of this action as to Defendants  Todd Dunning and Dunning Enterprise, Inc. ("DEI") (collectively, "Defendants") is in the interests of justice and should be granted.

This civil action commenced by Plaintiff eBay Inc. ("eBay" or "Plaintiff") against Defendants arises from the same nexus of facts that triggered a Federal Bureau of Investigation ("FBI") investigation and federal criminal proceedings involving Mr. Dunning and the other individual defendants in this case.  The Assistant United States Attorney Kyle F. Waldinger has identified Mr. Dunning as a "subject" of an open federal criminal investigation pending in the Northern District of California.  Mr. Dunning should not be forced to choose between defending himself in this action and preserving his Fifth Amendment rights in the criminal matter.  In light of the particular circumstances of this case and considering the interest of all parties involved, a stay of all civil proceedings is required pending the ongoing parallel criminal proceeding against Mr. Dunning.  As set forth below, the District Court for the Northern District of California has recently stayed civil proceedings pending the resolution of criminal proceedings in cases involving facts remarkably similar to those of this case. *See, Continental Insurance Co. v. Cota*, No. 07-2052 SC, 2008 WL 4298372 (no LEXIS citation available) (N.D.Cal. Sept. 18, 2008) (J. Conti presiding); and *Jones v. Conte*, No. C 04-5312 SI, 2005 WL 1287017, 2005 U.S. Dist. LEXIS 46962 (N.D.Cal. Apr. 19, 2005) (J. Illston presiding).  True and correct copies of the orders staying those civil actions pending resolution of the criminal proceedings are attached hereto as Exhibits A and B, respectively.

In addition, this civil proceeding should be stayed against Defendant DEI because Mr. Dunning is the only person that can speak on its behalf regarding its status as a co-owner of Kessler's Flying Circus ("KFC") which participated in eBay's affiliate marketing program.  DEI was not involved in the operations of KFC or the affiliate marketing program, but it held an ownership interest as a general partner of KFC.  Mr. Dunning and his wife are the only shareholders and officers of DEI, but because DEI was not involved in KFC's operations, Mrs. Todd Dunning was similarly not involved with KFC or the affiliate marketing program.  Accordingly, there is no way to obtain information, if any, from DEI regarding KFC and the affiliate marketing program with eBay without

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DEFENDANTS TODD DUNNING, ET. AL, MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES – CASE NO. CV-08-4052 JF (PVT)
{00129910-3}

1  violating Mr. Dunning's privilege against self-incrimination. As such, DEI will be greatly prejudiced

2  by its inability to meaningfully defend itself in this civil action if the stay is not granted. As set forth

3  below, persuasive case law exists holding that under these circumstances it is appropriate to stay this

4  civil proceedings as to the entity defendant as well.

5     In sum, a stay of proceedings in this civil action as to Defendants is in the interests of justice

6  and should be granted.

7  II.   STATEMENT OF FACTS

8     Mr. Todd Dunning and his wife are the only shareholders and officers of DEI. DEI was not

9  involved in the operations of KFC, but only held an ownership interest as a general partner. An entity

10  solely owned by Mr. Dunning's brother, Brian Dunning, known as Thunderwood Holdings, Inc.

11  ("THI"), was the other owner of KFC. Until approximately June of 2007 when eBay terminated the

12  relationship, KFC was in the business of implementing internet marketing programs on behalf of

13  internet merchants such as eBay. In return for promoting and directing on-line traffic to eBay's

14  website, KFC was paid by eBay's agent, Commission Junction, Inc. ("Commission Junction"),

15  pursuant to a commission structure based on the amount of on-line traffic visiting eBay's website, and

16  the number and amount of sales by eBay as a result of KFC's efforts.

17     eBay commenced this action on August 25, 2008, and filed its Second Amended Complaint

18  ("SAC") on March 26, 2009. eBay alleges that its obligation to pay commissions is tracked through

19  collections of data known as "cookies" (SAC, ¶ 21) and that Defendants (all of them) forced the

20  placement of cookies on a computer intended to defraud eBay (otherwise called "cookie stuffing").

21  (SAC, ¶ 24) eBay further alleges the Defendants engaged in a cookie stuffing scheme by redirecting

22  computers, unbeknownst to their users, to the eBay website and causing eBay to drop a cookie on the

23  users' computers without the users clicking on an eBay advertisement. (SAC, ¶ 25) eBay claims that

24  it was injured because "KFC would receive payment for actions by users who had not been referred to

25  eBay by Defendants' advertisements." (SAC, ¶ 27) A true and correct copy of the SAC is attached

26  to Todd Dunning's Declaration as Exhibit "1."

27     On June 18, 2007, the FBI conducted an interview of Mr. Dunning at his personal residence

28  located in Aliso Viejo, California. The FBI was interested in issues such as, "forcing cookies,"

*(left margin)* FREELAND COOPER & FOREMAN LLP   150 Spear Street, Suite 1800   San Francisco, California 94105

DEFENDANTS TODD DUNNING, ET. AL, MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF
CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES – CASE NO. CV-08-4052 JF
(PVT)
{00129910-3}

"forcing clicks," "inflating traffic", the function of "links" and "widgets," and the direction of internet traffic to the eBay website in connection with KFC's services relating to Commission Junction, Inc. and eBay. These are the same topics that are referenced in Plaintiff's Second Amended Complaint.

The FBI also served a search warrant on Brian Dunning, Todd Dunning's brother, at which time the FBI seized, itemized, and removed all computer equipment in Brian Dunning's home including all computers, disk drives, hard drives, cell phones and servers. These seized items contained, among other things, all the business records of KFC.

After the above referenced FBI interview, Mr. Todd Dunning retained criminal counsel, Robert J. Breakstone. As set forth in Mr. Breakstone's declaration filed herewith, through his representation of Mr. Dunning, Mr. Breakstone has learned that there is a grand jury investigation involving KFC and Mr. Dunning, and Mr. Dunning is now a "subject" of an open criminal investigation and that the FBI is working aggressively to complete its investigation. (*See* Declaration of Robert J. Breakstone filed herewith ("Breakstone Decl."), ¶¶ 3, 6.) In particular, Mr. Breakstone has been in contact with Assistant United States Attorney Kyle F. Waldinger who is the lead United States Attorney on the matter and who is assigned to the CHIP Unit. (*See id.*)

By its own description set forth on the official website of the United States Department of Justice, the CHIP Unit is charged with combating "cybercrime." In addition, the CHIP Unit "works closely with the FBI and other agencies **"to establish a relationship with the local high tech community and encourage them to refer cases to law enforcement."** (Emphasis added.) The CHIP Unit is specifically charged with **coordinating law enforcement and the technology industry to share expertise and information technology, to assist each other 24 hours a day, seven days a week, around the clock, to prevent cybercrime wherever possible...** (Emphasis added.)[1]

As set forth below, it cannot be reasonably disputed that a stay of proceedings to protect Mr. Dunning's constitutional rights is required in this case. Mr. Dunning should not be forced to choose between defending himself in this action and preserving his Fifth Amendment rights in the pending criminal investigation. In addition, by its own description the federal government is

---

[1] *See* Declaration of William J. Kopeny in Support of Defendants Thunderwood Holdings, Inc, Brian Dunning and BrianDunning.com's Motion to Stay Civil Action ("Kopeny Decl."), ¶¶ 3, 8, Exh. 3-5.

DEFENDANTS TODD DUNNING, ET. AL, MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES – CASE NO. CV-08-4052 JF (PVT)

{00129910-3}

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1  coordinating with the technology industry, presumably including eBay, to assist in the prosecution of

2  specifically the type of conduct alleged by eBay in this case. Allowing the government to monitor

3  and coordinate with parallel civil proceedings hoping to obtain incriminating testimony or other

4  advantages through civil discovery not only undermines the paramount purpose of the Fifth

5  Amendment privilege but also violate concepts of fundamental fairness.

6  III.   ARGUMENT

7       District courts have the inherent power and discretionary authority to stay proceedings when

8  the interests of justice so require. *United States v. Kordel*, 397 U.S. 1, 12 n.27, 90 S. Ct. 763, 25 L.Ed.

9  2d 1 (1970); *Landis v. North American Co.* 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed 153 (1936).

10  Courts may decide to stay civil proceedings, postpone civil discovery, or impose protective orders.

11  *SEC v. Dresser Indus., Inc.*, 628 F. 2d 1368, 1375 (D.C. Cir. 1980).

12       It is well recognized in the Ninth Circuit that the "decision whether to stay civil proceedings in

13  the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and

14  competing interests involved in the case'" and the "extent to which the defendant's fifth amendment

15  rights are implicated." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)

16  quoting *Federal Savings and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). The

17  Fifth Amendment privilege against self incrimination may be invoked by the *mere possibility* of

18  criminal prosecution. *Matter of Seper*, 705 F.2d 1499, 1501 (9th Cir. 1983).

19  A.   The Implication of Mr. Dunning's Fifth Amendment Rights Warrants A Stay Of This
     Action Pending Completion Of The Criminal Proceeding.

20

21       The District Court for the Northern District of California has twice recently stayed civil cases

22  pending the resolution of related criminal proceedings. *See Continental Insurance Co. v. Cota*, 2008

23  WL 4298372 (N.D.Cal., J. Conti presiding); and *Jones v. Conte*, 2005 WL 1287017 (N.D.Cal., J.

24  Illston presiding). As set forth in both cases:

25           [t]he decision whether to stay civil proceedings in the face of a parallel
26           criminal proceeding should be determined based on the circumstances
             and competing interests involved in the case. [*citing, Keating, supra*, 45
27           F. 3d at 324]. The court should consider the following factors: 1) the
             extent to which the defendant's Fifth Amendment rights are implicated;
28           2) the interest of the plaintiff in proceeding with the litigation and the

DEFENDANTS TODD DUNNING, ET. AL, MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF
CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES – CASE NO. CV-08-4052 JF
(PVT)

5

{00129910-3}

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

potential prejudice to plaintiff of a delay; 3) the convenience of the court and the efficient use of judicial resources; 4) the interests of third parties; and 5) the interests of the public [the '*Keating* Factors']. (*Id.*). *Jones, supra*, at 1; *see also, Cota, supra*, at 2.

In *Jones*, the defendant Victor Conte was involved in a criminal case regarding allegations of unlawful distribution of performance enhancing drugs. While under indictment in the criminal case, Mr. Conte made a series of statements in the print and television media involving performance-enhancing drugs and professional athletes, including Marion Jones. As a result, on December 15, 2004 Ms. Jones filed a complaint alleging defamation and tortious interference with business relations against Mr. Conte.

Judge Illston begins her analysis in the *Jones* case by recognizing that "[t]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Jones, supra*, at 1, citing *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980). Judge Illston determined that both the civil and criminal cases arose from the defendant's alleged involvement in the distribution of performance-enhancing drugs, "as the veracity of his statements regarding plaintiff's actions directly relate to his involvement with the distribution of performance-enhancing drugs." *Id.*, at 2. As such, Judge Illston granted the requested stay as follows:

> The Court finds that a stay is proper because '[i]f discovery moves forward, [the] defendant will be faced with the difficult choice between asserting [his] right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the criminal case.' *Id.*, citing *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y.2003).[2]

Judge Conti in *Continental Insurance Co. v. Cota*, 2008 WL 4298372 (N.D.Cal.) similarly

---

[2] When faced with the issue of either allowing a civil action to proceed or protecting the Fifth Amendment rights of individual defendants against self incrimination, the majority of courts have consistently chosen the latter. See e.g. *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084, 1089 (5th Cir. 1979) ("[although a three-year hiatus in the lawsuit is undesirable from the standpoint of both the court and the defendant, permitting such inconvenience seems preferable at this point to requiring plaintiff to choose between his silence and this lawsuit."); *White v. Mapco Gas Products, Inc*, 116 F.R.D. 498 (D.C. Ark 1987); *Dienstag v. Bronsen*, 49 F.R.D. 327 (D.C.N.Y. 1970); *U.S. v. Steffes*, 35 F.R.D. 24 (D.C. Mont. 1964).

DEFENDANTS TODD DUNNING, ET. AL, MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES – CASE NO. CV-08-4052 JF (PVT)

{00129910-3}

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

determined that a stay of the civil action was warranted pending the resolution of a parallel criminal matter. The defendant in *Continental Insurance* was John Cota, the captain of the cargo ship COSCO BUSAN which collided with the Oakland Bay Bridge. As a result, the ship discharged 50,000 gallons of fuel oil into the San Francisco Bay. The federal government filed a criminal action against Mr. Cota and the companies that owned the COSCO BUSAN. Concurrently Continental Insurance filed a civil indemnity action against the companies that owned the ship and a civil declaratory relief action against Mr. Cota as to Continental's obligation to defend Mr. Cota and for reimbursement of the costs paid in Mr. Cota's defense. In addition, the owners of the COSCO BUSAN filed counter-claims against Mr. Cota which alleged wilful misconduct on the part of Mr. Cota.

In applying the *Keating* Factors referenced above, Judge Conti found that a stay of the civil action was warranted, noting that "[i]t is undisputed that all of the civil actions and the criminal action spring from the same nucleus of facts - the allision of the COSCO BUSAN with the Bay Bridge and the resulting oil spill." *Cota, supra*, at 2. Judge Conti further determined that "[i]t is difficult to imagine how adjudication of this issue would not implicate many of the factual issues underlying the criminal action. Accordingly, discovery propounded on Cota in the underlying civil action will likely implicate his fifth amendment right." *Id*.

In this case it cannot be reasonably disputed that this action springs from the same nucleus of facts as the pending criminal proceeding against Mr. Dunning. The Assistant United States Attorney Kyle F. Waldinger, who is the lead United States Attorney on the matter, confirmed that Mr. Todd Dunning is the "subject" of a criminal investigation, and the FBI is working aggressively to complete its investigation. (*See* Breakstone Decl, ¶ 6.) In addition, Mr. Waldinger has refused to allow Mr. Todd Dunning to obtain a copy of KFC's records seized by the FBI from Brian Dunning's home. (*See id*. at ¶ 4.)

The federal government has also apparently sought from the District Court, and obtained, several extensions of time to return all the materials seized from Mr. Brain Dunning's home pursuant to the aforementioned federal search warrant. In order to obtain such permission from the federal court, the United States Attorney must allege that there is an active criminal investigation, that the federal government believes the property seized constitutes, or is likely to constitute evidence of the

7

1    suspected crime, and that additional time is reasonably needed to complete the investigation.  (*See*

2    Kopeny Decl., ¶ 7.)

3         Using the words of Judge Conti, it is difficult to imagine how adjudication of this civil action

4    would not implicate many, if not all, of the factual issues underlying the criminal action.  Both the

5    civil action and the criminal action arise from the same facts and share the exact same allegations.

6    Accordingly, discovery propounded on Mr. Dunning in this action will implicate Mr. Dunning's Fifth

7    Amendment right.

8         Mr. Dunning has carefully guarded his Fifth Amendment rights although his answer to the

9    Second Amended Complaint raises strong affirmative defenses.  In a related but now settled case

10   brought by eBay's agent, Commission Junction, in Orange County Superior Court, regarding

11   commissions generated by KFC from the affiliate marketing program with eBay, Mr. Dunning

12   invoked his Fifth Amendment right and Commission Junction excused his appearance to answer

13   questions at a deposition.  Commission Junction did not take any further steps to compel answers from

14   Mr. Dunning in that case.  In this case, Defendants have objected to discovery requests based on Mr.

15   Dunning's Fifth Amendment rights and Mr. Dunning has not verified any discovery responses.  In

16   order to preserve his Fifth Amendment rights, Mr. Dunning would be forced to sacrifice his ability to

17   effectively defend himself in this civil action if a stay is not granted.  Mr. Dunning's testimony

18   ultimately will be needed to help prove the defenses in this case.  Mr. Dunning should not be forced to

19   choose between defending himself in this action and preserving his Fifth Amendment rights while the

20   criminal investigation is pending.

21        Allowing this civil action to proceed would also give eBay a tremendous and unfair advantage

22   that it is not entitled to receive in a civil case.  In the absence of a stay, eBay will surely have a much

23   easier time seeking a verdict without having to overcome any effective defenses without

24   Mr. Dunning's testimony.  Yet, Mr. Dunning must continue to invoke his Fifth Amendment right in

25   the civil case until the pending criminal proceeding is resolved .

26        In addition, allowing the government to monitor parallel civil proceedings hoping to obtain

27   incriminating testimony or other advantages through civil discovery not only undermines the Fifth

28   Amendment privilege but also violates concepts of fundamental fairness. Although staying the civil

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DEFENDANTS TODD DUNNING, ET. AL, MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF
CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES – CASE NO. CV-08-4052 JF
(PVT)
{00129910-3}

1    action may cause delay in eBay's efforts to prove its case for monetary damage, protecting a party's
2    constitutional rights in a criminal matter is paramount.

3           B.      The Remainder of the *Keating* Factors Favor A Stay.

4                   1.      No Prejudice Will Befall eBay

5           The interest of eBay will not be prejudiced by a stay.  A stay is permitted where the alleged
6    harm to the plaintiff  "may be remedied by monetary damages and plaintiff can be adequately
7    compensated even if [it] obtains a judgment in [its] favor after the stay has lifted." *Jones, supra*, at 2;
8    *See also, Taylor, Bean & Whitaker Mortgage Corporation v. Triduanium Financial*, 2009 WL
9    2136986 (E.D.Cal. 2009) (granting a stay despite plaintiff's argument that it will be more difficult to
10   recover losses if the case is stayed).  Moreover, the delay associated with a stay does not overcome the
11   paramount concern of protecting constitutional rights.  *Cota, supra*, at 3.

12          In the present case, eBay alleges that it was injured because "KFC received payment for
13   actions by users who had not been referred to eBay by Defendants' advertisements."  (SAC, ¶ 27)
14   KFC is no longer in business and defendants have been terminated from eBay's Affiliate Marketing
15   Program.  As such, eBay has no concern of alleged ongoing harm.  The harm alleged to eBay in this
16   case is solely monetary to recover allegedly excess commissions previously paid to KFC.  Should
17   eBay be successful in its civil case after the stay is lifted, it can seek to enforce a judgment at that time
18   just as it can if no stay is granted and this case goes to trial sooner.  Thus, the interest of eBay will not
19   be adversely impacted by a stay in the present case except for the passage of some additional time.

20          eBay waited over a year after KFC was "shutdown" before bringing this civil action, thus
21   indicating a lack of urgency on its part.  eBay terminated KFC from the affiliate marketing program in
22   June 2007 yet it waited until August 2008 to file this action.  Obviously eBay felt no urgency to
23   proceed initially so it cannot effectively argue that there is any urgency now that should preclude a
24   stay to assure fairness to Mr. Dunning.  Any further delay will not cause any significant prejudice to
25   eBay when balanced against Mr. Dunning's rights to fair proceedings in both the criminal and civil
26   matters.

27          Moreover, the government seized computers and records over two years ago and has been
28   conducting its investigation since then.  Presumably, after such a lengthy period, the government's

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DEFENDANTS TODD DUNNING, ET. AL, MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF
CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES – CASE NO. CV-08-4052 JF
(PVT)
{00129910-3}

1  investigation should result in an indictment or abandonment soon.   Once the criminal matter is

2  resolved, the stay could be lifted, allowing eBay to pursue its civil case for alleged monetary damages

3  with Defendants being able to present their defenses fully.

4        This factor weighs in favor of a stay.

5            2.    Proceeding With This Action Severely Burdens Mr. Dunning

6        As set forth above, proceeding with this case will force Mr. Dunning to choose between

7  defending himself in this action and preserving his Fifth Amendment rights.

8        In addition, proceeding with this action will unfairly allow the federal government to monitor

9  this proceeding for the purpose of obtaining incriminating testimony or other advantages through civil

10  discovery undermining the Fifth Amendment and all concepts of fundamental fairness.   By its own

11  account, the CHIP Unit of United States Attorney's Office is working closely with the technology

12  industry, presumably including eBay, to prevent the wrongdoing alleged by eBay in this action.

13  Indeed, eBay's counsel gave a copy of eBay's complaint in this matter to an Assistant United States

14  Attorney assigned to the CHIP Unit (*see* Breakstone Decl., ¶ 6), thus demonstrating that eBay and the

15  CHIP Unit are apparently working together.   As detailed above, both the *Jones* and *Continental*

16  *Insurance* courts recognized this injustice and ordered the civil actions stayed pending the conclusion

17  of the parallel criminal proceedings.

18        The *Jones* and *Continental Insurance* courts' rational was recently adopted and affirmed in

19  *Taylor, Bean & Whitaker, supra*, where a stay of civil proceedings pending parallel criminal

20  proceeding was ordered because "[t]he parallel civil proceeding **'might undermine the party's Fifth**

21  **Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the**

22  **limits of Federal Rule of Criminal Procedure 16(b), expand the basis of the defense to the**

23  **prosecution in advance of criminal trial, or otherwise prejudice the case.'"**  *Id*. at 2, citing, *SEC v.*

24  *Dresser, supra*, 628 F.2d at 1376.

25        As such, it cannot be reasonably disputed that proceeding with this action in light of the

26  parallel criminal proceedings severely prejudice Mr. Dunning.

27            3.    The Convenience Of The Court Weighs In Favor Of A Stay

28        A stay will promote the efficient use of this court.   This case had several preliminary

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

10

procedural motions, but has just recently started to move forward with discovery by eBay.  Indeed, the Defendants just filed their Answer to the Second Amended Complaint on September 9, 2009.  Furthermore, there is no trial date and no dispositive motions are pending.  As the *Jones* court noted, "[s]taying the case makes efficient use of judicial resource by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self incrimination." *Jones, supra*, at 2 (internal citations omitted).

Due to the pending criminal investigation, the first discovery disputes concerning the invocation of the Fifth Amendment privilege by several defendants are now the subject of eBay's motions to compel.  Additional disputes of this nature can be anticipated.  Furthermore, Defendants are unable to produce documents responsive to eBay's discovery requests because the FBI seized computers, computer media, and hard copy documents (including all KFC business records), and has refused to return any items related to KFC to Brian Dunning (*see* Kopeny Decl., ¶¶ 2, 4, 7), and the FBI has refused to provide copies of the seized documents to Todd Dunning which could contain evidence useful to his defense in this action (*see* Breakstone Decl., ¶ 4).  As Defendants are unable to produce responsive documents and unable to testify without waiving Mr. Dunning's Fifth Amendment rights, allowing this civil case to proceed while a criminal case is pending is not an efficient use of judicial resources because of the inevitability of additional discovery disputes.  The convenience of the court weighs in favor of a stay, and ensures that civil discovery is not impeded by self-incrimination concerns once the criminal matter is resolved.

4. <u>No Interests Of Persons Not Parties To The Action Will Be Affected By A Stay</u>

The interest of persons not parties to this action will not be affected by a stay.  Commission Junction has released its claims against the Defendants, and there appears to be no other person(s) who may be affected by this action that is not a party to the action.

5. <u>The Interest Of The Public Favors A Stay</u>

The interest of the public favors a stay because "the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Jones, supra*, at 2; *see also, Javier H. V. Garcia-Botello, supra*, 218 F.R.D. at 75.

Furthermore, the public has never been and is not currently at risk based on any alleged

11

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

actions by Defendants in this case. Even accepting eBay's allegations as true, the alleged conduct did not harm the public. Furthermore, KFC is no longer in business, and all of KFC's activity with eBay's affiliate marketing program has ceased. Thus, there is no risk of harm to the public if this case is stayed. To the contrary, the public interest lies in preserving the integrity of the criminal case and should be given precedence over the civil litigant.

Considering all of the *Keating* Factors, as well as the recent decisions of this Court, the particular circumstances in the present case strongly favor granting a stay of all civil proceedings pending the conclusion of the criminal proceedings against Mr. Dunning.

C.     A Stay Of This Action Pending The Conclusion Of The Criminal Proceeding Is Required As to DEI As Well.

Several District Courts have ruled that, where civil proceedings have been stayed as to individual defendants alleged to be part of a criminal enterprise, it is also appropriate to stay proceedings as to entity defendants. *American Express Business Finance Corp v. RW Prof Leasing Services Corp.*, 225 F. Supp 2d 263 (E.D.N.Y. 2003); *United States v. All Meat & Poultry Products Stored at LaGrou Cold Storage*, 2003 U.S. Dist. LEXIS 17677 (N.D. Ill. 203); *Volmar Distributors, Inc. v. Interboro Distributors, Inc.*, 152 F.R.D. 36 (S.D.N.Y. 1993); *Bruner Corp v. Balogh*, 819 F. Supp. 811 (E.D. Wis. 1993) rev'd in part on other grounds, 133 F. 3d 491 (7th Cir. 1998).

In *All Meat & Poultry*, the federal government initiated both criminal and civil proceedings, including civil RICO claims, against individual and entity defendants. The entity defendants in the civil case moved for a stay of proceedings as to them, arguing that they would be unable to mount a defense because individuals alleged to be part of the RICO enterprise would simply invoke their Fifth Amendment rights in response to discovery requests. *See also*, *American Express*, *supra*, 225 F. Supp. 2d at 265; *Volmar, supra*, 152 F.R.D. at 41-42; and *Bruner*, 819 F.Supp at 816.

The district court in *All Meat & Poultry*, reasoned that not only would a stay of proceedings serve the interests of justice because the entity defendants' discovery efforts would otherwise be unfairly hindered but the stay would also promote judicial economy. The court made the following comments with regard to the balancing test when considering a stay of prosecution in the interest of judicial economy:

12

DEFENDANTS TODD DUNNING, ET. AL, MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES – CASE NO. CV-08-4052 JF (PVT)
{00129910-3}

In the absence of a stay, the civil and criminal case will proceed simultaneously, presenting the potential for duplication of effort. If the civil proceedings are stayed, however, resolution of the related criminal matter may eliminate much of the Court's work in the civil action by simplifying the issues. In addition, in the absence of a stay, discovery in the civil litigation will no doubt become bogged down. As the owners concede, the court will be forced to make numerous individual rulings on what will likely be a long series of Fifth Amendment assertions. Convenience of the court will militate in favor of a stay where the outcome of a criminal case can be expected to remove the predicate for the assertions of the Fifth Amendment rights against self incrimination by potential deponents and lighten the work load of a court to review those assertions. There is also the possibility that transcripts or other evidence could be made available from the criminal proceedings, thereby eliminating the need for certain discovery in the civil action. Weighing all these considerations, we believe judicial economy would be better served by an entry of stay in the civil proceedings. *Id* at 14 (internal citations omitted)

In *American Express*, the case involved parallel civil proceedings against individual and entity defendants. The district court granted a stay of civil discovery as to the two individual defendants to allow them to preserve their Fifth Amendment rights. *American Express*, *supra*, 225 F.Supp.2d at 265. The district court also granted a stay of civil discovery as to the entity defendant, reasoning that the entity defendant would be unable to effectively conduct discovery and mount a defense without the availability of the individual defendants, each of whom were executive officers of the defendant corporation. *Id.*, at 265-266

Similarly, in *Bruner*, the district court granted a stay of civil proceedings as to an entity defendant in a RICO case. *Bruner, supra*, 819 F. Supp. at 816. The district court had granted a stay of civil proceedings as to the individual defendant alleged to be part of the RICO enterprise (and against whom parallel criminal proceedings were initiated). *Id*. The district court, in granting a stay as to the entity defendant, reasoned that "it is not likely" that the entity defendant "could proceed to trial without meaningful discovery from "the individual defendant alleged to be part of the RICO enterprise." *Id., see also, Volmar, supra*, 152 F.R.D. at 40-42.

Finally, in *Taylor, Bean & Whitaker*, the Court stayed the civil proceeding as against the entity defendant as well as the individual defendant. Acknowledging that a business entity has no Fifth Amendment right against self-incrimination, the Court nonetheless held as follows:

13

DEFENDANTS TODD DUNNING, ET. AL, MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES – CASE NO. CV-08-4052 JF (PVT)

{00129910-3}

Second, plaintiff asserts that no Fifth Amendment privilege is implicated by the case against defendant Triduanum. The law is clear that a corporation has no privilege against compulsory self-incrimination. *United States v. Kordel,* 397 U.S. *United States v. Kordel,* 397 U.S. 1, 7-8 & n. 9, 90 S.Ct. 763, 25 L.Ed.2d 1 (9th Cir. 1970) (collecting cases). **Nevertheless, the Fifth Amendment rights of every director or officer who may speak on behalf of Triduanum are implicated, and thus, Triduanum is likely to be greatly prejudiced in its ability to meaningfully defend itself in the civil matter.** *See, Cadence Design Sys. v. Avanti, Inc.,* No. C 95-20828, 1997 U.S. Dist. LEXIS 24147 (N.D. Cal. July 22, 1997) (holding that a partial stay was appropriate in a civil proceeding against a corporate defendant where certain key witnesses would not be able to testify on behalf of the corporation until the conclusion of criminal proceedings.)" *Taylor, Bean & Whitaker, supra,* at 3. (Emphasis added.)

As such, a stay of this action is warranted as against the entity Defendant DEI as well.

IV.   <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants respectfully request that the Motion be granted in its entirety and this action be stayed as to all Defendants pending the conclusion of the criminal proceedings against Mr. Dunning.

Dated:  October 15, 2009                FREELAND COOPER & FOREMAN LLP

By:   _____/s/_____
        STEWART H. FOREMAN
        Attorneys for Defendants Todd Dunning and
        Dunning Enterprise, Inc.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105