Stewart H. Foreman (CSB #61149)
Daniel T. Bernhard (CSB #104229)
Cathleen S. Yonahara (CSB #203802)
FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 541-0200
Facsimile: (415) 495-4332
Email: foreman@freelandlaw.com
   bernhard@freelandlaw.com
   yonahara@freelandlaw.com

Attorneys for Defendants Todd Dunning
and Dunning Enterprise, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EBAY, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20, <br><br> Defendants. | CASE NO.: CV-08-4052 JF PVT <br><br> **DECLARATION OF STEWART H. FOREMAN IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION, INTERROGATORIES AND REQUEST FOR ADMISSIONS** <br><br> Date: November 13, 2009 <br> Time: 10:00 a.m. <br> Judge: Hon. Patricia V. Trumbull |

I, Stewart H. Foreman, declare:

1. I am a member of the Bar of the State of California and I am admitted to practice before this Court. I am a partner in the firm of Freeland Cooper and Foreman LLP, 150 Spear Street, Suite 1800, San Francisco, California 94105. I am counsel for defendants Todd Dunning and Dunning Enterprise, Inc. ("DEI") (collectively referred to as "Defendants") in this matter.

1

2. I have personal knowledge of the facts contained in this Declaration and I am competent to testify to these facts.

3. Attached hereto as Exhibit 1 is a true and correct copy of my letter to Steve Priolo, Legal Specialist for Rackspace US, Inc., dated September 25, 2009 with his countersignature. This letter confirms that Defendants Todd Dunning and DEI do not have any right of access to any records, data or documents at Rackspace US, Inc. I provided a copy of this letter to eBay's counsel on October 6, 2009, with a request that eBay withdraw its motion to compel with respect to the Rackspace documents based on the contents of this letter. eBay's counsel declined this request.

4. Attached hereto as Exhibit 2 is a true and correct copy of the Declaration of Robert J. Breakstone in Support of Defendants Todd Dunning and DEI's Motion to Stay Action Pending Resolution of Criminal Proceedings filed on October 15, 2009 (Doc. No. 137). Among other things, this declaration confirms that the Assistant U.S. Attorney in charge of the criminal investigation in which Mr. Todd Dunning is a "subject" has told Mr. Dunning's counsel that copies of records seized from Mr. Brian Dunning's house by the FBI in June 2007 will not be provided by the FBI to Mr. Todd Dunning's or his counsel. A substantially similar declaration by Mr. Breakstone was filed in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc.,* Superior Court, Orange County, Case No. 30-2008 00101025. After receiving a copy of eBay's present motion, I advised eBay's counsel on October 6, 2009, to review Mr. Breakstone's previous declaration to establish that a request had already been made to the FBI for a copy of the documents it seized from Brian Dunning's home, and that this request had been denied. eBay's counsel, Colleen Kennedy, advised me on October 14, 2009, that she had reviewed the declaration but did not consider it sufficient to support withdrawal of eBay's motion to compel Todd Dunning to obtain documents from the FBI.

5. Attached hereto as Exhibit 3 is a true and correct copy of the Declaration of Todd Dunning in Support of Defendants Todd Dunning and DEI's Motion to Stay Action Pending Resolution of Criminal Proceedings filed on October 15, 2009 (Doc. No. 136). Among other things, this declaration confirms that Mr. Todd Dunning does not have in his possession, custody or control any documents responsive to eBay's requests, and that he did not supply any documents to the FBI during his interview on June 18, 2007. A substantially similar declaration by Mr. Todd Dunning was

2

filed in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc.,* Superior Court, Orange County, Case No. 30-2008 00101025. After receiving a copy of eBay's present motion, I advised eBay's counsel on October 6, 2009, to review Mr. Todd Dunning's previous declaration to establish that he did not have possession, custody or control of any responsive documents at issue in this motion to compel. eBay's counsel, Colleen Kennedy, advised me on October 14, 2009, that she had reviewed the previous declaration by Mr. Dunning but did not consider it sufficient to support withdrawal of eBay's motion to compel Todd Dunning to obtain documents from the FBI.

      6. Attached hereto as Exhibit 4 is a true and correct copy of the Declaration of William J. Kopeny, dated October 15, 2009 (Doc. No. 133), which was filed with the Notice of Motion and Motion to Stay Civil Action, etc. on behalf of defendants Brian Dunning, Briandunning.com, and Thunderwood Holdings, Inc.

      7. Attached hereto as Exhibit 5 is a true and correct copy of the Declaration of Brian Dunning, dated October 15, 2009 (Doc. No. 133), which was filed with the Notice of Motion and Motion to Stay Civil Action, etc. on behalf of defendants Brian Dunning, Briandunning.com, and Thunderwood Holdings, Inc. I have not included in this attached the Exhibit 1 referenced in that declaration because it is redundant of an exhibit to the Declaration of Todd Dunning. I have included Exhibit 2 to the Declaration of Brian Dunning. As counsel for DEI and Todd Dunning, I have no additional information about the nature or content of the documents seized from Brian Dunning's home than what is described in the accompanying FBI Receipt for Property.

      8. Attached hereto as Exhibit 6 is a true and correct copy of DEI's Responses to Plaintiff's First Request for Production of Documents.

      9. Attached hereto as Exhibit 7 are true and correct copies of DEI's Supplemental Responses to Plaintiff's First Request for Production of Documents along with the responsive documents attached thereto.

      10. Attached hereto as Exhibit 8 are true and correct copies of DEI's Responses to Plaintiff's Second Set of Requests for Production of Documents along with the responsive documents, which are attached as Exhibits A and B thereto.

      11. Attached hereto as Exhibit 9 is a true and correct copy of Todd Dunning's Responses to

3

Plaintiff's First Request for Production of Documents.

12. Attached hereto as Exhibit 10 are true and correct copies of Todd Dunning's Responses to Plaintiff's Second Set of Requests for Production of Documents along with the responsive documents, which are attached as Exhibits A and B thereto.

13. Plaintiff moves to compel DEI to produce documents responsive to 33 document requests, specifically, request numbers 1-29 and 33-36. In response to 29 of the 33 requests at issue, DEI has responded that it does not have any responsive documents in its possession, custody or control. (*See* Exh. 2, Requests Nos. 1-16, 18-28, 33-34.) Some of those responses clarified that documents previously produced by DEI as part of its initial disclosures were excluded. (*See* Exh.2, Requests Nos. 26-28.) In addition, some of the responsive documents in my possession were produced to DEI by Commission Junction, Inc. subject to a Stipulated Confidentiality Order issued in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc.,* Superior Court, Orange County, Case No. 30-2008 00101025. (*See* Exh. 2, Requests Nos. 1-8.) Therefore, I could not produce those documents without the consent of Commission Junction, Inc. or a court order under the terms of the stipulation. I am informed and believe that Commission Junction, Inc. subsequently produced the responsive documents to eBay in response to a subpoena issues by eBay in this case. On May 4, 2009, Commission Junction, Inc.'s counsel, Phil Montoya, called me shortly after the subpoenaed was served on him to determine if I wanted copies of the documents he was producing to eBay in response to the subpoena. He told me that Commission Junction, Inc. was producing responsive documents to comply with the subpoena which consisted of all documents he had produced to me during the litigation with his client, and the entire pleadings file from his office. I told him that, unless there were documents that I did not already have, I did not need copies again. He told me that I had already received everything during the previous case that he was producing to eBay in this case.

14. With respect to document request numbers 29, 35, and 36 directed to DEI, DEI's responses provide that it produced all non-privileged documents, which were attached to those discovery responses. (*See* Exh. 3-4.) The only remaining document request directed to DEI at issue is request number 17, which DEI objected to because it sought documents related to a person called

4

DECLARATION OF STEWART H. FOREMAN IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL, CASE NO.: CV-08-4052 JF PVT
{00130556-1}

Rachel Hughes who is unknown to the DEI. (*See* Exh. 2, Request No. 17.) To date, eBay has not provided any further explanation regarding the identity or relevance of Rachel Hughes.

15. Plaintiff also moves to compel Todd Dunning to produce documents responsive to 32 document requests, specifically, request numbers 1-28 and 31-34. Those document requests are virtually identical to the document requests directed at DEI.

16. My law firm was retained on or about July 9, 2007, by Mr. Todd Dunning and DEI to represent them in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc.,* Superior Court, Orange County, Case No. 30-2008 00101025. All of the documents my clients produced in the Commission Junction case have been produced to eBay in this case. I have not produced any documents on behalf of my clients to the FBI. I am informed and believe that my clients have not had any contact with the FBI subsequent to the time that Mr. Todd Dunning was interviewed on June 18, 2007. I am informed and believe that neither DEI nor Todd Dunning have any additional responsive, non-privileged documents in their possession, custody or control relating to the document requests at issue in this motion that have not already been produced by them to eBay. I informed counsel for eBay of this fact after receiving a copy of eBay's moving papers.

17. I have spent 11.1 hours, and my associate, Cathleen Yonahara, has incurred 5.1 hours in preparing this opposition brief, and in communicating with eBay's counsel regarding a potential resolution of this motion. I anticipate another 3 hours of my time are needed to participate in the hearing on this motion. My standard billing rate is $400 per hour and Ms. Yonahara's billing rate is $285 per hour. My client therefore has incurred $7,093.50 in attorney's fees in opposing eBay's motion to compel.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on the ____ day of October, 2009 at San Francisco, California.

                                                                          /s/
                                                  Stewart H. Foreman

5

DECLARATION OF STEWART H. FOREMAN IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL, CASE NO.: CV-08-4052 JF PVT
{00130556-1}