# EXHIBIT 3

Dockets.Justia.com

1  Stewart H. Foreman  (CSB #61149)
   Daniel T. Bernhard  (CSB #104229)
2  Cathleen S. Yonahara (CSB #203802)
   FREELAND COOPER & FOREMAN LLP
3  150 Spear Street, Suite 1800
   San Francisco, California 94105
4  Telephone: (415) 541-0200
   Facsimile: (415) 495-4332
5  Email: foreman@freelandlaw.com
           bernhard@freelandlaw.com
6          yonahara@freelandlaw.com

7  Attorneys for Defendants Todd Dunning
   and Dunning Enterprise, Inc.

8

9              UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                   SAN JOSE DIVISION

12

13  EBAY, INC.,                         CASE NO.: CV-08-4052 JF

14          Plaintiff,                  **DECLARATION OF TODD**
                                        **DUNNING IN SUPPORT OF**
15      v.                              **DEFENDANTS TODD DUNNING**
                                        **AND DUNNING ENTERPRISE,**
16  DIGITAL POINT SOLUTIONS, INC., SHAWN **INC.'S MOTION TO STAY**
    HOGAN, KESSLER'S FLYING CIRCUS,     **ACTION PENDING RESOLUTION**
17  THUNDERWOOD HOLDINGS, INC.,         **OF CRIMINAL PROCEEDINGS**
    TODD DUNNING, DUNNING ENTERPRISE, INC.,
18  BRIAN DUNNING, BRIANDUNNING.COM, and Date:      November 20, 2009
    DOES 1-20,                          Time:      9:00 a.m.
19                                      Place:     Courtroom 3, 5th Floor
           Defendants.
20                                      Hon. Jeremy Fogel presiding

21

22

23

24

25

26

27

28

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1

I, TODD DUNNING, declare as follows:

1.    I am an individual over the age of eighteen, and am a named defendant in the above-referenced civil action commenced by e-Bay, Inc. ("Plaintiff").  I have personal knowledge of the facts set forth herein and I am competent to testify to these facts.

2.    I was a general partner in Kessler's Flying Circus ("KFC") until December 27, 2006. Thereafter, Dunning Enterprise, Inc. ("DEI") became a general partner in my place. My wife and I are the only shareholders and officers of DEI. DEI was not involved in the operations of KFC, but only held an ownership interest as a general partner. My wife was not involved in DEI in its role as a general partner in KFC. After December 27, 2006, the partners of KFC were DEI and my brother Brian Dunning's company, Thunderwood Holdings, Inc.

3.    KFC filed a federal partnership tax return in 2007 and provided Form K-1s to the partners who were Thunderwood Holdings, Inc. and DEI. KFC stated in its partnership tax return that its business address was 15 High Bluff, Laguna Niguel, California 92677, which is also Brian Dunning's home address. DEI has never had any documents relating to KFC's business.

4.    Plaintiff eBay, Inc. commenced this action on August 25, 2008, and filed its Second Amended Complaint ("SAC") on March 26, 2009.  A true and correct copy of Plaintiff's Second Amended Complaint is attached hereto and incorporated by reference as Exhibit A.

5.    On June 18, 2007, the Federal Bureau of Investigation ("FBI") conducted an interview of me at my personal residence located in Aliso Viejo, California, regarding the topics referenced in Plaintiff's Second Amended Complaint. The FBI was interested in issues such as "forcing cookies," "forcing clicks," "inflating traffic", the function of "links" and "widgets," and the direction of internet traffic to the eBay website through KFC's services relating to Commission Junction, Inc. and eBay. The FBI did not request or receive any documents during this interview.

6.    I also understand that the FBI served a search warrant on my brother, Brian Dunning, at which time they seized, itemized, and removed all computer equipment in his home including all computers, disk drives, hard drives, cell phones and servers. I also have been informed in the course of this litigation that the FBI seized electronically-stored documents at Rackspace US, Inc. I have been informed that these seized items contained, among other things, all the business records and

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105



other documents of KFC, although I do not know from my personal knowledge the contents or ownership of the seized documents. I have been informed in the course of this litigation that I am not authorized to access records stored at Rackspace US, Inc.

7.     All business records and other documents of KFC were maintained at its principal place of business which was Brian Dunning's home. I did not independently maintain any business records of KFC and do not have possession, custody or control of such documents. I have been informed that all business records and other documents of KFC were seized by the FBI from Brian Dunning's home or from Rackspace US, Inc. I do not have possession, custody or control of any records seized by the FBI, and I do not have copies of the records seized. Other than the documents that have already been produced to eBay in this case, neither DEI nor I have possession, custody or control of any business records or other documents, in hard copy or electronic form, of KFC.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this *15* day of October, 2009, at Aliso Viejo, California.

TODD DUNNING

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DECLARATION OF TODD DUNNING ISO OF DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC.'S
MOTION TO STAY ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS, CASE NO.: CV-08-4052 JF

{00129799-2}

# EXHIBIT "A"

1   DAVID R. EBERHART (S.B. #195474)
    deberhart@omm.com
2   SHARON M. BUNZEL (S.B. #181609)
    sbunzel@omm.com
3   COLLEEN M. KENNEDY (S.B. #227107)
    ckennedy@omm.com
4   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
5   San Francisco, CA  94111
    Telephone:   (415) 984-8700
6   Facsimile:   (415) 984-8701

7   Attorneys for Plaintiff eBay Inc.

8                 UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11

12   EBAY INC.,                          Case No.  CV 08-4052 JF (PVT)

13          Plaintiff,                   SECOND AMENDED COMPLAINT
                                         FOR
14      v.
                                         (1)   Violations of 18 U.S.C. § 1030
15   DIGITAL POINT SOLUTIONS, INC.,      (2)   Violations of 18 U.S.C. § 1962(c)
     SHAWN HOGAN, KESSLER'S              (3)   Fraud
16   FLYING CIRCUS, THUNDERWOOD          (4)   Violations of California Pen. Code
     HOLDINGS, INC., TODD DUNNING,             § 502
17   DUNNING ENTERPISE, INC., BRIAN      (5)   Restitution and Unjust Enrichment
     DUNNING, BRIANDUNNING.COM,          (6)   California B&P Code § 17200;
18   and DOES 1 - 10 and 12 - 20,
                                         DEMAND FOR JURY TRIAL
19          Defendants.

20

21

22       For its Second Amended Complaint, Plaintiff eBay Inc. alleges as set forth below.

23   The factual allegations set forth herein have evidentiary support or, to the extent they are

24   contained in a paragraph made on information and belief, likely will have evidentiary

25   support after a reasonable opportunity for further investigation or discovery.

26                            **PARTIES**

27   1.     At all times relevant herein, Plaintiff eBay Inc. ("eBay") was a corporation

28

1   organized and existing under the laws of the State of Delaware, with its principal place of

2   business in the State of California.

3         2.    eBay is informed and believes and, on that basis, alleges that at all times

4   relevant herein Defendant Digital Point Solutions, Inc. ("Digital Point Solutions") was a

5   California corporation, sole proprietorship or other business entity, doing business in the

6   State of California. At various times relevant herein, Defendant Digital Point Solutions

7   may also have been known as and/or done business as "Data Point Solutions," "Digital

8   Point Solutions," and/or "Digital Point." Digital Point Solutions has succeeded to the

9   obligations and liabilities of any and all of such predecessor entities. At all times relevant

10  herein, Defendant Digital Point Solutions represented itself and held itself out to eBay as

11  an independent business entity with legal status separate from that of its individual

12  owner(s).

13        3.    eBay is informed and believes and, on that basis, alleges that at all times

14  relevant herein Defendant Shawn Hogan was an individual residing and doing business in

15  the State of California and was the sole owner and/or sole proprietor of Defendant Digital

16  Point Solutions in any and all of its incarnations.

17        4.    Defendants Digital Point Solutions and Shawn Hogan will be collectively

18  referred to herein as "DPS."

19        5.    eBay is informed and believes and, on that basis, alleges that at all times

20  relevant herein Defendant Kessler's Flying Circus was a California general partnership

21  doing business in the State of California.

22        6.    eBay is informed and believes and, on that basis, alleges that at all times

23  relevant herein Defendant Thunderwood Holdings, Inc. was a California corporation and

24  was a general partner of Defendant Kessler's Flying Circus.

25        7.    eBay is informed and believes and, on that basis, alleges that at all times

26  relevant herein Defendant Brian Dunning was an individual residing and doing business in

27  the State of California and was the sole owner of Defendant Thunderwood Holdings, Inc.

28        8.    eBay is informed and believes and, on that basis, alleges that at all times

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1  relevant herein Dunning Enterprise, Inc., previously substituted for the fictitiously named

2  defendant Doe 11, was a California corporation doing business in the State of California

3  and was a general partner of Defendant Kessler's Flying Circus.

4       9.     eBay is informed and believes and, on that basis, alleges that at all times

5  relevant herein Defendant Todd Dunning was an individual residing and doing business in

6  the State of California and was either a general partner of Defendant Kessler's Flying

7  Circus or held a controlling interest in Dunning Enterprise, Inc., which was a general

8  partner of Defendant Kessler's Flying Circus.

9      10.    eBay is informed and believes and, on that basis, alleges that at all times

10  relevant herein Defendant BrianDunning.com was a website and/or business entity

11  through which Defendants Brian Dunning and/or Todd Dunning committed some or all of

12  the acts alleged herein.

13      11.    Defendants Kessler's Flying Circus, Thunderwood Holdings, Inc., Dunning

14  Enterprise, Inc., BrianDunning.com, Brian Dunning, and Todd Dunning will be

15  collectively referred to herein as "KFC."

16      12.    eBay is ignorant of the true names and capacities of defendants sued herein

17  as Does 1 through 10 and 12 through 20, inclusive, and therefore sues said defendants by

18  such fictitious names.  eBay will amend this complaint to allege the true names and

19  capacities of said defendants when they are ascertained.  eBay is informed and believes

20  and, on that basis, alleges that each of the fictitiously named defendants is responsible in

21  some manner to pay the obligations described herein, and that eBay's losses as alleged

22  herein were proximately caused by said defendants' conduct.

23      13.    Unless otherwise specified, DPS, KFC and Does 1-10 and 12-20 will be

24  referred to collectively herein as "Defendants."

25                      **JURISDICTION AND VENUE**

26      14.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

27  and 1367.

28      15.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1),

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1   1391(b)(2) and 1391(c), and 18 U.S.C. § 1965(a).

2       16.    Pursuant to the User Agreements entered into by DPS and KFC, as

3   discussed in paragraph 26 *infra*, they have consented to the jurisdiction of and venue in

4   the Northern District of California. Specifically, under the User Agreements, the

5   Defendants have agreed that any claim or controversy at law or equity that arises out of

6   this Agreement or eBay's services must be resolved by a court located in Santa Clara

7   County, California.

8   ### INTRADISTRICT ASSIGNMENT

9       17.    Assignment to the San Jose Division is proper pursuant to Local Rules 3-

10   2(c) and (e) because a substantial part of the events or omissions that give rise to eBay's

11   claim occurred in San Jose, Santa Clara County, California. eBay's corporate

12   headquarters are located in San Jose, Santa Clara County, California, and Defendants'

13   wrongful actions were specifically and purposefully directed at and intended to affect

14   eBay in San Jose, Santa Clara County, California as discussed in detail below.

15   ### GENERAL ALLEGATIONS

16   eBay's Affiliate Marketing Program

17       18.    eBay offers to the public an online marketplace that enables trade on a local,

18   national and international basis. Through eBay's website, sellers may list items for sale

19   and buyers may bid on and purchase items of interest. eBay earns revenue when a seller

20   places an item for sale and when the item is sold. eBay may also earn revenue depending

21   on various features selected by the seller, *e.g.*, listing upgrades and photo displays.

22       19.    eBay's Affiliate Marketing Program is designed to increase traffic to eBay's

23   website through the placement of advertisements for eBay on third-party websites. eBay

24   seeks to increase traffic to its site so that more people will be exposed to eBay's service

25   and begin using eBay to buy or sell goods, thereby generating revenue for eBay. The

26   persons and entities that advertise on behalf of eBay—whether on their own sites or on

27   sites of other third parties—are known as "affiliates." eBay's Affiliate Marketing

28   Program is intended to compensate affiliates only when the advertisement in question

1   causes a user to take some action at eBay's site that directly provides revenue to eBay or

2   indicates that the new user is likely to take such an action in the future. Accordingly,

3   affiliates earn commissions payable by eBay under the Affiliate Marketing Program when

4   the following sequence of events occurs: (1) the affiliate publishes an eBay advertisement,

5   (2) a user clicks on the eBay advertisement and is directed to eBay's website (the

6   "Referred Visit"), and (3) that user subsequently engages in a commission-generating

7   event (a "Revenue Action"). Revenue Actions, include, by way of example: (1) becoming

8   a new, registered user of eBay within 30 days of the Referred Visit, or (2) purchasing an

9   item from a third-party seller on eBay within seven days of the Referred Visit. Because

10  compensation to the affiliate is tied to actions by the user, it is essential that eBay be able

11  to determine whether a Revenue Action occurred by virtue of the fact that the user was

12  referred to eBay by a particular affiliate's advertisement. eBay and/or Commission

13  Junction, Inc. ("CJ") tracks this information using information placed in the new user's

14  browser, as discussed below.

15      20.     At all relevant times, eBay used the services of CJ, a subsidiary of

16  ValueClick, Inc., in administering the Affiliate Marketing Program. The relationship

17  between eBay and CJ was governed at all relevant times by various Advertiser Service

18  Agreements. Under those agreements, CJ was responsible for, among other things,

19  recruiting affiliates, tracking affiliate traffic, monitoring compliance by affiliates,

20  preventing and detecting fraudulent activity, and paying affiliates using funds remitted by

21  eBay.

22      21.     eBay's obligation to pay commissions is tracked by matching a user's

23  Revenue Actions on eBay's site to the affiliate that directed the user to eBay. This

24  tracking is accomplished through the use of a digital tag called a "cookie" that is stored in

25  the user's web browser. Cookies are collections of data commonly used by websites to

26  store and associate useful information with a given user. Cookies typically store

27  information such as usernames, passwords, and user preferences for a particular user; that

28  information makes it more efficient for users to access web pages and provides a means

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1   for websites to track and authenticate users. Cookies are placed or "dropped" in a user's
2   browser by a website when that user visits the website.

3      22.    In the case of eBay's Affiliate Marketing Program, cookies are used to
4   confirm that a user was directed to eBay from a specific affiliate. When a user clicks on
5   an affiliate advertisement and is directed to eBay's site, eBay's site drops a cookie on the
6   user's computer. That cookie identifies the site that referred the user to eBay and/or the
7   specific affiliate responsible for directing the traffic to eBay. If the user later engages in a
8   Revenue Action within the specified time period, eBay and/or CJ determines—based on
9   the data in the cookie—which affiliate, if any, should be credited with the referral and
10   receive the commission. If cookies from multiple affiliates are present on the user's
11   computer, the affiliate identified in the most recent cookie dropped is credited with the
12   Revenue Action. If there is no qualifying cookie on the computer, then no affiliate is
13   credited. A substantial number of the Revenue Actions taken at eBay's site are taken by
14   users who were not referred to eBay by any affiliate; consequently, no commission is
15   owed for those actions.

16      23.    As part of the services it renders with respect to eBay's Affiliate Marketing
17   Program, CJ pays affiliates on a periodic basis (usually monthly), with funds remitted by
18   eBay, based on the number of Revenue Actions taken by users referred by those affiliates.
19   <u>The Fraudulent "Cookie Stuffing" Schemes</u>

20      24.    "Cookie stuffing" is a term used to describe the forced placement of a
21   cookie on a computer, typically by causing a cookie from a particular website to be placed
22   on the user's computer without the user knowing that he or she visited the website that
23   placed the cookie. DPS and KFC engaged in cookie stuffing intended to defraud eBay.
24   The allegations made on eBay's information and belief set forth in paragraphs 25-34, 37-
25   41, and 47-60 below describing Defendants' cookie stuffing schemes are based on eBay's
26   analysis of the Defendants' websites and/or technology and the way in which a user's web
27   browser interacts with Defendants' sites and/or technology, and on eBay's analysis of
28   historical data relating to traffic purportedly driven to eBay by Defendants. Certain other

1    details regarding Defendants' cookie stuffing schemes are exclusively within Defendants'

2    control.

3         25.    eBay is informed and believes and, on that basis, alleges that DPS and KFC

4    each accomplished their cookie stuffing through software programs and/or code that,

5    unbeknownst to the user, redirected the user's computer to the eBay website without the

6    user actually clicking on an eBay advertisement link, or even becoming aware that they

7    had left the page they were previously viewing. As a result, the eBay site would be

8    prompted to drop an eBay cookie on the user's computer even though the user never

9    clicked on an eBay advertisement or even realized that their computer had ever visited the

10   eBay site. DPS and KFC stuffed a large number of Internet users, with the expectation

11   and intention that some subset of those users would later come to eBay and take a

12   Revenue Action.

13        26.    eBay is informed and believes and, on that basis, alleges that the software

14   programs utilized by each of DPS and KFC caused the user's computer to access eBay's

15   computers in an unauthorized way and/or to exceed the authorized access to eBay's

16   computers. Because DPS and KFC caused this access through and without the knowledge

17   or active participation of those users, the access of any such user's computer to eBay's site

18   is attributable to DPS and KFC. The only authorization given to the Defendants to access

19   eBay's site in any manner was by way of eBay's User Agreement. The User Agreement

20   was explicitly agreed to by the individual Defendants when they became registered eBay

21   users on the following dates: Shawn Hogan on May 17, 1999; Brian Dunning on

22   November 10, 2000; and Todd Dunning on May, 21, 2003. The remaining named

23   Defendants, Digital Point Solutions, Kessler's Flying Circus, Thunderwood Holdings,

24   Inc., Dunning Enterprise, Inc. and BrianDunning.com, were on constructive and/or actual

25   notice that the User Agreement governed their access to eBay's website, based on the

26   explicit agreement of their owners/principals to the terms of the User Agreement, as well

27   as eBay's display on its website at all relevant times of the statement that use of the

28   website constitutes acceptance of the User Agreement. Defendants' access to eBay was

1    unauthorized by, and violated, the terms of the User Agreement because it occurred solely

2    to force the dropping of the eBay cookie and thereby wrongfully access eBay's computer

3    servers. Each of the causes of action set forth herein arises out of those violations of the

4    User Agreement.

5         27.    eBay is informed and believes and, on that basis, alleges that once the

6    cookie was stuffed on the user's computer by one or more of the Defendants, any future

7    Revenue Actions initiated by that user when the user later visited eBay intentionally, and

8    not as a result of any advertisement placed by Defendants, appeared to be eligible for

9    commissions payable to one of the Defendants (provided those actions took place within

10   the prescribed periods of time). Hence DPS or KFC would receive payment for actions by

11   users who had not been referred to eBay by Defendants' advertisements, thereby injuring

12   eBay.

13        28.    eBay is informed and believes and, on that basis, alleges that after DPS

14   and KFC independently began their cookie stuffing schemes, they communicated with

15   each other regarding those cookie stuffing schemes. Those communications between

16   DPS and KFC included, but were not limited to attempts by KFC to improve its

17   software and/or otherwise improve the effectiveness of its cookie stuffing scheme in

18   order to increase the amount of commissions that KFC could fraudulently obtain from

19   eBay, as well as efforts by DPS to prevent detection of the DPS cookie stuffing

20   scheme by eBay.

21        29.    eBay is informed and believes and, on that basis, alleges that DPS and KFC

22   used certain technological measures to prevent eBay from discovering their wrongdoing.

23   At certain relevant times DPS and KFC used technology or technologies that would stuff

24   cookies on only those computers that had not been previously stuffed by that Defendant.

25   The purpose of this action was to avoid discovery by eBay and/or CJ of evidence of

26   stuffing—e.g., by directly observing repeated stuffing to a test computer, by discovering

27   that a single user had multiple cookies pointing to the same affiliate or by discovering that

28   there was an abnormal ratio of cookies placed by DPS and KFC to the Revenue Actions

1    attributable to users referred by DPS and KFC—and thereby conceal the schemes from

2    eBay's and/or CJ's monitoring activities. In addition, at certain relevant times DPS and/or

3    KFC used technology that would avoid stuffing cookies on computers that appeared to be

4    geographically located in San Jose, California (the location of eBay's headquarters) or

5    Santa Barbara, California (the location of CJ's headquarters). The purpose of this action

6    was to evade efforts by eBay and/or CJ to detect the cookie stuffing mechanism if they

7    attempted to observe the wrongdoing from their normal places of business.

8          30.    eBay is informed and believes and, on that basis, alleges that DPS also used

9    at least one additional technological measure to conceal its wrongdoing: DPS used

10    images placed on web pages to effectuate its cookie stuffing scheme, and caused those

11    images to be so small that they were effectively invisible to the user and, accordingly,

12    difficult to detect.

13          31.    eBay is informed and believes and, on that basis, alleges that KFC also used

14    at least one additional technological measure to conceal its wrongdoing: KFC used

15    JavaScript code contained in web pages to effectuate its cookie stuffing scheme, and

16    purposefully obscured the purpose and effect of that code so that, even when that code

17    was discovered, it was difficult to determine its actual effect. This caused KFC's cookie

18    stuffing to be difficult to detect, whether by human or machine efforts.

19          32.    eBay is informed and believes and, on that basis, alleges that in addition to

20    these technological measures, DPS and KFC each actively sought to prevent detection by

21    eBay and CJ by explicitly denying to eBay and/or CJ that any wrongdoing had occurred.

22    For example, when Shawn Hogan was contacted by CJ in connection with suspicions of

23    cookie stuffing by DPS, he attributed the suspicious activity to "coding errors," which he

24    later purported to have "corrected." Brian Dunning also gave false information to eBay in

25    response to questions about unusual activity regarding his account. Additional false

26    statements intended to conceal the cookie stuffing activity are set forth below in paragraph

27    60 and are incorporated herein.

28          33.    As a result of the cookie stuffing schemes employed by DPS and KFC, DPS

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1    and KFC accessed eBay's servers millions of times in an unauthorized manner that

2    violated the User Agreement and interfered with the proper working of those computers.

3    The majority of those acts of unauthorized access did not cause the improper payment of a

4    commission and did not involve the performance by CJ of any obligations under any

5    contract it had with any of the parties to this action. A minority, but economically

6    significant, of those acts of unauthorized access caused eBay to pay commissions (via CJ)

7    to each of DPS and KFC for a substantial number of Revenue Actions that were in no way

8    related to the legitimate referral of any user by either DPS's or KFC's advertisements and

9    for which neither DPS nor KFC were due compensation.

10        34.    On January 4, 2008, CJ filed an action against Defendants Kessler's Flying

11    Circus, Brian Dunning and Todd Dunning for breach of contract and other claims based

12    on KFC's cookie stuffing scheme perpetrated against eBay. CJ sought to recoup

13    commissions it had paid to those Defendants for the month of May 2007, after eBay

14    discovered KFC's cookie stuffing scheme and refused to reimburse CJ for the unearned

15    commissions it had paid to those Defendants for the previous month. CJ's action was

16    recently settled on undisclosed terms, and a request for dismissal has been filed. eBay

17    was not a party to CJ's action, and had no opportunity to litigate any issue in the CJ

18    action. eBay does not seek recovery through this litigation of any of the monies sought by

19    CJ through its now-settled litigation against Defendants Kessler's Flying Circus, Brian

20    Dunning and Todd Dunning.

21                    **FIRST CAUSE OF ACTION**

22                    **(Violations of 18 U.S.C. § 1030)**

23        35.    eBay realleges each and every allegation set forth in Paragraphs 1 through

24    34, inclusive, and incorporates them by reference herein.

25        36.    Through their cookie stuffing schemes as described above, DPS and KFC

26    each knowingly, intentionally and with intent to defraud accessed eBay's computers

27    without authorization and/or exceeded their authorized access to eBay's computers in

28    order to further their fraudulent schemes.

1      37.    DPS's and KFC's access of eBay's computers was unauthorized because the

2   only purpose of that access was to defraud eBay. In addition, Defendants' access of

3   eBay's computers was unauthorized and/or exceeded their authorized access, because

4   each Defendant was a registered eBay user and/or was bound by the eBay User

5   Agreement in effect at the time, as set forth in paragraph 26 above. The User Agreements

6   that bound each of the Defendants were substantially similar. The User Agreements (a)

7   prohibited the use of any "device, software or routine" to interfere with or attempt to

8   interfere with the proper working of the eBay site or any activities conducted on the eBay

9   site, and (b) required compliance with all applicable laws regarding the use of eBay's

10  servers.

11     38.    The User Agreements were the only basis on which any Defendant had

12  authorization to access eBay's site. No agreement entered into by any Defendant in

13  connection with eBay's Affiliate Marketing Program, including but not limited to any

14  Publisher Service Agreement that may have been entered into between CJ and one or

15  more of Defendants and/or any Terms and Conditions of the Affiliate Marketing Program

16  agreed to by one or more of Defendants, provides for or in any way contemplates such

17  access. The User Agreements therefore govern and control any access to eBay's site,

18  whether authorized or unauthorized, by Defendants. Defendants, through their cookie

19  stuffing schemes, violated those User Agreements by accessing eBay's computers without

20  authorization and/or exceeded the authorized access granted to them by the User

21  Agreements.

22     39.    Upon information and belief, Defendants' access to eBay's computers that

23  was either unauthorized or exceeded the authorization granted by the User Agreements

24  did not always result in a commission being paid to any Defendant (for example, where a

25  user, after having a cookie stuffed on his or her computer by one of Defendants, did not

26  subsequently take any Revenue Action). In other cases, Defendants' access to eBay's

27  computers that was unauthorized or exceeded the authorization granted by the User

28  Agreements resulted in commissions being paid to Defendants for Revenue Actions

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1   initiated by users that Defendants did not refer to eBay, which were in no way related to

2   Defendants' advertisements, and for which Defendants were due no compensation. In

3   both instances, Defendants' access caused harm to eBay's computers and caused damage

4   and loss to eBay within the meaning of 18 U.S.C. § 1030, regardless of whether any

5   commission was later paid to Defendants for any particular act of cookie stuffing.

6        40.   Upon information and belief, through their unauthorized access, Defendants

7   DPS and DOES 1-10 caused harm and damage to eBay's computers including, but not

8   limited to, impairment of the integrity of eBay's data, and caused loss to eBay including,

9   but not limited to, costs incurred by eBay in responding to and conducting an assessment

10   of the damage caused by these Defendants' cookie stuffing scheme. Through their

11   unauthorized access, Defendants DPS and DOES 1-10 also caused damage and loss to

12   eBay as a result of commissions being wrongfully paid to those Defendants. The loss to

13   eBay that resulted from the unauthorized access by Defendants DPS and DOES 1-10 was

14   incurred in each year from at least December 2003 through June 2007, and totaled more

15   than $5,000 in at least the one-month period ending June 30, 2007.

16        41.   Upon information and belief, through their unauthorized access, Defendants

17   KFC and DOES 12-20 caused harm and damage to eBay's computers including, but not

18   limited to, impairment of the integrity of eBay's data, and caused loss to eBay including,

19   but not limited to, costs incurred by eBay in responding to and conducting an assessment

20   of the damage caused by these Defendants' cookie stuffing scheme. Through their

21   unauthorized access, Defendants KFC and DOES 12-20 also caused damage and loss to

22   eBay as a result of commissions being wrongfully paid to those Defendants. The loss to

23   eBay that resulted from the unauthorized access by Defendants KFC and DOES 12-20

24   was incurred in each year from at least December 2004 through June 2007, and totaled

25   more than $5,000 in at least the one-year period ending in June 2007.

26        42.   eBay's computers are used in interstate and foreign commerce.

27        43.   DPS's and KFC's actions, whether or not they resulted in the payment of

28   any commissions to them, constitute violations of the Computer Fraud and Abuse Act, 18

1   U.S.C. § 1030, including but not limited to §§ 1030(a)(4), 1030(a)(5)(B) and

2   1030(a)(5)(C).

3       44.    WHEREFORE, eBay prays for judgment against each of DPS and KFC, as

4   more fully set forth below.

5   **SECOND CAUSE OF ACTION**

6   **(Violations of 18 U.S.C. § 1962(c))**

7       45.    eBay realleges each and every allegation set forth in Paragraphs 1 through

8   44, inclusive, and incorporates them by reference herein.

9       46.    Defendants Shawn Hogan's, Brian Dunning's, and Todd Dunning's

10  unlawful, tortious and otherwise actionable conduct constitutes violations of 18 U.S.C. §

11  1962(c).

12      47.    Defendant Shawn Hogan and DOES 1-10 (the "Hogan Group") engaged in

13  activities through the company Digital Point Solutions. Digital Point Solutions has been

14  in existence as a business entity since at least 1999. On information and belief, based on

15  information provided on the company's website, from 1999 to the present, Digital Point

16  Solutions has had at least four employees, including owner, President, CEO and Senior

17  Systems Analyst Shawn Hogan, Vice President and Staff Systems Analyst R. Robin

18  Quasebarth, Associate System Analyst Richard L. Crook, and Sales Representative D.

19  Shawn Callahan. On information and belief, based on information provided on the

20  company's website and information provided to an eBay employee by Defendant Shawn

21  Hogan, at various times Digital Point Solutions also had other employees as well as a

22  group of "volunteers" who provided services to Digital Point Solutions. Digital Point

23  Solutions was incorporated on and/or before May 14, 2007. At all times relevant herein,

24  Digital Point Solutions constituted an enterprise under RICO.

25      48.    At all times relevant herein, through Digital Point Solutions, the Hogan

26  Group associated with each other and others for the common purpose of causing millions

27  of computers to access eBay's servers to defraud eBay of commission fees by designing

28  and implementing the cookie stuffing scheme described above. Upon information and

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1 belief, the Hogan Group's activities were ongoing, and Digital Point Solutions functioned

2 as a continuing unit in operating the fraudulent cookie stuffing scheme from

3 approximately December 2003 through June 2007.

4   49. Defendants Brian Dunning, Todd Dunning and DOES 12-20 (the "Dunning

5 Group") engaged in activities through the companies Kessler's Flying Circus,

6 Thunderwood Holdings, Inc., Dunning Enterprise, Inc., and BrianDunning.com, and each

7 company constitutes a RICO enterprise. Through Kessler's Flying Circus, Thunderwood

8 Holdings, Inc., Dunning Enterprise, Inc., and BrianDunning.com, the Dunning Group

9 associated with each other and others for the common purpose of defrauding eBay of

10 commission fees by designing and implementing the cookie stuffing scheme described

11 above. Upon information and belief, the Dunning Group's activities were ongoing, and

12 Kessler's Flying Circus, Thunderwood Holdings, Inc., Dunning Enterprise, Inc. and

13 BrianDunning.com functioned individually, and with each other, as continuing units in

14 operating the fraudulent cookie stuffing scheme from approximately December 2004

15 through June 2007.

16   50. The members of the Hogan Group and Dunning Group each committed

17 multiple violations of the predicate act of mail and wire fraud, 18 U.S.C. § 1343, both

18 through their cookie stuffing schemes and through communications with eBay and

19 Commission Junction designed to fraudulently conceal those schemes.

20   51. As described in Paragraphs 25-33 above, schemes to defraud eBay existed

21 by which the members of the Hogan Group and Dunning Group each stuffed eBay

22 cookies onto computers for the purpose of defrauding eBay of commission fees due only

23 for legitimate Revenue Actions associated with a given affiliate. The members of the

24 Hogan Group and Dunning Group each participated in these schemes with the specific

25 intent to defraud eBay. Use of the Internet was essential to the schemes: the members of

26 the Hogan Group and Dunning Group stuffed a cookie onto a computer when a user was

27 browsing the Internet, and the stuffed cookie was later read and recognized when that

28 Internet user accessed eBay's website on the Internet and either registered with the site,

1    purchased an item or engaged in some other Revenue Action.  The members of the Hogan

2    Group and Dunning Group each, by use of their technologies, caused users' web browsers

3    to convey a representation by the Hogan Group and/or the Dunning Group to eBay that

4    the user had accessed the eBay website via an advertisement placed by either DPS or

5    KFC, when in fact, a substantial portion of those users never knowingly or intentionally

6    visited the eBay website based on an advertisement placed by either DPS or KFC.  These

7    fraudulent acts and representations were repeated multiple times, and each act constitutes

8    a violation of 18 U.S.C. § 1343 through the use of interstate wires.  Moreover, because the

9    Hogan Group's and the Dunning Group's cookie stuffing activities were undertaken as

10   part of a scheme to defraud and for the purpose of executing that fraud by wire

11   transmissions, each instance of cookie stuffing constitutes a completed violation of 18

12   U.S.C. § 1343 regardless of whether any commission was credited or paid as a result.

13       52.    On or about June 2007, eBay undertook an investigation into suspected

14   cookie stuffing by the Hogan Group and the Dunning Group.  eBay was able to verify the

15   existence of the two schemes and to track specific instances of cookie stuffing through

16   several different methods.

17       53.    eBay first ran its own tests and was able to observe and confirm fraudulent

18   cookie stuffing by both the Hogan Group and the Dunning Group.

19           a.    For example, on or about June 5, 2007, an eBay employee visited the

20   website www.drago-sim.com using a secure computer that had its IP address masked (to

21   overcome countermeasures that prevented cookies from being stuffed onto computers

22   with San Jose IP addresses) and that was equipped to monitor and record Internet activity

23   occurring on the computer.  The website www.drago-sim.com was a participant in DPS's

24   advertising network and contained a DPS-controlled banner ad.  Although the eBay

25   employee never clicked on, or requested, any eBay ad or link to an eBay website, the

26   Hogan Group's code in the DPS-controlled banner ad secretly redirected the computer

27   being used by the eBay employee to an eBay website, and a DPS-associated cookie was

28   dropped.  eBay observed an identical cookie stuff by the Hogan Group on the same date

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1   by visiting the site www.songlyrics.com, which was also a participant in the DPS ad

2   network and which also contained a DPS-controlled banner ad.

3          b.    Also on or about June 5, 2007, eBay was able to observe and record

4   fraudulent cookie stuffing activity caused by the Dunning Group's wholinked and

5   profilemaps applications. As with the investigation of the Hogan Group's cookie stuffing,

6   secure computers equipped with Internet monitoring and recording equipment were

7   directed to sites containing the Dunning Group's wholinked and profilemaps applications.

8   Without any further action being taken by the computers' users, the Dunning Group's

9   wholinked and profilemaps applications secretly redirected the computers to an eBay

10  website, and KFC-associated cookies were stuffed onto the computers.

11         54.    In addition, on June 6, 2007, eBay asked Gallivan, Gallivan & O'Melia LLC

12  ("GGO") to undertake a cookie stuffing investigation. On that date, a GGO employee

13  visited the website www.jokes-time.com using a secure computer located in Mountain

14  View, California that had its IP address masked and had been equipped to monitor and

15  record Internet activity occurring on the computer. The jokes-time.com website was a

16  participant in DPS's advertising network and contained a DPS-controlled banner ad.

17  Without any action by the GGO employee other than visiting that website, the Hogan

18  Group's code in the DPS-controlled banner ad secretly redirected the GGO computer to

19  another DPS site and then to eBay's website, causing eBay's site to drop cookies that

20  were associated with DPS onto the GGO computer. On or about June 14, 2007, an

21  employee of GGO created a new eBay account using the computer that still contained the

22  cookies stuffed by the Hogan Group. The GGO employee then purchased an item from

23  eBay using the newly created account through the "buy it now" function. Using

24  information provided by GGO, eBay then tracked this new account and purchase, and

25  determined that DPS was credited both for the "new user" acquisition and for the sale.

26         55.    On or about June 6, 2007, GGO also performed a second cookie stuffing

27  test from its offices located in the Seattle, Washington area, following the same steps

28  taken in Mountain View. As in the Mountain View test, the Hogan Group's code stuffed

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1    DPS-associated cookies onto the GGO computer even though the computer user did not

2    navigate to eBay's website. An eBay "buy it now" purchase was made by a GGO

3    employee in the Seattle area the following day using the computer containing the stuffed

4    cookies. eBay was again able to track a commission from the sale that was credited to

5    DPS.

6         56.    Having confirmed the ongoing cookie stuffing by both the Hogan Group

7    and the Dunning Group, eBay next set out to determine the extent of that unlawful

8    activity. On or about June 8-19, 2007, eBay made certain alterations to its website to both

9    detect further evidence of the cookie stuffing and, if found, to assess the volume of cookie

10   stuffing by the Hogan Group and the Dunning Group. eBay placed a special "gif" image

11   on the eBay.com home page. This special gif was served to any browser receiving an

12   eBay cookie. eBay had observed that Defendants' cookie stuffing schemes caused the

13   user's browser to be secretly redirected to eBay's home page for only a short period of

14   time—sufficient time for the cookie to be stuffed and little or no more. A browser that

15   had been redirected to eBay for purposes of cookie stuffing would not access eBay's site

16   long enough to be served the special gif, but a legitimate browser redirect to eBay (during

17   which a user clicks on an ad and comes to the eBay site) would be served that gif. eBay

18   then examined the data or traffic sent by all of its affiliates, including DPS and KFC.

19   eBay was able to review this data with a tremendous amount of granularity, capturing

20   individual cookie stuffs by the Hogan Group and the Dunning Group. The following are

21   examples of such individual cookie stuffs:

22   • On June 8, 2007, at approximately 12:32 p.m. PST, a cookie stuffed with

23        information for the affiliate using PID 2326993 was dropped from an eBay

24        California server to IP address 84.13.180.86. The user of this IP address was

25        located in Surrey, UK. PID 2326993 was an affiliate account number assigned to

26        KFC. The special gif was not served.

27   • On June 8, 2007, at approximately 12:37 p.m. PST, a cookie stuffed with

28        information for the affiliate using PID 2028993 was dropped from an eBay

- 17 -

1    California server to IP address 83.67.105.219. The user of this IP address was

2    located in South Yorkshire, UK. PID 2028993 was an affiliate account number

3    assigned to KFC. The special gif was not served.

4    • On June 8, 2007, at approximately 12:52 p.m. PST, a cookie stuffed with

5    information for the affiliate using PID 2028993 was dropped from an eBay

6    California server to IP address 172.174.248.28. The user of this IP address was a

7    customer utilizing the ISP America Online located in Virginia. PID 2028993 was

8    an affiliate account number assigned to KFC. The special gif was not served.

9    • On June 8, 2007, at approximately 12:58 p.m. PST, a cookie stuffed with

10   information for the affiliate using PID 2225634 was dropped from an eBay

11   California server to IP address 68.57.17.37. The user of this IP address was located

12   in Pennsylvania. PID 2225634 was an affiliate account number assigned to DPS.

13   The special gif was not served.

14   • On June 9, 2007, at approximately 12:43 p.m. PST, a cookie stuffed with

15   information for the affiliate using PID 2326993 was dropped from an eBay

16   California server to IP address 81.104.118.168. The user of this IP address was

17   located in Glasgow, Scotland. PID 2326993 was an affiliate account number

18   assigned to KFC. The special gif was not served.

19   • On June 9, 2007, at approximately 12:56 p.m. PST, a cookie stuffed with

20   information for the affiliate using PID 2225635 was dropped by an eBay California

21   server on IP address 71.210.107.53. The user of this IP address was located in

22   Arizona. PID 2225635 was an affiliate account number assigned to DPS. The

23   special gif was not served.

24   • On June 11, 2007, at approximately 12:18 p.m. PST, a cookie stuffed with

25   information for the affiliate using PID 2225634 was dropped by an eBay California

26   server on IP address 206.40.234.2 18. The user of this IP address is located in

27   Utah. PID 2225634 is an affiliate account number assigned to DPS. The special

28   gif was not served.

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1   The cumulative results of the investigation demonstrated that over 99% of the traffic

2   directed by DPS and KFC during the time period of the investigation did not receive the

3   gif image, and was therefore fraudulent cookie stuffing traffic. During the short period of

4   this investigation, the data demonstrated that the Hogan Group had stuffed over 650,000

5   cookies and the Dunning Group had stuffed close to 20,000 cookies.

6          57.     eBay also performed an additional analysis of historical data that uncovered

7   further evidence of cookie stuffing by the Hogan Group and the Dunning Group over the

8   period from April 1, 2004 through June 18, 2007. Cookie stuffing is premised on the

9   notion that if one stuffs a large number of Internet users, some subset of those users will

10  later come to eBay (by chance and through no action of the cookie stuffer) and take a

11  Revenue Action. eBay examined its historical data regarding the behavior of eBay users

12  in an effort to determine whether user behavior provided proof of cookie stuffing. eBay's

13  analysis showed that, in fact, there were substantial differences in the behavior of

14  legitimately-referred users and users referred by DPS and KFC, which supported the

15  conclusion that the Hogan Group and the Dunning Group engaged in cookie stuffing. For

16  legitimately-referred users, the historical data showed that a high percentage of Revenue

17  Actions (e.g., establishing a new eBay account or placing a winning bid on an item)

18  occurred within the first hour of a cookie drop. Such behavior was to be expected,

19  because the cookie was dropped at the same time that the user visited eBay's site and was

20  exposed to the content on the site that would drive a Revenue Action. The contrasting

21  historical data for DPS and KFC demonstrated that both the Hogan Group and the

22  Dunning Group had been engaged in cookie stuffing. Users allegedly referred by DPS

23  and/or KFC demonstrated behavior consistent with cookie stuffing and inconsistent with

24  legitimate referrals: those users did not take the high percentage of their Revenue Actions

25  during the first hour following the cookie drop and, instead, took Revenue Actions at a

26  nearly uniform rate over the life of the cookie. This behavior showed that those users had

27  not been exposed to the content of the eBay site at the same time that the cookie was

28  dropped; instead, the users had been stuffed and visited eBay at some random time after

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1   the stuffing.

2        58.     On information and belief, based on eBay's analysis and understanding of

3   how the Defendants' cookie stuffing schemes worked and on statements made by Todd

4   Dunning to one of eBay's employees, DPS and KFC retained electronic records of the IP

5   addresses of the individual computers they stuffed with cookies in order to prevent

6   stuffing multiple cookies on a single computer.

7        59.     The Hogan Group and the Dunning Group fraudulently stuffed cookies onto

8   the computers of a large group of users without exposing them to the content on eBay's

9   site and a subset of those users later engaged in Revenue Actions that were unrelated to

10  any action by DPS or KFC but still produced enormous commissions for them.  In other

11  words, DPS and KFC received commissions based on Revenue Actions by users for

12  which they were not responsible.  But every act of cookie stuffing by the Hogan Group

13  and the Dunning Group, regardless of whether it resulted in the payment of a commission,

14  constituted a separate violation of 18 U.S.C. § 1343, because it constituted a use of

15  interstate wire communications in furtherance of the Defendants' schemes to defraud

16  eBay.

17       60.     In addition to their cookie stuffing schemes, which occurred over several

18  years and involved hundreds of thousands or even millions of acts that each constituted a

19  separate violation of 18 U.S.C. § 1343, the Hogan Group and the Dunning Group also

20  engaged in efforts to conceal and avoid detection of their schemes through fraudulent

21  communications involving the interstate mails and wires.  Examples of such

22  communications include the following:

23       •   On or about September 5, 2005, after being contacted by (then) CJ employee

24           Christine Kim regarding suspicions of possible cookie stuffing by DPS,

25           Defendant Shawn Hogan falsely told Ms. Kim in a telephone conversation that the

26           apparent cooking stuffing arose from a "coding error" that had since been fixed.

27       •   On or about February 15, 2006, Todd Dunning telephoned eBay employee Dan

28           Burkhart and reported that DPS and Hogan were cookie stuffing, which was true.

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1    During the same telephone conversation, Mr. Dunning told Mr. Burkhart that his
2    brother Brian Dunning was an honest affiliate. That statement was false. Mr.
3    Dunning later told eBay employees that he had lied when he said that DPS and
4    Mr. Hogan were cookie stuffing. That statement was also false.

5    • On or about August 9, 2006, Brian Dunning falsely told eBay employee Christine
6       Kim in an email that he would explain KFC's "innovative" business model "in
7       detail." Mr. Dunning subsequently provided Ms. Kim with descriptions of KFC's
8       business model that failed to accurately describe KFC's methods, and created the
9       false impression that KFC was actually driving users to eBay's site, instead of
10      engaging in a fraudulent cookie stuffing scheme.

11   • On or about August 29, 2006, Brian Dunning falsely stated in an email to CJ
12      employee Andrea Bardakos and eBay employee Christine Kim that the success of
13      KFC's methods was based on "staggering amounts of up-front adoption."

14   • On or about August 31, 2006, Brian Dunning emailed CJ employees Andrea
15      Bardakos and Jeff Ransdell, and eBay employee Christine Kim, thanking them for
16      maintaining confidentiality regarding the "inner workings" of his business model
17      and stating that "a conversation was 'due' at some point, especially given the high
18      simplicity-to-effectiveness ratio of what we're doing." In fact, KFC's
19      "effectiveness" in receiving commissions was due to its fraudulent cookie stuffing
20      scheme.

21   • On or about September 1, 2006, eBay employee Christine Kim and Shawn Hogan
22      conducted an instant message exchange during which Ms. Kim asked Mr. Hogan
23      to provide specifics regarding the DPS ad network, and Mr. Hogan made various
24      statements to actively conceal the existence of his cookie stuffing, including
25      claims that his system "works like evolution in nature" and refusing to provide his
26      code or analytics because "while it's really (REALLY) neat and would like to
27      show everyone just to show off ... it's really not a good idea if I give it away."

28   • On or about September 7, 2006, Brian Dunning falsely stated in an email to eBay

- 21 -

1    employee Christine Kim that he was "absolutely confident" that KFC's methods
2    were "in line with the intended spirit of the terms" of the AMP.

3    • In early November 2006, eBay employee Christine Kim questioned Shawn Hogan
4    after an eBay employee based in Amsterdam had written to her about DPS's
5    results in the Netherlands, noting that "[n]ormally we only see these low
6    conversion rates when cookiedropping is involved." On or about November 6,
7    2006, Mr. Hogan falsely told Ms. Kim in a conversation via telephone or instant
8    message that low conversion rates in the Netherlands were caused by Mr. Hogan's
9    failure to "deep link" his ads there after a bug fix had been made.

10   • On or about January 22, 2007, Brian Dunning responded by email to eBay
11   employee Christine Kim's query as to why KFC's "winning bids and clicks" were
12   below the norm by falsely stating, "I wonder if the demographic of MySpace
13   users has much to do with it. They're generally quite young, maybe they're too
14   poor to win auctions." This statement was false and was intended to conceal his
15   cookie stuffing because Mr. Dunning knew that the unusual statistics noted by
16   Ms. Kim were the result of his cookie stuffing.

17   • On or about February 7, 2007, Brian Dunning falsely stated in an email to eBay
18   employee Christine Kim that "in the past 3 days we've received click-throughs on
19   ads from 97,743 profiles. That only counts profiles where someone clicked the
20   ad, no telling how many other profiles people have added it to." In fact, as Mr.
21   Dunning knew at the time, his click-throughs were the result of cookie stuffing
22   and not from users clicking on ads.

23   61.    Each violation of 18 U.S.C. § 1343 constitutes a separate instance of
24   "racketeering activity" as defined in 18 U.S.C. § 1961(1) and was committed in
25   furtherance of the conspiracy to defraud eBay of commission fees not legitimately earned
26   by either DPS or KFC. Together, these violations constitute a pattern of racketeering
27   activity: the violations have the same or similar purposes, results, participants, victims
28   and/or methods of commission.

1    62.    The racketeering activity committed by each of the members of the Hogan

2    Group and the Dunning Group affected the interstate activity of Internet web browsing.

3    In addition, Internet marketing, including the marketing at issue here that utilizes

4    advertisements seen by Internet users in all 50 states and provides commissions for

5    actions taken by eBay users across all 50 states, is also an interstate activity that was

6    affected by the racketeering activity committed by each of the members of the Hogan

7    Group and Dunning Group.

8    63.    The actions of each of the members of the Hogan Group and the Dunning

9    Group were undertaken with fraud, malice or oppression, or with a conscious disregard of

10   the rights of eBay.  Therefore, eBay is entitled to an award of exemplary and punitive

11   damages against each of the members of the Hogan Group and the Dunning Group, in an

12   amount according to proof at trial.

13   64.    WHEREFORE, eBay prays for judgment against each of the members of the

14   Hogan Group and the Dunning Group, as more fully set forth below.

15                    **THIRD CAUSE OF ACTION**

16                         **(Fraud)**

17   65.    eBay realleges each and every allegation set forth in Paragraphs 1 through

18   64, inclusive, and incorporates them by reference herein.

19   66.    DPS and DOES 1-10, by use of their cookie stuffing computer programs

20   and/or code, caused users' web browsers to convey a representation by those Defendants

21   to eBay that the user had accessed the eBay website via an advertisement placed by DPS.

22   eBay is informed and believes and, on that basis, alleges that this conduct began in or

23   around December 2003 and continued through at least June 2007.

24   67.    KFC and DOES 12-20, by use of their cookie stuffing computer programs

25   and/or code, caused users' web browsers to convey a representation by those Defendants

26   to eBay that the user had accessed the eBay website via an advertisement placed by KFC.

27   eBay is informed and believes and, on that basis, alleges that this conduct began in or

28   around December 2004 and continued through at least June 2007.

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1   Stewart H. Foreman  (CSB #61149)
    Daniel T. Bernhard  (CSB #104229)
2   Cathleen S. Yonahara (CSB #203802)
    FREELAND COOPER & FOREMAN LLP
3   150 Spear Street, Suite 1800
    San Francisco, California 94105
4   Telephone:  (415) 541-0200
    Facsimile:  (415) 495-4332
5   Email:  foreman@freelandlaw.com
            bernhard@freelandlaw.com
6           yonahara@freelandlaw.com

7   Attorneys for Defendants Todd Dunning
    and Dunning Enterprise, Inc.

8

9                   UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                       SAN JOSE DIVISION

12

| | |
|---|---|
| 13   EBAY, INC., | CASE NO.: CV-08-4052 JF |
| 14                 Plaintiff, | **DECLARATION OF TODD DUNNING IN SUPPORT OF** |
| 15       v. | **DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE,** |
| 16   DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, | **INC.'S MOTION TO STAY ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS** |
| 17   THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., | |
| 18   BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20, | Date:      November 20, 2009 |
| 19 | Time:      9:00 a.m. |
|    |              Place:      Courtroom 3, 5th Floor |
| 20                 Defendants. | Hon. Jeremy Fogel presiding |
| 21 | |

(left margin vertical text) FREELAND COOPER & FOREMAN LLP  150 Spear Street, Suite 1800  San Francisco, California 94105

22

23

24

25

26

27

28

1

I, TODD DUNNING, declare as follows:

1.     I am an individual over the age of eighteen, and am a named defendant in the above-referenced civil action commenced by e-Bay, Inc. ("Plaintiff"). I have personal knowledge of the facts set forth herein and I am competent to testify to these facts.

2.     I was a general partner in Kessler's Flying Circus ("KFC") until December 27, 2006. Thereafter, Dunning Enterprise, Inc. ("DEI") became a general partner in my place. My wife and I are the only shareholders and officers of DEI. DEI was not involved in the operations of KFC, but only held an ownership interest as a general partner. My wife was not involved in DEI in its role as a general partner in KFC. After December 27, 2006, the partners of KFC were DEI and my brother Brian Dunning's company, Thunderwood Holdings, Inc.

3.     KFC filed a federal partnership tax return in 2007 and provided Form K-1s to the partners who were Thunderwood Holdings, Inc. and DEI. KFC stated in its partnership tax return that its business address was 15 High Bluff, Laguna Niguel, California 92677, which is also Brian Dunning's home address. DEI has never had any documents relating to KFC's business.

4.     Plaintiff eBay, Inc. commenced this action on August 25, 2008, and filed its Second Amended Complaint ("SAC") on March 26, 2009. A true and correct copy of Plaintiff's Second Amended Complaint is attached hereto and incorporated by reference as Exhibit A.

5.     On June 18, 2007, the Federal Bureau of Investigation ("FBI") conducted an interview of me at my personal residence located in Aliso Viejo, California, regarding the topics referenced in Plaintiff's Second Amended Complaint. The FBI was interested in issues such as "forcing cookies," "forcing clicks," "inflating traffic", the function of "links" and "widgets," and the direction of internet traffic to the eBay website through KFC's services relating to Commission Junction, Inc. and eBay. The FBI did not request or receive any documents during this interview.

6.     I also understand that the FBI served a search warrant on my brother, Brian Dunning, at which time they seized, itemized, and removed all computer equipment in his home including all computers, disk drives, hard drives, cell phones and servers. I also have been informed in the course of this litigation that the FBI seized electronically-stored documents at Rackspace US, Inc. I have been informed that these seized items contained, among other things, all the business records and

2

DECLARATION OF TODD DUNNING ISO OF DEFENDANTS TODD DUNNING AND DUNNING ENTERPRISE, INC.'S MOTION TO STAY ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS, CASE NO.: CV-08-4052 JF

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1  other documents of KFC, although I do not know from my personal knowledge the contents or

2  ownership of the seized documents. I have been informed in the course of this litigation that I am not

3  authorized to access records stored at Rackspace US, Inc.

4      7.    All business records and other documents of KFC were maintained at its principal

5  place of business which was Brian Dunning's home. I did not independently maintain any business

6  records of KFC and do not have possession, custody or control of such documents. I have been

7  informed that all business records and other documents of KFC were seized by the FBI from Brian

8  Dunning's home or from Rackspace US, Inc. I do not have possession, custody or control of any

9  records seized by the FBI, and I do not have copies of the records seized. Other than the documents

10  that have already been produced to eBay in this case, neither DEI nor I have possession, custody or

11  control of any business records or other documents, in hard copy or electronic form, of KFC.

12      I declare under penalty of perjury under the laws of the State of California that the foregoing is

13  true and correct.

14      Executed this *15* day of October, 2009, at Aliso Viejo, California.

15

16                              TODD DUNNING

17

18

19

20

21

22

23

24

25

26

27

28                                                                3

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

# EXHIBIT "A"

1   DAVID R. EBERHART (S.B. #195474)
    deberhart@omm.com
2   SHARON M. BUNZEL (S.B. #181609)
    sbunzel@omm.com
3   COLLEEN M. KENNEDY (S.B. #227107)
    ckennedy@omm.com
4   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
5   San Francisco, CA 94111
    Telephone:   (415) 984-8700
6   Facsimile:   (415) 984-8701

7   Attorneys for Plaintiff eBay Inc.

8                   UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11  EBAY INC.,                          Case No.  CV 08-4052 JF (PVT)

12              Plaintiff,              SECOND AMENDED COMPLAINT
                                        FOR
13      v.
                                        (1)   Violations of 18 U.S.C. § 1030
14  DIGITAL POINT SOLUTIONS, INC.,      (2)   Violations of 18 U.S.C. § 1962(c)
    SHAWN HOGAN, KESSLER'S              (3)   Fraud
15  FLYING CIRCUS, THUNDERWOOD          (4)   Violations of California Pen. Code
    HOLDINGS, INC., TODD DUNNING,             § 502
16  DUNNING ENTERPISE, INC., BRIAN      (5)   Restitution and Unjust Enrichment
    DUNNING, BRIANDUNNING.COM,          (6)   California B&P Code § 17200;
17  and DOES 1 - 10 and 12 - 20,

18              Defendants.             DEMAND FOR JURY TRIAL

19

20

21

22          For its Second Amended Complaint, Plaintiff eBay Inc. alleges as set forth below.

23  The factual allegations set forth herein have evidentiary support or, to the extent they are

24  contained in a paragraph made on information and belief, likely will have evidentiary

25  support after a reasonable opportunity for further investigation or discovery.

26                              PARTIES

27      1.      At all times relevant herein, Plaintiff eBay Inc. ("eBay") was a corporation

28

1   organized and existing under the laws of the State of Delaware, with its principal place of

2   business in the State of California.

3       2.    eBay is informed and believes and, on that basis, alleges that at all times

4   relevant herein Defendant Digital Point Solutions, Inc. ("Digital Point Solutions") was a

5   California corporation, sole proprietorship or other business entity, doing business in the

6   State of California.  At various times relevant herein, Defendant Digital Point Solutions

7   may also have been known as and/or done business as "Data Point Solutions," "Digital

8   Point Solutions," and/or "Digital Point."  Digital Point Solutions has succeeded to the

9   obligations and liabilities of any and all of such predecessor entities.  At all times relevant

10  herein, Defendant Digital Point Solutions represented itself and held itself out to eBay as

11  an independent business entity with legal status separate from that of its individual

12  owner(s).

13      3.    eBay is informed and believes and, on that basis, alleges that at all times

14  relevant herein Defendant Shawn Hogan was an individual residing and doing business in

15  the State of California and was the sole owner and/or sole proprietor of Defendant Digital

16  Point Solutions in any and all of its incarnations.

17      4.    Defendants Digital Point Solutions and Shawn Hogan will be collectively

18  referred to herein as "DPS."

19      5.    eBay is informed and believes and, on that basis, alleges that at all times

20  relevant herein Defendant Kessler's Flying Circus was a California general partnership

21  doing business in the State of California.

22      6.    eBay is informed and believes and, on that basis, alleges that at all times

23  relevant herein Defendant Thunderwood Holdings, Inc. was a California corporation and

24  was a general partner of Defendant Kessler's Flying Circus.

25      7.    eBay is informed and believes and, on that basis, alleges that at all times

26  relevant herein Defendant Brian Dunning was an individual residing and doing business in

27  the State of California and was the sole owner of Defendant Thunderwood Holdings, Inc.

28      8.    eBay is informed and believes and, on that basis, alleges that at all times

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1    relevant herein Dunning Enterprise, Inc., previously substituted for the fictitiously named

2    defendant Doe 11, was a California corporation doing business in the State of California

3    and was a general partner of Defendant Kessler's Flying Circus.

4        9.    eBay is informed and believes and, on that basis, alleges that at all times

5    relevant herein Defendant Todd Dunning was an individual residing and doing business in

6    the State of California and was either a general partner of Defendant Kessler's Flying

7    Circus or held a controlling interest in Dunning Enterprise, Inc., which was a general

8    partner of Defendant Kessler's Flying Circus.

9        10.    eBay is informed and believes and, on that basis, alleges that at all times

10   relevant herein Defendant BrianDunning.com was a website and/or business entity

11   through which Defendants Brian Dunning and/or Todd Dunning committed some or all of

12   the acts alleged herein.

13       11.    Defendants Kessler's Flying Circus, Thunderwood Holdings, Inc., Dunning

14   Enterprise, Inc., BrianDunning.com, Brian Dunning, and Todd Dunning will be

15   collectively referred to herein as "KFC."

16       12.    eBay is ignorant of the true names and capacities of defendants sued herein

17   as Does 1 through 10 and 12 through 20, inclusive, and therefore sues said defendants by

18   such fictitious names. eBay will amend this complaint to allege the true names and

19   capacities of said defendants when they are ascertained. eBay is informed and believes

20   and, on that basis, alleges that each of the fictitiously named defendants is responsible in

21   some manner to pay the obligations described herein, and that eBay's losses as alleged

22   herein were proximately caused by said defendants' conduct.

23       13.    Unless otherwise specified, DPS, KFC and Does 1-10 and 12-20 will be

24   referred to collectively herein as "Defendants."

25                          **JURISDICTION AND VENUE**

26       14.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

27   and 1367.

28       15.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1),

1391(b)(2) and 1391(c), and 18 U.S.C. § 1965(a).

16. Pursuant to the User Agreements entered into by DPS and KFC, as discussed in paragraph 26 *infra*, they have consented to the jurisdiction of and venue in the Northern District of California. Specifically, under the User Agreements, the Defendants have agreed that any claim or controversy at law or equity that arises out of this Agreement or eBay's services must be resolved by a court located in Santa Clara County, California.

## INTRADISTRICT ASSIGNMENT

17. Assignment to the San Jose Division is proper pursuant to Local Rules 3-2(c) and (e) because a substantial part of the events or omissions that give rise to eBay's claim occurred in San Jose, Santa Clara County, California. eBay's corporate headquarters are located in San Jose, Santa Clara County, California, and Defendants' wrongful actions were specifically and purposefully directed at and intended to affect eBay in San Jose, Santa Clara County, California as discussed in detail below.

## GENERAL ALLEGATIONS

eBay's Affiliate Marketing Program

18. eBay offers to the public an online marketplace that enables trade on a local, national and international basis. Through eBay's website, sellers may list items for sale and buyers may bid on and purchase items of interest. eBay earns revenue when a seller places an item for sale and when the item is sold. eBay may also earn revenue depending on various features selected by the seller, *e.g.*, listing upgrades and photo displays.

19. eBay's Affiliate Marketing Program is designed to increase traffic to eBay's website through the placement of advertisements for eBay on third-party websites. eBay seeks to increase traffic to its site so that more people will be exposed to eBay's service and begin using eBay to buy or sell goods, thereby generating revenue for eBay. The persons and entities that advertise on behalf of eBay—whether on their own sites or on sites of other third parties—are known as "affiliates." eBay's Affiliate Marketing Program is intended to compensate affiliates only when the advertisement in question

- 4 -

1   causes a user to take some action at eBay's site that directly provides revenue to eBay or
2   indicates that the new user is likely to take such an action in the future. Accordingly,
3   affiliates earn commissions payable by eBay under the Affiliate Marketing Program when
4   the following sequence of events occurs: (1) the affiliate publishes an eBay advertisement,
5   (2) a user clicks on the eBay advertisement and is directed to eBay's website (the
6   "Referred Visit"), and (3) that user subsequently engages in a commission-generating
7   event (a "Revenue Action"). Revenue Actions, include, by way of example: (1) becoming
8   a new, registered user of eBay within 30 days of the Referred Visit, or (2) purchasing an
9   item from a third-party seller on eBay within seven days of the Referred Visit. Because
10   compensation to the affiliate is tied to actions by the user, it is essential that eBay be able
11   to determine whether a Revenue Action occurred by virtue of the fact that the user was
12   referred to eBay by a particular affiliate's advertisement. eBay and/or Commission
13   Junction, Inc. ("CJ") tracks this information using information placed in the new user's
14   browser, as discussed below.

15       20.   At all relevant times, eBay used the services of CJ, a subsidiary of
16   ValueClick, Inc., in administering the Affiliate Marketing Program. The relationship
17   between eBay and CJ was governed at all relevant times by various Advertiser Service
18   Agreements. Under those agreements, CJ was responsible for, among other things,
19   recruiting affiliates, tracking affiliate traffic, monitoring compliance by affiliates,
20   preventing and detecting fraudulent activity, and paying affiliates using funds remitted by
21   eBay.

22       21.   eBay's obligation to pay commissions is tracked by matching a user's
23   Revenue Actions on eBay's site to the affiliate that directed the user to eBay. This
24   tracking is accomplished through the use of a digital tag called a "cookie" that is stored in
25   the user's web browser. Cookies are collections of data commonly used by websites to
26   store and associate useful information with a given user. Cookies typically store
27   information such as usernames, passwords, and user preferences for a particular user; that
28   information makes it more efficient for users to access web pages and provides a means

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1   for websites to track and authenticate users. Cookies are placed or "dropped" in a user's

2   browser by a website when that user visits the website.

3       22.    In the case of eBay's Affiliate Marketing Program, cookies are used to

4   confirm that a user was directed to eBay from a specific affiliate. When a user clicks on

5   an affiliate advertisement and is directed to eBay's site, eBay's site drops a cookie on the

6   user's computer. That cookie identifies the site that referred the user to eBay and/or the

7   specific affiliate responsible for directing the traffic to eBay. If the user later engages in a

8   Revenue Action within the specified time period, eBay and/or CJ determines—based on

9   the data in the cookie—which affiliate, if any, should be credited with the referral and

10  receive the commission. If cookies from multiple affiliates are present on the user's

11  computer, the affiliate identified in the most recent cookie dropped is credited with the

12  Revenue Action. If there is no qualifying cookie on the computer, then no affiliate is

13  credited.  A substantial number of the Revenue Actions taken at eBay's site are taken by

14  users who were not referred to eBay by any affiliate; consequently, no commission is

15  owed for those actions.

16      23.    As part of the services it renders with respect to eBay's Affiliate Marketing

17  Program, CJ pays affiliates on a periodic basis (usually monthly), with funds remitted by

18  eBay, based on the number of Revenue Actions taken by users referred by those affiliates.

19  The Fraudulent "Cookie Stuffing" Schemes

20      24.    "Cookie stuffing" is a term used to describe the forced placement of a

21  cookie on a computer, typically by causing a cookie from a particular website to be placed

22  on the user's computer without the user knowing that he or she visited the website that

23  placed the cookie. DPS and KFC engaged in cookie stuffing intended to defraud eBay.

24  The allegations made on eBay's information and belief set forth in paragraphs 25-34, 37-

25  41, and 47-60 below describing Defendants' cookie stuffing schemes are based on eBay's

26  analysis of the Defendants' websites and/or technology and the way in which a user's web

27  browser interacts with Defendants' sites and/or technology, and on eBay's analysis of

28  historical data relating to traffic purportedly driven to eBay by Defendants. Certain other

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1    details regarding Defendants' cookie stuffing schemes are exclusively within Defendants'

2    control.

3         25.    eBay is informed and believes and, on that basis, alleges that DPS and KFC

4    each accomplished their cookie stuffing through software programs and/or code that,

5    unbeknownst to the user, redirected the user's computer to the eBay website without the

6    user actually clicking on an eBay advertisement link, or even becoming aware that they

7    had left the page they were previously viewing. As a result, the eBay site would be

8    prompted to drop an eBay cookie on the user's computer even though the user never

9    clicked on an eBay advertisement or even realized that their computer had ever visited the

10   eBay site. DPS and KFC stuffed a large number of Internet users, with the expectation

11   and intention that some subset of those users would later come to eBay and take a

12   Revenue Action.

13        26.    eBay is informed and believes and, on that basis, alleges that the software

14   programs utilized by each of DPS and KFC caused the user's computer to access eBay's

15   computers in an unauthorized way and/or to exceed the authorized access to eBay's

16   computers. Because DPS and KFC caused this access through and without the knowledge

17   or active participation of those users, the access of any such user's computer to eBay's site

18   is attributable to DPS and KFC. The only authorization given to the Defendants to access

19   eBay's site in any manner was by way of eBay's User Agreement. The User Agreement

20   was explicitly agreed to by the individual Defendants when they became registered eBay

21   users on the following dates: Shawn Hogan on May 17, 1999; Brian Dunning on

22   November 10, 2000; and Todd Dunning on May, 21, 2003. The remaining named

23   Defendants, Digital Point Solutions, Kessler's Flying Circus, Thunderwood Holdings,

24   Inc., Dunning Enterprise, Inc. and BrianDunning.com, were on constructive and/or actual

25   notice that the User Agreement governed their access to eBay's website, based on the

26   explicit agreement of their owners/principals to the terms of the User Agreement, as well

27   as eBay's display on its website at all relevant times of the statement that use of the

28   website constitutes acceptance of the User Agreement. Defendants' access to eBay was

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1   unauthorized by, and violated, the terms of the User Agreement because it occurred solely

2   to force the dropping of the eBay cookie and thereby wrongfully access eBay's computer

3   servers. Each of the causes of action set forth herein arises out of those violations of the

4   User Agreement.

5       27.   eBay is informed and believes and, on that basis, alleges that once the

6   cookie was stuffed on the user's computer by one or more of the Defendants, any future

7   Revenue Actions initiated by that user when the user later visited eBay intentionally, and

8   not as a result of any advertisement placed by Defendants, appeared to be eligible for

9   commissions payable to one of the Defendants (provided those actions took place within

10  the prescribed periods of time). Hence DPS or KFC would receive payment for actions by

11  users who had not been referred to eBay by Defendants' advertisements, thereby injuring

12  eBay.

13      28.   eBay is informed and believes and, on that basis, alleges that after DPS

14  and KFC independently began their cookie stuffing schemes, they communicated with

15  each other regarding those cookie stuffing schemes. Those communications between

16  DPS and KFC included, but were not limited to attempts by KFC to improve its

17  software and/or otherwise improve the effectiveness of its cookie stuffing scheme in

18  order to increase the amount of commissions that KFC could fraudulently obtain from

19  eBay, as well as efforts by DPS to prevent detection of the DPS cookie stuffing

20  scheme by eBay.

21      29.   eBay is informed and believes and, on that basis, alleges that DPS and KFC

22  used certain technological measures to prevent eBay from discovering their wrongdoing.

23  At certain relevant times DPS and KFC used technology or technologies that would stuff

24  cookies on only those computers that had not been previously stuffed by that Defendant.

25  The purpose of this action was to avoid discovery by eBay and/or CJ of evidence of

26  stuffing—e.g., by directly observing repeated stuffing to a test computer, by discovering

27  that a single user had multiple cookies pointing to the same affiliate or by discovering that

28  there was an abnormal ratio of cookies placed by DPS and KFC to the Revenue Actions

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1   attributable to users referred by DPS and KFC—and thereby conceal the schemes from

2   eBay's and/or CJ's monitoring activities.  In addition, at certain relevant times DPS and/or

3   KFC used technology that would avoid stuffing cookies on computers that appeared to be

4   geographically located in San Jose, California (the location of eBay's headquarters) or

5   Santa Barbara, California (the location of CJ's headquarters).  The purpose of this action

6   was to evade efforts by eBay and/or CJ to detect the cookie stuffing mechanism if they

7   attempted to observe the wrongdoing from their normal places of business.

8        30.    eBay is informed and believes and, on that basis, alleges that DPS also used

9   at least one additional technological measure to conceal its wrongdoing:  DPS used

10  images placed on web pages to effectuate its cookie stuffing scheme, and caused those

11  images to be so small that they were effectively invisible to the user and, accordingly,

12  difficult to detect.

13       31.    eBay is informed and believes and, on that basis, alleges that KFC also used

14  at least one additional technological measure to conceal its wrongdoing:  KFC used

15  JavaScript code contained in web pages to effectuate its cookie stuffing scheme, and

16  purposefully obscured the purpose and effect of that code so that, even when that code

17  was discovered, it was difficult to determine its actual effect.  This caused KFC's cookie

18  stuffing to be difficult to detect, whether by human or machine efforts.

19       32.    eBay is informed and believes and, on that basis, alleges that in addition to

20  these technological measures, DPS and KFC each actively sought to prevent detection by

21  eBay and CJ by explicitly denying to eBay and/or CJ that any wrongdoing had occurred.

22  For example, when Shawn Hogan was contacted by CJ in connection with suspicions of

23  cookie stuffing by DPS, he attributed the suspicious activity to "coding errors," which he

24  later purported to have "corrected."  Brian Dunning also gave false information to eBay in

25  response to questions about unusual activity regarding his account.  Additional false

26  statements intended to conceal the cookie stuffing activity are set forth below in paragraph

27  60 and are incorporated herein.

28       33.    As a result of the cookie stuffing schemes employed by DPS and KFC, DPS

- 9 -

1   and KFC accessed eBay's servers millions of times in an unauthorized manner that

2   violated the User Agreement and interfered with the proper working of those computers.

3   The majority of those acts of unauthorized access did not cause the improper payment of a

4   commission and did not involve the performance by CJ of any obligations under any

5   contract it had with any of the parties to this action. A minority, but economically

6   significant, of those acts of unauthorized access caused eBay to pay commissions (via CJ)

7   to each of DPS and KFC for a substantial number of Revenue Actions that were in no way

8   related to the legitimate referral of any user by either DPS's or KFC's advertisements and

9   for which neither DPS nor KFC were due compensation.

10        34.    On January 4, 2008, CJ filed an action against Defendants Kessler's Flying

11   Circus, Brian Dunning and Todd Dunning for breach of contract and other claims based

12   on KFC's cookie stuffing scheme perpetrated against eBay. CJ sought to recoup

13   commissions it had paid to those Defendants for the month of May 2007, after eBay

14   discovered KFC's cookie stuffing scheme and refused to reimburse CJ for the unearned

15   commissions it had paid to those Defendants for the previous month. CJ's action was

16   recently settled on undisclosed terms, and a request for dismissal has been filed. eBay

17   was not a party to CJ's action, and had no opportunity to litigate any issue in the CJ

18   action. eBay does not seek recovery through this litigation of any of the monies sought by

19   CJ through its now-settled litigation against Defendants Kessler's Flying Circus, Brian

20   Dunning and Todd Dunning.

21                        **FIRST CAUSE OF ACTION**

22                     **(Violations of 18 U.S.C. § 1030)**

23        35.    eBay realleges each and every allegation set forth in Paragraphs 1 through

24   34, inclusive, and incorporates them by reference herein.

25        36.    Through their cookie stuffing schemes as described above, DPS and KFC

26   each knowingly, intentionally and with intent to defraud accessed eBay's computers

27   without authorization and/or exceeded their authorized access to eBay's computers in

28   order to further their fraudulent schemes.

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1          37.    DPS's and KFC's access of eBay's computers was unauthorized because the

2    only purpose of that access was to defraud eBay. In addition, Defendants' access of

3    eBay's computers was unauthorized and/or exceeded their authorized access, because

4    each Defendant was a registered eBay user and/or was bound by the eBay User

5    Agreement in effect at the time, as set forth in paragraph 26 above. The User Agreements

6    that bound each of the Defendants were substantially similar. The User Agreements (a)

7    prohibited the use of any "device, software or routine" to interfere with or attempt to

8    interfere with the proper working of the eBay site or any activities conducted on the eBay

9    site, and (b) required compliance with all applicable laws regarding the use of eBay's

10    servers.

11          38.    The User Agreements were the only basis on which any Defendant had

12    authorization to access eBay's site. No agreement entered into by any Defendant in

13    connection with eBay's Affiliate Marketing Program, including but not limited to any

14    Publisher Service Agreement that may have been entered into between CJ and one or

15    more of Defendants and/or any Terms and Conditions of the Affiliate Marketing Program

16    agreed to by one or more of Defendants, provides for or in any way contemplates such

17    access. The User Agreements therefore govern and control any access to eBay's site,

18    whether authorized or unauthorized, by Defendants. Defendants, through their cookie

19    stuffing schemes, violated those User Agreements by accessing eBay's computers without

20    authorization and/or exceeded the authorized access granted to them by the User

21    Agreements.

22          39.    Upon information and belief, Defendants' access to eBay's computers that

23    was either unauthorized or exceeded the authorization granted by the User Agreements

24    did not always result in a commission being paid to any Defendant (for example, where a

25    user, after having a cookie stuffed on his or her computer by one of Defendants, did not

26    subsequently take any Revenue Action). In other cases, Defendants' access to eBay's

27    computers that was unauthorized or exceeded the authorization granted by the User

28    Agreements resulted in commissions being paid to Defendants for Revenue Actions

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1  initiated by users that Defendants did not refer to eBay, which were in no way related to

2  Defendants' advertisements, and for which Defendants were due no compensation. In

3  both instances, Defendants' access caused harm to eBay's computers and caused damage

4  and loss to eBay within the meaning of 18 U.S.C. § 1030, regardless of whether any

5  commission was later paid to Defendants for any particular act of cookie stuffing.

6      40. Upon information and belief, through their unauthorized access, Defendants

7  DPS and DOES 1-10 caused harm and damage to eBay's computers including, but not

8  limited to, impairment of the integrity of eBay's data, and caused loss to eBay including,

9  but not limited to, costs incurred by eBay in responding to and conducting an assessment

10  of the damage caused by these Defendants' cookie stuffing scheme. Through their

11  unauthorized access, Defendants DPS and DOES 1-10 also caused damage and loss to

12  eBay as a result of commissions being wrongfully paid to those Defendants. The loss to

13  eBay that resulted from the unauthorized access by Defendants DPS and DOES 1-10 was

14  incurred in each year from at least December 2003 through June 2007, and totaled more

15  than $5,000 in at least the one-month period ending June 30, 2007.

16      41. Upon information and belief, through their unauthorized access, Defendants

17  KFC and DOES 12-20 caused harm and damage to eBay's computers including, but not

18  limited to, impairment of the integrity of eBay's data, and caused loss to eBay including,

19  but not limited to, costs incurred by eBay in responding to and conducting an assessment

20  of the damage caused by these Defendants' cookie stuffing scheme. Through their

21  unauthorized access, Defendants KFC and DOES 12-20 also caused damage and loss to

22  eBay as a result of commissions being wrongfully paid to those Defendants. The loss to

23  eBay that resulted from the unauthorized access by Defendants KFC and DOES 12-20

24  was incurred in each year from at least December 2004 through June 2007, and totaled

25  more than $5,000 in at least the one-year period ending in June 2007.

26      42. eBay's computers are used in interstate and foreign commerce.

27      43. DPS's and KFC's actions, whether or not they resulted in the payment of

28  any commissions to them, constitute violations of the Computer Fraud and Abuse Act, 18

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1    U.S.C. § 1030, including but not limited to §§ 1030(a)(4), 1030(a)(5)(B) and

2    1030(a)(5)(C).

3        44.    WHEREFORE, eBay prays for judgment against each of DPS and KFC, as

4    more fully set forth below.

5                    **SECOND CAUSE OF ACTION**

6                **(Violations of 18 U.S.C. § 1962(c))**

7        45.    eBay realleges each and every allegation set forth in Paragraphs 1 through

8    44, inclusive, and incorporates them by reference herein.

9        46.    Defendants Shawn Hogan's, Brian Dunning's, and Todd Dunning's

10    unlawful, tortious and otherwise actionable conduct constitutes violations of 18 U.S.C. §

11    1962(c).

12        47.    Defendant Shawn Hogan and DOES 1-10 (the "Hogan Group") engaged in

13    activities through the company Digital Point Solutions. Digital Point Solutions has been

14    in existence as a business entity since at least 1999. On information and belief, based on

15    information provided on the company's website, from 1999 to the present, Digital Point

16    Solutions has had at least four employees, including owner, President, CEO and Senior

17    Systems Analyst Shawn Hogan, Vice President and Staff Systems Analyst R. Robin

18    Quasebarth, Associate System Analyst Richard L. Crook, and Sales Representative D.

19    Shawn Callahan. On information and belief, based on information provided on the

20    company's website and information provided to an eBay employee by Defendant Shawn

21    Hogan, at various times Digital Point Solutions also had other employees as well as a

22    group of "volunteers" who provided services to Digital Point Solutions. Digital Point

23    Solutions was incorporated on and/or before May 14, 2007. At all times relevant herein,

24    Digital Point Solutions constituted an enterprise under RICO.

25        48.    At all times relevant herein, through Digital Point Solutions, the Hogan

26    Group associated with each other and others for the common purpose of causing millions

27    of computers to access eBay's servers to defraud eBay of commission fees by designing

28    and implementing the cookie stuffing scheme described above. Upon information and

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1   belief, the Hogan Group's activities were ongoing, and Digital Point Solutions functioned

2   as a continuing unit in operating the fraudulent cookie stuffing scheme from

3   approximately December 2003 through June 2007.

4          49.     Defendants Brian Dunning, Todd Dunning and DOES 12-20 (the "Dunning

5   Group") engaged in activities through the companies Kessler's Flying Circus,

6   Thunderwood Holdings, Inc., Dunning Enterprise, Inc., and BrianDunning.com, and each

7   company constitutes a RICO enterprise.  Through Kessler's Flying Circus, Thunderwood

8   Holdings, Inc., Dunning Enterprise, Inc., and BrianDunning.com, the Dunning Group

9   associated with each other and others for the common purpose of defrauding eBay of

10  commission fees by designing and implementing the cookie stuffing scheme described

11  above.  Upon information and belief, the Dunning Group's activities were ongoing, and

12  Kessler's Flying Circus, Thunderwood Holdings, Inc., Dunning Enterprise, Inc. and

13  BrianDunning.com functioned individually, and with each other, as continuing units in

14  operating the fraudulent cookie stuffing scheme from approximately December 2004

15  through June 2007.

16         50.     The members of the Hogan Group and Dunning Group each committed

17  multiple violations of the predicate act of mail and wire fraud, 18 U.S.C. § 1343, both

18  through their cookie stuffing schemes and through communications with eBay and

19  Commission Junction designed to fraudulently conceal those schemes.

20         51.     As described in Paragraphs 25-33 above, schemes to defraud eBay existed

21  by which the members of the Hogan Group and Dunning Group each stuffed eBay

22  cookies onto computers for the purpose of defrauding eBay of commission fees due only

23  for legitimate Revenue Actions associated with a given affiliate.  The members of the

24  Hogan Group and Dunning Group each participated in these schemes with the specific

25  intent to defraud eBay.  Use of the Internet was essential to the schemes: the members of

26  the Hogan Group and Dunning Group stuffed a cookie onto a computer when a user was

27  browsing the Internet, and the stuffed cookie was later read and recognized when that

28  Internet user accessed eBay's website on the Internet and either registered with the site,

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1   purchased an item or engaged in some other Revenue Action.  The members of the Hogan

2   Group and Dunning Group each, by use of their technologies, caused users' web browsers

3   to convey a representation by the Hogan Group and/or the Dunning Group to eBay that

4   the user had accessed the eBay website via an advertisement placed by either DPS or

5   KFC, when in fact, a substantial portion of those users never knowingly or intentionally

6   visited the eBay website based on an advertisement placed by either DPS or KFC.  These

7   fraudulent acts and representations were repeated multiple times, and each act constitutes

8   a violation of 18 U.S.C. § 1343 through the use of interstate wires.  Moreover, because the

9   Hogan Group's and the Dunning Group's cookie stuffing activities were undertaken as

10  part of a scheme to defraud and for the purpose of executing that fraud by wire

11  transmissions, each instance of cookie stuffing constitutes a completed violation of 18

12  U.S.C. § 1343 regardless of whether any commission was credited or paid as a result.

13      52.     On or about June 2007, eBay undertook an investigation into suspected

14  cookie stuffing by the Hogan Group and the Dunning Group.  eBay was able to verify the

15  existence of the two schemes and to track specific instances of cookie stuffing through

16  several different methods.

17      53.     eBay first ran its own tests and was able to observe and confirm fraudulent

18  cookie stuffing by both the Hogan Group and the Dunning Group.

19          a.      For example, on or about June 5, 2007, an eBay employee visited the

20  website www.drago-sim.com using a secure computer that had its IP address masked (to

21  overcome countermeasures that prevented cookies from being stuffed onto computers

22  with San Jose IP addresses) and that was equipped to monitor and record Internet activity

23  occurring on the computer.  The website www.drago-sim.com was a participant in DPS's

24  advertising network and contained a DPS-controlled banner ad.  Although the eBay

25  employee never clicked on, or requested, any eBay ad or link to an eBay website, the

26  Hogan Group's code in the DPS-controlled banner ad secretly redirected the computer

27  being used by the eBay employee to an eBay website, and a DPS-associated cookie was

28  dropped.  eBay observed an identical cookie stuff by the Hogan Group on the same date

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1   by visiting the site www.songlyrics.com, which was also a participant in the DPS ad
2   network and which also contained a DPS-controlled banner ad.

3           b.     Also on or about June 5, 2007, eBay was able to observe and record
4   fraudulent cookie stuffing activity caused by the Dunning Group's wholinked and
5   profilemaps applications. As with the investigation of the Hogan Group's cookie stuffing,
6   secure computers equipped with Internet monitoring and recording equipment were
7   directed to sites containing the Dunning Group's wholinked and profilemaps applications.
8   Without any further action being taken by the computers' users, the Dunning Group's
9   wholinked and profilemaps applications secretly redirected the computers to an eBay
10  website, and KFC-associated cookies were stuffed onto the computers.

11        54.     In addition, on June 6, 2007, eBay asked Gallivan, Gallivan & O'Melia LLC
12  ("GGO") to undertake a cookie stuffing investigation. On that date, a GGO employee
13  visited the website www.jokes-time.com using a secure computer located in Mountain
14  View, California that had its IP address masked and had been equipped to monitor and
15  record Internet activity occurring on the computer. The jokes-time.com website was a
16  participant in DPS's advertising network and contained a DPS-controlled banner ad.
17  Without any action by the GGO employee other than visiting that website, the Hogan
18  Group's code in the DPS-controlled banner ad secretly redirected the GGO computer to
19  another DPS site and then to eBay's website, causing eBay's site to drop cookies that
20  were associated with DPS onto the GGO computer. On or about June 14, 2007, an
21  employee of GGO created a new eBay account using the computer that still contained the
22  cookies stuffed by the Hogan Group. The GGO employee then purchased an item from
23  eBay using the newly created account through the "buy it now" function. Using
24  information provided by GGO, eBay then tracked this new account and purchase, and
25  determined that DPS was credited both for the "new user" acquisition and for the sale.

26        55.     On or about June 6, 2007, GGO also performed a second cookie stuffing
27  test from its offices located in the Seattle, Washington area, following the same steps
28  taken in Mountain View. As in the Mountain View test, the Hogan Group's code stuffed

- 16 -

1   DPS-associated cookies onto the GGO computer even though the computer user did not

2   navigate to eBay's website. An eBay "buy it now" purchase was made by a GGO

3   employee in the Seattle area the following day using the computer containing the stuffed

4   cookies. eBay was again able to track a commission from the sale that was credited to

5   DPS.

6        56.    Having confirmed the ongoing cookie stuffing by both the Hogan Group

7   and the Dunning Group, eBay next set out to determine the extent of that unlawful

8   activity. On or about June 8-19, 2007, eBay made certain alterations to its website to both

9   detect further evidence of the cookie stuffing and, if found, to assess the volume of cookie

10   stuffing by the Hogan Group and the Dunning Group. eBay placed a special "gif" image

11   on the eBay.com home page. This special gif was served to any browser receiving an

12   eBay cookie. eBay had observed that Defendants' cookie stuffing schemes caused the

13   user's browser to be secretly redirected to eBay's home page for only a short period of

14   time—sufficient time for the cookie to be stuffed and little or no more. A browser that

15   had been redirected to eBay for purposes of cookie stuffing would not access eBay's site

16   long enough to be served the special gif, but a legitimate browser redirect to eBay (during

17   which a user clicks on an ad and comes to the eBay site) would be served that gif. eBay

18   then examined the data or traffic sent by all of its affiliates, including DPS and KFC.

19   eBay was able to review this data with a tremendous amount of granularity, capturing

20   individual cookie stuffs by the Hogan Group and the Dunning Group. The following are

21   examples of such individual cookie stuffs:

22       • On June 8, 2007, at approximately 12:32 p.m. PST, a cookie stuffed with

23         information for the affiliate using PID 2326993 was dropped from an eBay

24         California server to IP address 84.13.180.86. The user of this IP address was

25         located in Surrey, UK. PID 2326993 was an affiliate account number assigned to

26         KFC. The special gif was not served.

27       • On June 8, 2007, at approximately 12:37 p.m. PST, a cookie stuffed with

28         information for the affiliate using PID 2028993 was dropped from an eBay

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1      California server to IP address 83.67.105.219. The user of this IP address was

2      located in South Yorkshire, UK. PID 2028993 was an affiliate account number

3      assigned to KFC. The special gif was not served.

4      • On June 8, 2007, at approximately 12:52 p.m. PST, a cookie stuffed with

5      information for the affiliate using PID 2028993 was dropped from an eBay

6      California server to IP address 172.174.248.28. The user of this IP address was a

7      customer utilizing the ISP America Online located in Virginia. PID 2028993 was

8      an affiliate account number assigned to KFC. The special gif was not served.

9      • On June 8, 2007, at approximately 12:58 p.m. PST, a cookie stuffed with

10      information for the affiliate using PID 2225634 was dropped from an eBay

11      California server to IP address 68.57.17.37. The user of this IP address was located

12      in Pennsylvania. PID 2225634 was an affiliate account number assigned to DPS.

13      The special gif was not served.

14      • On June 9, 2007, at approximately 12:43 p.m. PST, a cookie stuffed with

15      information for the affiliate using PID 2326993 was dropped from an eBay

16      California server to IP address 81.104.118.168. The user of this IP address was

17      located in Glasgow, Scotland. PID 2326993 was an affiliate account number

18      assigned to KFC. The special gif was not served.

19      • On June 9, 2007, at approximately 12:56 p.m. PST, a cookie stuffed with

20      information for the affiliate using PID 2225635 was dropped by an eBay California

21      server on IP address 71.210.107.53. The user of this IP address was located in

22      Arizona. PID 2225635 was an affiliate account number assigned to DPS. The

23      special gif was not served.

24      • On June 11, 2007, at approximately 12:18 p.m. PST, a cookie stuffed with

25      information for the affiliate using PID 2225634 was dropped by an eBay California

26      server on IP address 206.40.234.2 18. The user of this IP address is located in

27      Utah. PID 2225634 is an affiliate account number assigned to DPS. The special

28      gif was not served.

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1    The cumulative results of the investigation demonstrated that over 99% of the traffic

2    directed by DPS and KFC during the time period of the investigation did not receive the

3    gif image, and was therefore fraudulent cookie stuffing traffic.  During the short period of

4    this investigation, the data demonstrated that the Hogan Group had stuffed over 650,000

5    cookies and the Dunning Group had stuffed close to 20,000 cookies.

6         57.    eBay also performed an additional analysis of historical data that uncovered

7    further evidence of cookie stuffing by the Hogan Group and the Dunning Group over the

8    period from April 1, 2004 through June 18, 2007.  Cookie stuffing is premised on the

9    notion that if one stuffs a large number of Internet users, some subset of those users will

10   later come to eBay (by chance and through no action of the cookie stuffer) and take a

11   Revenue Action.  eBay examined its historical data regarding the behavior of eBay users

12   in an effort to determine whether user behavior provided proof of cookie stuffing.  eBay's

13   analysis showed that, in fact, there were substantial differences in the behavior of

14   legitimately-referred users and users referred by DPS and KFC, which supported the

15   conclusion that the Hogan Group and the Dunning Group engaged in cookie stuffing.  For

16   legitimately-referred users, the historical data showed that a high percentage of Revenue

17   Actions (e.g., establishing a new eBay account or placing a winning bid on an item)

18   occurred within the first hour of a cookie drop.  Such behavior was to be expected,

19   because the cookie was dropped at the same time that the user visited eBay's site and was

20   exposed to the content on the site that would drive a Revenue Action.  The contrasting

21   historical data for DPS and KFC demonstrated that both the Hogan Group and the

22   Dunning Group had been engaged in cookie stuffing.  Users allegedly referred by DPS

23   and/or KFC demonstrated behavior consistent with cookie stuffing and inconsistent with

24   legitimate referrals: those users did not take the high percentage of their Revenue Actions

25   during the first hour following the cookie drop and, instead, took Revenue Actions at a

26   nearly uniform rate over the life of the cookie.  This behavior showed that those users had

27   not been exposed to the content of the eBay site at the same time that the cookie was

28   dropped; instead, the users had been stuffed and visited eBay at some random time after

- 19 -

1    68.   DPS and KFC also made a number of false statements regarding their

2    business methods, described above, in an effort to conceal their fraudulent cookie stuffing

3    schemes from detection by eBay or CJ.

4    69.   The representations made and/or caused to be made by each of DPS, KFC

5    and DOES 1-10 and 12-20 were in fact false. The true facts were that a substantial

6    portion of the users ostensibly referred by each of DPS, KFC and DOES 1-10 and 12-20

7    to the eBay site had not been referred by those Defendants, that those users had never

8    knowingly or intentionally visited the eBay site based on any advertisement or referral

9    from any of those Defendants, and that the information contained in cookies in those

10   users' web browsers was actually the product of the false and misleading cookie stuffing

11   schemes employed by each of DPS, KFC and DOES 1-10 and 12-20.

12   70.   When DPS, KFC and DOES 1-10 and 12-20 made these representations (or

13   caused them to be made), they knew them to be false and made these representations (or

14   caused them to be made) with the intention to deceive and defraud eBay and induce eBay

15   to act in reliance on these representations.

16   71.   eBay, at the time these representations were made (or caused to be made) by

17   DPS, KFC and DOES 1-10 and 12-20, was ignorant of the falsity of the representations

18   and believed them to be true. In reliance on these representations, eBay was induced to,

19   and did, make commission payments to each of DPS and KFC (via CJ) in consideration

20   for referrals that eBay believed to be legitimate and bona fide. Had eBay known the true

21   facts, it would not have made such commission payments. eBay's reliance on the

22   representations of DPS, KFC and DOES 1-10 and 12-20 was justified.

23   72.   As a proximate result of the fraudulent conduct of each of DPS, KFC and

24   DOES 1-10 and 12-20, eBay paid commissions and fees to DPS and KFC (via CJ) for

25   referrals that had never occurred, for which eBay received no value, and for which eBay

26   owed nothing to DPS or KFC.

27   73.   As a proximate result thereof, eBay has been damaged in an amount to be

28   proven at trial.

1      74.    Defendants' actions were undertaken with fraud, malice or oppression, or

2 with a conscious disregard of the rights of eBay and, therefore, eBay is entitled to an

3 award of exemplary and punitive damages against each of DPS, KFC and DOES 1-10 and

4 12-20, in an amount according to proof at trial.

5      75.    WHEREFORE, eBay prays for judgment against each of DPS, KFC and

6 DOES 1-10 and 12-20, as more fully set forth below.

7 **FOURTH CAUSE OF ACTION**

8 **(Violations of California Penal Code § 502)**

9      76.    eBay realleges each and every allegation set forth in Paragraphs 1 through

10 75, inclusive, and incorporates them by reference herein.

11      77.    Each of DPS and KFC have knowingly and without permission: altered,

12 damaged, deleted, destroyed, or otherwise used eBay's computer, computer system, or

13 computer network in order to devise and execute a cookie stuffing scheme or artifice in

14 order to defraud and deceive; and/or altered, damaged, deleted, destroyed, or otherwise

15 used eBay's computer, computer system, or computer network in order to wrongfully

16 control or obtain money and property; and/or accessed or caused to be accessed eBay's

17 computer, computer system, or computer network.

18      78.    DPS's and KFC's unauthorized access and use of eBay's computers has

19 damaged and caused loss to eBay.

20      79.    DPS's and KFC's actions constitute violations of California Penal Code §

21 502(c), whether or not any commissions were credited or paid as a result of those actions.

22      80.    DPS's and KFC's actions were undertaken with fraud, malice or oppression,

23 or with a conscious disregard of the rights of eBay and, therefore, eBay is entitled to an

24 award of exemplary and punitive damages against each of DPS and KFC, in an amount

25 according to proof at trial.

26      81.    WHEREFORE, eBay prays for judgment against each of DPS and KFC, as

27 more fully set forth below.

28

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1
2

### FIFTH CAUSE OF ACTION

### (Restitution and Unjust Enrichment)

3    82.   eBay realleges each and every allegation set forth in Paragraphs 1 through

4    81, inclusive, and incorporates them by reference herein.

5    83.   Through their cookie stuffing schemes, as described above, each of DPS and

6    KFC received a benefit from eBay, in the form of artificially and fraudulently inflated

7    commissions paid to DPS and KFC (via CJ) for Revenue Actions that were not associated

8    with any referral from those Defendants.

9    84.   In light of DPS's and KFC's conduct, it would be unjust for DPS and KFC

10   to retain the benefits they obtained from eBay.

11   85.   DPS and KFC have been unjustly enriched by eBay's payments and should

12   be required in equity to make restitution of these payments to eBay.

13   86.   WHEREFORE, eBay prays for judgment against each of DPS and KFC, as

14   more fully set forth below.

15

### SIXTH CAUSE OF ACTION

16

### (California Business and Professions Code § 17200)

17   87.   eBay realleges each and every allegation set forth in Paragraphs 1 through

18   86, inclusive, and incorporates them by reference herein.

19   88.   Through their cookie stuffing schemes, as described above, each of DPS and

20   KFC engaged in unlawful, unfair and/or fraudulent business practices.  Such conduct by

21   each of DPS and KFC violates California Business and Professions Code § 17200 et. seq.

22   89.   As discussed herein, DPS's and KFC's business practices of engaging in

23   cookie stuffing were unlawful under state and federal laws, including but not limited to

24   the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the civil RICO statute, 18 U.S.C. §

25   1962(c), California Penal Code § 502, and constituted common law fraud.

26   90.   DPS's and KFC's conduct was also fraudulent and deceptive, and was

27   unfair to eBay, in that it offended established public policy, and/or was immoral,

28   unethical, oppressive, unscrupulous and substantially injurious to eBay.

1       91.   As a direct result of DPS's and KFC's conduct, eBay has suffered an injury

2   in fact and has lost money and/or property that has been wrongfully retained by each of

3   DPS and KFC.

4       92.   WHEREFORE, eBay prays for judgment against each of DPS and KFC, as

5   more fully set forth below.

6                       **PRAYER FOR RELIEF**

7       WHEREFORE, based upon the foregoing, eBay prays for judgment against

8   Defendants, and each of them, for:

9       i.   Judgment in favor of eBay and against all Defendants on all causes of

10  action;

11      ii.   An award of compensatory damages according to proof at trial;

12      iii.   An award of punitive damages according to proof at trial;

13      iv.   An award of treble damages against Defendants Shawn Hogan, Brian

14  Dunning and Todd Dunning, pursuant to 18 U.S.C. § 1964 according to proof at trial;

15      v.   An award requiring Defendants to disgorge all ill-gotten gains and to return

16  the eBay funds by which Defendants have been unjustly enriched;

17      vi.   An award of restitution, according to proof at trial;

18      vii.   An injunction prohibiting Defendants from (a) disseminating, sharing or

19  otherwise making available any cookie stuffing technology to others; (b) possessing,

20  disseminating, sharing, or otherwise making available any technology intended or capable

21  of being used to defraud eBay; and (c) having any further involvement with any person or

22  entity participating in the eBay Affiliate Marketing Program;

23      viii.   An award of pre-judgment and post-judgment interest;

24      ix.   An award of attorney's fees and costs of suit incurred herein; and

25      x.   Such other further relief as the Court may deem just and proper.

26

27

28

SECOND AMENDED COMPLAINT
CASE NO. CV 08-4052 JF (PVT)

1   Dated: March 26, 2009                O'MELVENY & MYERS LLP

2

3                                        By:    /s/ David R. Eberhart

4                                               David R. Eberhart
                                                Sharon M. Bunzel
5                                               Colleen M. Kennedy
                                                Attorneys for Plaintiff eBAY INC.
6

7

8                        **DEMAND FOR JURY TRIAL**

9   eBay hereby demands a trial by jury of all claims in this action.

10

11  Dated: March 26, 2009                O'MELVENY & MYERS LLP

12

13                                       By:    /s/ David R. Eberhart

14                                              David R. Eberhart
                                                Sharon M. Bunzel
15                                              Colleen M. Kennedy
                                                Attorneys for Plaintiff eBAY INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT
                                         CASE NO. CV 08-4052 JF (PVT)