# EXHIBIT 9

Dockets.Justia.com

4145.2
Duce

1  Stewart H. Foreman  (CSB #61149)
   Daniel T. Bernhard (CSB #104229)
2  FREELAND COOPER & FOREMAN LLP
   150 Spear Street, Suite 1800
3  San Francisco, California 94105
   Telephone:  (415) 541-0200
4  Facsimile:  (415) 495-4332
   Email: foreman@freelandlaw.com
5         bernhard@freelandlaw.com

6  Attorneys for Defendants Todd Dunning
   and Dunning Enterprise, Inc.

7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11

12  EBAY, INC.,                          CASE NO.: CV-08-4052 JF

13          Plaintiff,                   **DEFENDANT TODD DUNNING'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**
14      v.

15  DIGITAL POINT SOLUTIONS, INC., SHAWN
    HOGAN, KESSLER'S FLYING CIRCUS,
16  THUNDERWOOD HOLDINGS, INC., TODD
    DUNNING, DUNNING ENTERPRISE, INC.,
17  BRIAN DUNNING, BRIANDUNNING.COM,
    AND DOES 1-20,
18
            Defendants.
19

20  PROPOUNDING PARTY:          PLAINTIFF EBAY INC.

21  RESPONDING PARTY:           DEFENDANT TODD DUNNING

22  SET NUMBER:                 ONE

23

24

25

26

27

28

{00123666-1}

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1  Defendant Todd Dunning ("Defendant") hereby submits the following objections

2  and responses to the Request for Production of Documents Set One propounded by Plaintiff Ebay, Inc.

3  ("Plaintiff").

4  <u>GENERAL STATEMENT</u>

5  Defendant has invoked his privilege against self-incrimination pursuant to the Fifth

6  Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of

7  Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code

8  section 940. Should Defendant determine that there is no longer the threat of potential criminal

9  prosecution and elect to withdraw his privilege against self-incrimination in the future, Defendant

10 expressly reserves the right to supplement his responses.

11 Furthermore, the Federal Bureau of Investigation has seized all documents and computers,

12 disk drives, hard drives, cell phones and servers containing information potentially related to this

13 matter. Assistant United States Attorney Kyle F. Waldinger in charge of this investigation has refused

14 all requests to provide defendants with a copy of the material seized by the FBI. Those items and

15 records may contain information responsive to the requests below, but those items and records are not

16 in the possession, custody or control of defendants.

17 At the time of making Defendant's initial disclosures, Defendant produced all documents

18 relevant to this case that are in his possession, custody and control. Commission Junction, Inc. has

19 also produced documents in the related state action *Commission Junction, Inc. v. Thunderwood*

20 *Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025 that may include

21 documents responsive to this request, but such documents are subject to a Confidentiality Order.

22 <u>REQUEST FOR PRODUCTION NO. 1:</u>

23 All documents relating to eBay, including all agreements, terms of service and terms and

24 conditions.

25 <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1:</u>

26 Defendant objects to this request on the grounds that it violates Defendant's privilege against

27 self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

28 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 2:

All documents relating to, or Communications with, eBay or any current or former employee of eBay.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is duplicative, vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 3:

All documents relating to payment of commissions or other revenue obtained by Todd Dunning through participation in, interaction with or manipulation of eBay's Affiliate Marketing Program.

///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that the this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 4:

All documents relating to eBay's Affiliate Marketing Program, including, but no limited to, all methods and technologies used by Todd Dunning to obtain revenue from, manipulate or otherwise interact with, eBay's Affiliate Marketing Program, including, but not limited to, all software, source code, Javascript, and HTML code.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that that the term "manipulate" is vague, argumentative and conclusory. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information.

///

{00123666-1}

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1  REQUEST FOR PRODUCTION NO. 5:

2      All documents relating to advertisements for eBay used, or purported to be used, on any

3  website or ad network that directed or referred Users to eBay as part of eBay's Affiliate Marketing

4  Program.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

6      Defendant objects to this request on the grounds that it violates Defendant's privilege against

7  self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

8  U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

9  Constitution, and California Evidence Code section 940. Defendant further objects on the ground that

10  this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant

11  further objects to this request on the grounds that, as phrased, the request seeks documents the

12  disclosure of which might violate the attorney-client privilege and/or the work product doctrine.

13  Defendant further objects to this request on the ground that it seeks production of trade secrets or

14  other confidential information.

15  REQUEST FOR PRODUCTION NO. 6:

16      All documents reflecting the number of Users who allegedly clicked on an advertisement for

17  eBay used, or purported to be used, by Todd Dunning to direct or refer Users to eBay as part of eBay's

18  Affiliate Marketing Program.

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

20      Defendant objects to this request on the grounds that it violates Defendant's privilege against

21  self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

22  U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

23  Constitution, and California Evidence Code section 940. Defendant further objects on the ground that

24  this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant

25  further objects to this request on the grounds that, as phrased, the request seeks documents the

26  disclosure of which might violate the attorney-client privilege and/or the work product doctrine.

27  Defendant further objects to this request on the ground that it seeks production of trade secrets or

28  other confidential information.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1  REQUEST FOR PRODUCTION NO. 7:

2      All documents relating to methods or techniques intended to, or causing, a User's browser to

3  load any eBay webpage, webpage content or data therefrom.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

5      Defendant objects to this request on the grounds that it violates Defendant's privilege against

6  self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

7  U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

8  Constitution, and California Evidence Code section 940. Defendant further objects on the ground that

9  this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant

10 further objects to this request on the grounds that, as phrased, the request seeks documents the

11 disclosure of which might violate the attorney-client privilege and/or the work product doctrine.

12 Defendant further objects to this request on the ground that it violates Defendant's right to privacy,

13 and seeks production of trade secrets or other confidential information.

14 REQUEST FOR PRODUCTION NO. 8:

15     All documents sufficient to identify all advertising networks, advertising syndication services

16 or websites used or purportedly used by Todd Dunning to advertise or promote eBay or to interact in

17 any way with eBay or eBay's Affiliate Marketing Programs.

18 RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

19     Defendant objects to this request on the grounds that it violates Defendant's privilege against

20 self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

21 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

22 Constitution, and California Evidence Code section 940. Defendant further objects on the ground that

23 this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant

24 further objects to this request on the grounds that, as phrased, the request seeks documents the

25 disclosure of which might violate the attorney-client privilege and/or the work product doctrine.

26 Defendant further objects to this request on the ground that it violates Defendant's right to privacy,

27 and seeks production of trade secrets or other confidential information.

28 ///

REQUEST FOR PRODUCTION NO. 9:

2  All documents sufficient to identify all Affiliate Marketing Programs, not including eBay's

3 Affiliate Marketing Program, with whom Todd Dunning obtained revenue or otherwise interacted.

4 RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

5  Defendant objects to this request on the grounds that it violates Defendant's privilege against

6 self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

7 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

8 Constitution, and California Evidence Code section 940. Defendant further objects on the ground that

9 this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant

10 further objects that to the extent this request seeks documents related to programs other than eBay's

11 Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor

12 reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to

13 this request on the grounds that, as phrased, the request seeks documents the disclosure of which

14 might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects

15 to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade

16 secrets or other confidential information.

17 REQUEST FOR PRODUCTION NO. 10:

18  All documents relating to and/or describing methods and techniques used by any other

19 Affiliate Marketing Program that Todd Dunning interacted with, participated in or manipulated.

20 RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

21  Defendant objects to this request on the grounds that it violates Defendant's privilege against

22 self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

23 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

24 Constitution, and California Evidence Code section 940. Defendant further objects on the ground that

25 this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant

26 further objects on the grounds that that the term "manipulated" is vague, argumentative and

27 conclusory. Defendant further objects that to the extent this request seeks documents related to

28 programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1    matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

2    Defendant further objects to this request on the grounds that, as phrased, the request seeks documents

3    the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.

4    Defendant further objects to this request on the ground that it violates Defendant's right to privacy,

5    and seeks production of trade secrets or other confidential information.

6    <u>REQUEST FOR PRODUCTION NO. 11:</u>

7        All documents sufficient to identify the source of any technology, technique or methods used

8    by Todd Dunning to participate in, manipulate or interact with the eBay Affiliate Marketing Program,

9    or any other Affiliate Marketing Program.

10    <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 11:</u>

11        Defendant objects to this request on the grounds that it violates Defendant's privilege against

12    self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

13    U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

14    Constitution, and California Evidence Code section 940. Defendant further objects on the ground that

15    this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant

16    further objects on the grounds that that the term "manipulate" is vague, argumentative and conclusory.

17    Defendant further objects that to the extent this request seeks documents related to programs other

18    than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this

19    action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further

20    objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of

21    which might violate the attorney-client privilege and/or the work product doctrine. Defendant further

22    objects to this request on the ground that it violates Defendant's right to privacy, and seeks production

23    of trade secrets or other confidential information.

24    <u>REQUEST FOR PRODUCTION NO. 12:</u>

25        All documents sufficient to identify any individuals, groups, books, manuals or other materials

26    consulted by Todd Dunning while developing any technology, technique or method used by Todd

27    Dunning to participate in, manipulate or interact with the eBay Affiliate Marketing Program, or any

28    other Affiliate Marketing Program.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that that the term "manipulate" is vague, argumentative and conclusory. Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information.

## REQUEST FOR PRODUCTION NO. 13:

All documents relating to Commission Junction, including all agreements, terms of service and terms and conditions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information.

///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1 REQUEST FOR PRODUCTION NO. 14:

2     All documents relating to, or Communications with, Commission Junction or any current or

3 former employee of Commission Junction.

4 RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

5     Defendant objects to this request on the grounds that it violates Defendant's privilege against

6 self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

7 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

8 Constitution, and California Evidence Code section 940. Defendant further objects on the ground that

9 this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant

10 further objects to this request on the grounds that, as phrased, the request seeks documents the

11 disclosure of which might violate the attorney-client privilege and/or the work product doctrine.

12 Defendant further objects to this request on the ground that it seeks production of trade secrets or

13 other confidential information.

14 REQUEST FOR PRODUCTION NO. 15:

15     All documents relating to, or Communications with, Digital Point Solutions, Inc., Kessler's

16 Flying Circus, Thunderwood Holdings, Inc., Dunning Enterprise, Inc., or briandunning.com.

17 RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

18     Defendant objects to this request on the grounds that it violates Defendant's privilege against

19 self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

20 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

21 Constitution, and California Evidence Code section 940. Defendant further objects on the ground that

22 this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant

23 further objects that this request seeks documents which are neither relevant to the subject matter of

24 this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant

25 further objects to this request on the grounds that, as phrased, the request seeks documents the

26 disclosure of which might violate the attorney-client privilege and/or the work product doctrine.

27 Defendant further objects to this request on the ground that it violates Defendant's right to privacy,

28 seeks production of trade secrets or other confidential information.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1    REQUEST FOR PRODUCTION NO. 16:

2       All Communications with Brian Dunning or Shawn Hogan.

3    RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

4       Defendant objects to this request on the grounds that it violates Defendant's privilege against

5    self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

6    U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

7    Constitution, and California Evidence Code section 940. Defendant further objects on the ground that

8    this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant

9    further objects that this request seeks documents which are neither relevant to the subject matter of

10   this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant

11   further objects to this request on the ground that it violates privacy rights of Defendant and third

12   parties, and seeks production of trade secrets or other confidential information.

13   REQUEST FOR PRODUCTION NO. 17:

14      All documents relating to, or Communications with, Rachael Hughes, or any companies or

15   entities owned, controlled, affiliated with or used by Rachael Hughes, relating to eBay's Affiliate

16   Marketing Program including, but not limited to, any agreements with Rachael Hughes and company

17   and any technology transferred to or from Rachael Hughes and company.

18   RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

19      Defendant objects to this request on the grounds that it violates Defendant's privilege against

20   self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

21   U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

22   Constitution, and California Evidence Code section 940. Defendant further objects on the ground that

23   this request is vague and ambiguous, and Plaintiff has failed to identify the person or entity Rachel

24   Hughes. Defendant further objects that this request seeks documents which are neither relevant to the

25   subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

26   ///

27   ///

28   ///

**REQUEST FOR PRODUCTION NO. 18:**

All documents sufficient to describe all phone numbers, email addresses, web pages, instant messenger or mail accounts and social network accounts maintained, formerly maintained or registered to Todd Dunning.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to identify any Aliases used by Todd Dunning in any Internet Forum at or within which Todd Dunning discussed any aspect of their participation in, manipulation of or interaction with eBay's Affiliate Marketing Program, or any other Affiliate Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or chat rooms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

the grounds that that the term "manipulation" is vague, argumentative and conclusory. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 20:

Documents sufficient to identify any Internet Forum at or within which Todd Dunning discussed any aspect of his participation in, manipulation of or interaction with eBay's Affiliate Marketing Programs, or any other Affiliate Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or chat rooms.

RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory. Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 21:

Documents sufficient to identify all internet service providers (ISPs) and IP addresses used by Todd Dunning.

RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 22:

Documents sufficient to identify all computers, servers, electronic data storage and hosting companies, entities, or facilities used by Todd Dunning.

RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 23:

Documents sufficient to identify any entity used or hired to maintain or restore electronic data or systems relating to Todd Dunning's participation in, manipulation of or interaction with eBay's Affiliate Marketing Program.

RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1    further objects on the grounds that that the term "manipulation" is vague, argumentative and
2    conclusory. Defendant further objects to this request on the ground that it violates Defendant's right to
3    privacy, seeks production of trade secrets or other confidential information.

4    REQUEST FOR PRODUCTION NO. 24:

5        Documents sufficient to identify software used to clean, reformat or erase hard-drives used by
6    Todd Dunning, or any equipment owned, used or maintained by Todd Dunning.

7    RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

8        Defendant objects to this request on the grounds that it violates Defendant's privilege against
9    self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414
10   U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California
11   Constitution, and California Evidence Code section 940. Defendant further objects on the ground that
12   this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant
13   further objects that this request seeks documents which are neither relevant to the subject matter of
14   this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant
15   further objects to this request on the ground that it violates Defendant's right to privacy, seeks
16   production of trade secrets or other confidential information.

17   REQUEST FOR PRODUCTION NO. 25:

18       All documents sufficient to identify all business entities or fictitious business names currently
19   or formerly maintained by Todd Dunning.

20   RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

21       Defendant objects to this request on the grounds that it violates Defendant's privilege against
22   self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414
23   U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California
24   Constitution, and California Evidence Code section 940. Defendant further objects on the ground that
25   this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant
26   further objects that this request seeks documents which are neither relevant to the subject matter of
27   this action, nor reasonably calculated to lead to the discovery of admissible evidence.

28   ///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1 REQUEST FOR PRODUCTION NO. 26:

2      All documents filed by Todd Dunning with any Secretary of State.

3 RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

4      Defendant objects to this request on the grounds that it violates Defendant's privilege against

5 self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

6 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

7 Constitution, and California Evidence Code section 940. Defendant further objects on the ground that

8 this request is overbroad, unduly burdensome and oppressive. Defendant further objects that this

9 request seeks documents which are neither relevant to the subject matter of this action, nor reasonably

10 calculated to lead to the discovery of admissible evidence.

11 REQUEST FOR PRODUCTION NO. 27:

12      Documents sufficient to show the structure and organization of all companies or other entities

13 owned or controlled by Todd Dunning that were involved in or interacted with any Affiliate

14 Marketing Program.

15 RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

16      Defendant objects to this request on the grounds that it violates Defendant's privilege against

17 self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

18 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

19 Constitution, and California Evidence Code section 940. Defendant further objects on the ground that

20 this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant

21 further objects that this request seeks documents which are neither relevant to the subject matter of

22 this action, nor reasonably calculated to lead to the discovery of admissible evidence.

23 REQUEST FOR PRODUCTION NO. 28:

24      Documents sufficient to identify all employees, contractors or temporary employees of Todd

25 Dunning, their dates of employment, duties, salary and any other compensation.

26 RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

27      Defendant objects to this request on the grounds that it violates Defendant's privilege against

28 self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates privacy rights of third parties, seeks production of trade secrets or other confidential information.

REQUEST FOR PRODUCTION NO. 29:

All documents sufficient to identify all assets and financial accounts (including those outside of the United States) maintained or formerly maintained by Todd Dunning.

RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy and seeks confidential financial information.

REQUEST FOR PRODUCTION NO. 30:

Documents constituting Todd Dunning's individual tax returns for the years 2003 to the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1  this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant

2  further objects that this request seeks documents which are neither relevant to the subject matter of

3  this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant

4  further objects to this request on the ground that it violates Defendant's right to privacy, and seeks

5  privileged financial information, *see e.g.*, California Revenue and Taxation Code section 19542.

6  REQUEST FOR PRODUCTION NO. 31:

7  All documents relating to the transfer or assumption of any liability by Todd Dunning.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

9  Defendant objects to this request on the grounds that it violates Defendant's privilege against

10  self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

11  U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

12  Constitution, and California Evidence Code section 940. Defendant further objects to this request on

13  the grounds that, as phrased, the request seeks documents the disclosure of which might violate the

14  attorney-client privilege and/or the work product doctrine. Defendant further objects on the ground

15  that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant

16  further objects that this request seeks documents which are neither relevant to the subject matter of

17  this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant

18  further objects to this request on the ground that it violates Defendant's right to privacy, and seeks

19  production of trade secrets or other confidential information.

20  REQUEST FOR PRODUCTION NO. 32:

21  All documents relating to any insurance policies relevant to this action.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

23  Defendant objects to this request on the grounds that it violates Defendant's privilege against

24  self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

25  U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California

26  Constitution, and California Evidence Code section 940. Defendant further objects to this request on

27  the grounds that, as phrased, the request seeks documents the disclosure of which might violate the

28  ///

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

attorney-client privilege and/or the work product doctrine. Defendant further objects on the ground that this request is vague and ambiguous.

Dated: February 26, 2009

FREELAND COOPER & FOREMAN LLP

By: _Stewart Foreman_
Stewart H. Foreman
Attorneys for Defendants Todd Dunning and Dunning Enterprises, Inc.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

# CERTIFICATE OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen and not a party to the within action; my business address is 150 Spear Street, Suite 1800, San Francisco, California 94105.

On February 26, 2009, I served the foregoing document described as follows:

**Defendant Todd Dunning's Responses to Plaintiff's First Set of Requests for Production**

by placing a true and correct copy thereof enclosed in a sealed envelope addressed to the party(ies) of record whose name(s) and address(es) appear below:

## SEE ATTACHED SERVICE LIST

_X_ [BY MAIL - CCP § 1013a] I caused such sealed envelope with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California, for collection and mailing to the office of addressee(s) on the date shown herein following ordinary business practice.

___ [HAND-DELIVERY/Personal/Messenger - CCP § 1011] I caused such envelope to be hand-delivered by a courier, who personally delivered such envelope to the office of the addressee(s) on the date herein.

___ [BY FACSIMILE - CCP § 1013(e)] - I caused such document(s) to be transmitted via facsimile electronic equipment transmission on the party(ies), whose name(s), address(es) and fax number(s) are listed above, on the date stated herein and at the time set forth on the attached transmission reported indicating that the facsimile transmission was complete and without error.

___ [BY FEDEX (Overnight Delivery) - CCP § 1013(c)] I caused such envelope to be delivered to the Federal Express Office in San Francisco, California, with whom we have a direct billing account, to be delivered on the next business day.

___ [BY E-MAIL or ELECTRONIC TRANSMISSION] . Based on a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the email addresses listed above. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

___ [STATE] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_ [FEDERAL] Service was made under the direction of a member of the bar of this Court who is admitted to practice and is not a party to this cause.

Executed on February 26, 2009, at San Francisco, California.

_____
Joyce E. Johnson

CERTIFICATE OF SERVICE, CASE NO. 08-4052 (JF)
{00120756-1}

# ATTACHED SERVICE LIST

Leo Presiado
RUS, MILIBAND & SMITH
Von Karman Towers
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
Attorneys for **Defendants Brian Dunning
and Thunderwood Holdings, Inc.**

Seyamack Kouretchian
COAST LAW GROUP
169 Saxony Road, Suite 204
Encinitas, CA 92024
Attorneys for Defendants Shawn Hogan and
Digital Point Solutions, Inc.

David Eberhart
O'MELVENY & MYERS LLP
Embarcadero Center West
2 Embarcadero Center, 28th Floor
San Francisco, CA 94111
Attorneys for Plaintiff eBay, Inc.
Telephone: 415-984-8700
Facsimile: 415-984-8701

Patrick K. McClellan
Von Karman Towers
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Attorney for Kessler's Flying Circus

CERTIFICATE OF SERVICE, CASE NO. 08-4052 (JF)