# EXHIBIT 10

Stewart H. Foreman (CSB #61149)
Daniel T. Bernhard (CSB #104229)
FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 541-0200
Facsimile: (415) 495-4332
Email: foreman@freelandlaw.com
       bernhard@freelandlaw.com

Attorneys for Defendants Todd Dunning and
Dunning Enterprise, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EBAY, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20, <br><br> Defendants. | CASE NO.: CV-08-4052 JF <br><br> **DEFENDANT TODD DUNNING'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION** |

PROPOUNDING PARTY:    PLAINTIFF EBAY INC.

RESPONDING PARTY:    DEFENDANT TODD DUNNING

SET NUMBER:    TWO

Defendant Todd Dunning hereby submits the following objections and responses to the Request for Production of Documents Set Two propounded by Plaintiff Ebay, Inc. ("Plaintiff").

1

## RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 33:**

All documents relating to the settlement of the CJ Litigation, including Communications with Commission Junction regarding settlement, proposed or draft settlement agreements or portions of such agreements, and any other Documents relating to the negotiation, drafting and execution of the Settlement Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

The only non-privileged document in the possession of this defendant relating to the settlement of the CJ Litigation is the Settlement and Mutual General Release Agreement, dated March 9, 2009, between Kessler's Flying Circus, a general partnership, Dunning Enterprise, Inc., a California corporation, and Todd Dunning, an individual, on the one side, and Commission Junction, Inc., a Delaware corporation, on the other side (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A. This defendant did not prepare any drafts or portions of drafts, or any other documents relating to this Settlement Agreement. Counsel for Commission Junction, Inc. prepared the entire document on or about March 9, 2009, as far as this defendant knows. This defendant in informed that this same document has been produced to plaintiff by Commission Junction, Inc. in response to a subpoena recently served by plaintiff. In addition to this response, this defendant objects under California Evidence Code §1119, Federal Rules of Evidence §408, and Local Rule ADR 6-12, to the production of documents prepared by the parties to the CJ Litigation for use in court-ordered mediations conducted during the course of the CJ Litigation.

**REQUEST FOR PRODUCTION NO. 34:**

All documents relating to any termination of a contractual or other business relationship between any of Defendants and Commission Junction, including any termination of an agreement entered into between any of Defendants and Commission Junction referred to as a Publisher Service Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

This defendant does not have any documents in its possession that are responsive to this request except for documents produced by Commission Junction, Inc. during the CJ Litigation. This

defendant in informed that these same documents have been produced to plaintiff by Commission Junction, Inc. in response to a subpoena recently served by plaintiff. Notwithstanding, this defendant identifies Commission Junction, Inc.'s documents numbered 49, 82, 85, and 583, and a letter dated June 27, 2007, which was attached as part of exhibit B to the Second Amended Complaint in the CJ Litigation as responsive to this request. Copies of these documents are collectively attached as Exhibit B to this response. This defendant is not aware of other non-privileged documents that relate to the termination of the Publisher Service Agreement, or the business relationship between Kessler's Flying Circus, Commission Junction, Inc. and eBay, Inc.

Dated: May 22, 2009

FREELAND COOPER & FOREMAN LLP

By: /s/ Stewart Foreman
STEWART H. FOREMAN
Attorneys for Defendants Todd Dunning and Dunning Enterprise, Inc.

# CERTIFICATE OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen and not a party to the within action; my business address is 150 Spear Street, Suite 1800, San Francisco, California 94105.

On May 22, 2009, I served the foregoing documents described as follows:

1. **DEFENDANT TODD DUNNING'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

by placing a true and correct copy thereof enclosed in a sealed envelope addressed to the party(ies) of record whose name(s) and address(es) appear below:

## SEE ATTACHED SERVICE LIST

_X_ [BY MAIL - CCP § 1013a] I caused such sealed envelope with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California, for collection and mailing to the office of addressee(s) on the date shown herein following ordinary business practice.

___ [HAND-DELIVERY/Personal/Messenger - CCP § 1011] I caused such envelope to be hand-delivered by a courier, who personally delivered such envelope to the office of the addressee(s) on the date herein.

___ [BY FACSIMILE - CCP § 1013(e)] - I caused such document(s) to be transmitted via facsimile electronic equipment transmission on the party(ies), whose name(s), address(es) and fax number(s) are listed above, on the date stated herein and at the time set forth on the attached transmission reported indicating that the facsimile transmission was complete and without error.

___ [BY FEDEX (Overnight Delivery) - CCP § 1013(c)] I caused such envelope to be delivered to the Federal Express Office in San Francisco, California, with whom we have a direct billing account, to be delivered on the next business day.

___ [BY E-MAIL or ELECTRONIC TRANSMISSION]. Based on a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the email addresses listed above. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

___ [STATE] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_ [FEDERAL] Service was made under the direction of a member of the bar of this Court who is admitted to practice and is not a party to this cause.

Executed on May 22, 2009, at San Francisco, California.

_____
Joyce E. Johnson

1

**CERTIFICATE OF SERVICE, CASE NO. CV-08-4052 (JF)**

## ATTACHED SERVICE LIST

| | |
|---|---|
| Leo Presiado<br>RUS, MILIBAND & SMITH<br>Von Karman Towers<br>2211 Michelson Drive, 7th Floor<br>Irvine, CA 92612<br>Telephone: (949) 752-7100<br>Facsimile: (949) 252-1514<br>Attorneys for **Defendants Brian Dunning and Thunderwood Holdings, Inc.** | Seyamack Kouretchian<br>COAST LAW GROUP<br>169 Saxony Road, Suite 204<br>Encinitas, CA 92024<br>Attorneys for Defendants Shawn Hogan and Digital Point Solutions, Inc. |
| David Eberhart<br>O'MELVENY & MYERS LLP<br>Embarcadero Center West<br>2 Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>Attorneys for Plaintiff eBay, Inc.<br>Telephone: 415-984-8700<br>Facsimile: 415-984-8701 | Patrick K. McClellan<br>Von Karman Towers<br>2211 Michelson Drive, 7th Floor<br>Irvine, CA 92612<br>Attorney for Kessler's Flying Circus |

**CERTIFICATE OF SERVICE, CASE NO. CV-08-4052 (JF)**

EXHIBIT A

## SETTLEMENT AND MUTUAL GENERAL RELEASE AGREEMENT

THIS SETTLEMENT AND MUTUAL GENERAL RELEASE AGREEMENT (the "Settlement Agreement") is made and entered into as of this 9th day of March, 2009, by and between Kessler's Flying Circus, a general partnership ("KFC"), Dunning Enterprise, Inc., a California corporation ("DEI"), and Todd Dunning, an individual (collectively, "KFC Parties") on the one hand, and Commission Junction, Inc., a Delaware corporation ("CJI") on the other hand. The parties identified in this paragraph will sometimes collectively be referred to as the "Parties" or each as a "Party." This Agreement is entered into with reference to the following facts:

### RECITALS

A.  On January 4, 2008, CJI commenced an action in the Superior Court of the State of California for the County of Orange against KFC, THI, Brian Dunning and Todd Dunning entitled *Commission Junction, Inc. v. Thunderwood Holdings, Inc., dba Kessler's Flying Circus; Todd Dunning; Brian Dunning and DOES 1 through 50*, Orange County Superior Court Case No. 30-2008 00101025 (the "Action"). CJI filed its First Amended Complaint in this Action on March 13, 2008 adding DEI as a party defendant. CJI filed its Second Amended Complaint in the Action on May 15, 2008. The Second Amended Complaint alleges causes of action for Breach of Contract, Open Book Account, Account Stated, Reasonable Value, Conversion, Unfair Competition and Declaratory Relief.

B.  Each of the KFC Parties have answered the Second Amended Complaint and generally deny each and every allegation stated therein.

C.  On July 25, 2008, KFC filed its Cross-Complaint for, *inter alia*, Breach of Contract in the Action against CJI (the "Cross-Complaint"). CJI has answered the Cross-Complaint and generally denies each and every allegation stated therein.

D.  The Parties now wish to settle all claims alleged against one another, without admission of liability, fault or wrongdoing, including those alleged in the Action on the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the above premises, the mutual promises and covenants contained below, and for such other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties agree as follows:

### AGREEMENT

1.  **Payment to CJI.** KFC shall pay to CJI, the total principal amount of Twenty-Five Thousand Dollars ($25,000.00) in currency of the United States (the "Settlement Amount"). The Settlement Amount shall be paid within ten (10) days of the execution of this Settlement Agreement.



2.  **Dismissal of the Action.** The Action shall be dismissed with prejudice against the KFC Parties within ten (10) days of the execution of this Settlement Agreement.

3.  **Dismissal of the Cross-Complaint.** The Cross-Complaint shall be dismissed with prejudice against CJI within ten (10) days of the execution of this Settlement Agreement.

4.  **Release by CJI.** With the exception of the obligations of the KFC Parties under this Agreement, CJI, together with their principals, agents, attorneys, representatives, subsidiaries, parents, assigns, successors, and predecessors (the "CJI Releasors") hereby absolutely, fully and forever releases, relinquishes and discharges the KFC Parties, together with their principals, agents, attorneys, representatives, subsidiaries, parents, assigns, successors, and predecessors (the "KFC Releasees") from any and all claims, debts, actions, obligations, liabilities, demands, damages, losses, costs, attorneys' fees, interests and expenses of any kind or nature, character and description, whether known or unknown, whether suspected or unsuspected, whether fixed or contingent, which the CJI Releasors have held or now hold against the KFC Releasees arising from or related to the Action or any claim which could have been alleged in the Action, or otherwise arising from or related to the relationship between the CJI Releasors and the KFC Parties, from the beginning of time to the date of execution of this Agreement (the "CJI Released Claims"). The CJI Releasors acknowledge that they have been advised by legal counsel and are familiar with the provisions of California Civil Code Section 1542, which provides as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED SETTLEMENT WITH THE DEBTOR."

The CJI Releasors, being aware of this code section, expressly waive to the maximum extent permissible under the law, any rights they may have thereunder, as well as under any other statutes or common law principles of similar effect.

5.  **Release by KFC.** With the exception of the obligations of the CJI Parties under this Agreement, KFC, together with their principals, agents, attorneys, representatives, subsidiaries, parents, assigns, successors, and predecessors (the "KFC Releasors") hereby absolutely, fully and forever releases, relinquishes and discharges the CJI Parties, together with their principals, agents, attorneys, representatives, subsidiaries, parents, assigns, successors, and predecessors (the "CJI Releasees") from any and all claims, debts, actions, obligations, liabilities, demands, damages, losses, costs, attorneys' fees, interests and expenses of any kind or nature, character and description, whether known or unknown, whether suspected or unsuspected, whether fixed or contingent, which the KFC Releasors have held or now hold against the CJI Releasees arising from or related to the Action or any claim which could have been alleged in the Action, or otherwise arising from or related to the relationship

between the KFC Releasors and CJI, from the beginning of time to the date of execution of this Agreement (the "KFC Released Claims"). The KFC Releasors acknowledge that they have been advised by legal counsel and is familiar with the provisions of California Civil Code Section 1542, which provides as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED SETTLEMENT WITH THE DEBTOR."

The KFC Releasors, being aware of this code section, expressly waive to the maximum extent permissible under the law, any rights they may have thereunder, as well as under any other statutes or common law principles of similar effect.

6. **No Admission of Liability**. The Parties acknowledge and stipulate that this Agreement is executed in settlement and compromise of disputed claims and that nothing in this Agreement shall be construed as an admission of any wrongdoing, fault, violation of the law or liability of any kind by any party to this Settlement Agreement.

7. **Successors**. This Agreement shall be binding upon and inure to the benefit of the successors, heirs and assigns of each of the Parties.

8. **Execution of Further Documents**. Following the execution of this Agreement, the Parties shall take such action and execute and deliver such further documents as may be reasonably necessary or appropriate to effectuate the intention of this Agreement.

9. **Applicable Law**. This Agreement is made in, and shall be governed, construed and enforced under the laws of the State of California.

10. **Attorneys' Fees**. If any Party brings suit or any other proceeding arising out of or under this Agreement, including without limitation any such suit or proceeding to enforce or interpret any provision of this Agreement, the prevailing Party shall be entitled to recover its reasonable attorneys' fees in addition to all other costs allowed by law.

11. **Entire Agreement**. This Agreement constitutes the entire understanding and agreement of the Parties with respect to the subject matter hereof, and it supersedes and replaces all prior negotiations, proposed agreements and agreements, written or oral. This is an integrated agreement. Each of the Parties acknowledges that no other Party, nor any agent, representative or attorney of any other Party, has made any promise, agreement, covenant, representation or warranty whatsoever, express or implied, concerning the subject matter of this Agreement that is not contained in this Agreement.

12.    Amendment.  This Agreement may not be modified, amended, supplemented or terminated, and no provision of this Agreement shall be waived, except by a writing executed by all Parties to this Agreement.

13.    Advice of Counsel.  In executing this Agreement, the Parties acknowledge that they have consulted with and have had the advice and counsel of attorneys licensed to practice law in California, and that they have executed this Agreement after independent investigation and without fraud, duress or undue influence.

14.    Prior Review of the Agreement.  Each Party acknowledges that this Agreement has been fully read, reviewed and understood by its authorized signatory.

15.    Execution in Counterparts.  The Parties agree that this Agreement may be executed in counterparts and that it is the intent of the Parties that the copy signed by a Party will be fully enforceable against such Party.

16.    Headings.  The headings contained in this Agreement have been inserted for convenience only and in no way define or limit the scope or interpretation of this Agreement.

17.    Interpretation.  The Parties acknowledge and agree that each has been given the opportunity to independently review this Agreement with legal counsel.  In the event of an ambiguity in or dispute regarding the interpretation of same, the interpretation of this Agreement shall not be resolved by any rule of interpretation providing for interpretation against the party who causes the uncertainty to exist or against the draftsman.

18.    Facsimile or Electronic Signatures.  The signature of a Party on this Agreement or on any document authorized or related to this Agreement which is transmitted by facsimile or electronically shall have the same force and effect as an original signature.

19.    Authority of Signatories.  Each person signing this Agreement on behalf of a Party, Releasor and/or Releasee represents and warrants to the other Party, Releasor and/or Releasee that such person has the authority to execute and bind the Party, Releasor and/or Releasee on whose behalf such signatory is signing and that no other person or entity is required to sign this Agreement to make the Agreement fully enforceable against and binding upon such Party, Releasor and/or Releasee.

20. <u>Counterparts</u>. This Agreement may be executed in separate counterparts and each counterpart, when executed, shall have the same effect of a signed original.

**PLEASE READ THIS DOCUMENT CAREFULLY. THIS SETTLEMENT AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN PAST CLAIMS.**

IN WITNESS WHEREOF, the Parties execute this Agreement and make it effective as of the date first above written.

COMMISSION JUNCTION, INC.,
a Delaware corporation

By: _____
SCOTT BARLOW
Its: Vice President


DUNNING ENTERPRISE, INC.,
a California corporation

By: _____
TODD DUNNING
Its: President

_____
TODD DUNNING, an individual


KESSLER'S FLYING CIRCUS,
a general partnership

By: THUNDERWOOD HOLDINGS, INC.,
a California corporation, General Partner

By: _____
BRIAN DUNNING
Its: President

By: DUNNING ENTERPRISE, INC.,
a California corporation, General Partner

By: _____
TODD DUNNING
Its: President

# EXHIBIT B

**To:** David Lam; Todd Miller; Jennifer Burnett
**Cc:** Agnieszka Ambrozewicz
**Subject:** DPS, Kessler's Flying Circus, BrianDunning.com

Hi David:

eBay has informed us that we are to place the above publishers on payout hold on ALL eBay programs effective immediately. They have given very little information as to why but allude to cookie stuffing and claim that the investigation is ongoing on a federal level (i.e. US Government). VC has been subpoenaed for records of traffic (url, payment, advertisers relationships). We are complying with both requests. While we await evidence and more information from eBay, we need to keep this **confidential**.

In the meantime, I want to ask for NQ/PQ assistance in digging up any reports and findings on the above publisher's activities and possibly replicating any instances of fraud. The reason I ask you David is that, while cryptic, eBay did refer to your findings as well as those of Ben Edelman. David/Todd/Jen: Do we have examples of these guys committing cookie stuffing? Any other fraud? Can we go through Ben E's reports and corroborate or disprove his allegations regarding these pubs?

Cheers.

Peter Bexelius
Account Manager - Strategic Accounts

Commission Junction, a ValueClick Company
530 East Montecito Street
Santa Barbara, CA 93103
Direct: 805 730 8106
Fax: 805 730 8458
Email: pbexelius@cj.com

*Any disclosure, copying, distribution, posting or use of the contents of this information is prohibited and may be unlawful. This e-mail may contain proprietary or confidential information and is for the sole use of the intended recipient(s). Thank you.*

CONFIDENTIAL
ATTORNEY'S EYES ONLY

From: Peter Bexelius
Sent: den 19 juni 2007 22:46
To: Agnieszka Ambrozewicz; Redouane Bellani; Krystofer Glover; Rebekka Barnhusen; Ida Gustafsson; Paul Koura; Todd Miller; Jennifer Burnett
Cc: Alyson Emmer
Subject: DPS, Kessler, Briandunning.com - Attorney Work Request

Hi:

By now I think you may have been contacted by your eBay counterparts regarding May invoicing for the above publishers. To recap what's happened so far:

1. Yesterday, eBay US informed us to place DPS, Kessler and Briandunning.com on payout hold and expire their affiliations from ALL eBay programs globally effective immediately. They gave very little information as to why but allude to cookie stuffing and a ongoing investigation on a federal level (i.e. US Government).
2. VC has been subpoenaed for records of traffic (url, payment, advertisers relationships, etc).
3. NQ has placed publishers on payout hold for ALL programs CJ wide (bug #94219)
4. We will NOT expire publishers until we have evidence of violations.
5. NQ compliance reversals will also not be done until we have sufficient evidence.

The affected publishers will likely not find out about the payout hold until their May payment is delayed which means anywhere between 24 to 72 hours from now. If we are contacted, we will simply follow standard NQ protocols for communication and respond that their account is on hold for NQ investigation. (Todd: Can you provide me with standard messaging for payout holds please).

While we await evidence and more information from eBay, we need to keep this confidential. eBay will likely request that you revise the invoice for May. I'm speaking to our legal team and hope to have more information by tomorrow. For now, you should plan for these publishers to remain on payout hold and to be expired from your program in the near future.

Please include the following subject line in any email regarding this matter, "Attorney Work Request", and cc aemmer@valueclick.com.

Cheers,

Peter Bexelius
Account Manager - Strategic Accounts

Commission Junction, a ValueClick Company
530 East Montecito Street
Santa Barbara, CA 93103
Direct: 805 730 8106
Fax: 805 730 8458
Email: pbexelius@cj.com

Any disclosure, copying, distribution, posting or use of the contents of this information is prohibited and may be unlawful. This e-mail may contain proprietary or confidential information and is for the sole use of the intended recipient(s). Thank you.

CONFIDENTIAL
ATTORNEY'S EYES ONLY

**From:** Ida Gustafsson
**Sent:** 25 June 2007 11:22
**To:** Peter Bexellus; Agnieszka Ambrozewicz; Redouane Bellani; Krystofer Glover; Rebekka Barnhusen; Paul Koura; Todd Miller; Jennifer Burnett
**Cc:** Alyson Emmer
**Subject:** RE: DPS, Kessler, Briandunning.com - Attorney Work Request

Hi Peter,

DPS and Kessler's were expired from the Tradera program with immediate effect on June 22 but I don't know by whom. Does that mean we have evidence of violations?

Thanks,
Ida

CONFIDENTIAL
ATTORNEY'S EYES ONLY

C000085

## Message Detail

**Account:** 1558264
**From:** Todd Miller
**Posted:** 2007-06-27
**Organization:** Client Services

**Subject:** 1558264: Commission Junction account removal for illegal activity.

**Message:**

> Dear Brian Dunning,
>
> It has come to our attention that you are allowing people to place CJ Ads containing your PID/Account Information on their MySpace pages.
>
> This is not only a violation of the Commission Junction Publisher Service Agreement, and Code of Conduct, but also of the MySpace Terms of Use. Based on this conduct, you have been removed from the CJ Network and your earnings have been forfeited. You are not eligible to rejoin the CJ Network and any attempt to do so shall be rejected.
>
> If you have any further questions regarding this or other issues, please respond to this email.
>
> Sincerely,
>
> Network Quality
> ---
> Commission Junction, a ValueClick company

ok

CONFIDENTIAL
ATTORNEY'S EYES ONLY

June 27, 2007

Mr. Brian Dunning
Mr. Todd Dunning
Kessler's Flying Circus
15 High Blf.
Laguna Niguel, CA 92677

Re: Kessler's Flying Circus—CID 1558264

On June 20, 2007, following initial approval by your firm's advertiser, eBay Inc., Commission Junction issued a US Direct Deposit payment of $565,517.84 to your checking account number as logged in our Commission Junction Marketplace ("CJM") system. After this payment was processed by us, we were requested by eBay to suspend payouts to various publishers, including your firm, pending a review of your potentially questionable activity in CJM for the month of May.

Accordingly, we have attempted to recall the direct deposit transaction through the banking system, but have been unsuccessful in completing the recall transaction due to insufficient funds in your bank account described above.

We request your immediate cooperation by facilitating our recall of $565,517.84 from your bank account to avoid the potential initiation of alternative actions to recall such funds.

Remittance instructions:

By mail to:

Commission Junction
#774140
4140 Solutions Center
Chicago, IL 60677-4001

Or by wire to:

Routing number: 121000248
Account number: 4121196406

Please contact Peter Bexelius at (805) 730-8106 if you require additional information.

Sincerely,

Commission Junction, Inc.