1  Stewart H. Foreman  (CSB #61149)
   Daniel T. Bernhard  (CSB #104229)
2  Cathleen S. Yonahara  (CSB #203802)
   FREELAND COOPER & FOREMAN LLP
3  150 Spear Street, Suite 1800
   San Francisco, California 94105
4  Telephone:  (415) 541-0200
   Facsimile:  (415) 495-4332
5  Email: foreman@freelandlaw.com
          bernhard@freelandlaw.com
6          yonahara@freelandlaw.com

7  Attorneys for Defendants Todd Dunning and
   Dunning Enterprise, Inc.

8

9                    UNITED STATES DISTRICT COURT

10             FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12

13  EBAY, INC.,                            CASE NO.: CV-08-4052 JF   PVT

14              Plaintiff,                  **DEFENDANTS DUNNING
                                            ENTERPRISE, INC. AND TODD
15      v.                                  DUNNING'S AMENDED OPPOSITION
                                            TO INCLUDE ELECTRONIC
16  DIGITAL POINT SOLUTIONS, INC.,          SIGNATURE TO PLAINTIFF'S
    SHAWN HOGAN, KESSLER'S FLYING           MOTION TO COMPEL FURTHER
17  CIRCUS, THUNDERWOOD HOLDINGS,           PRODUCTION OF DOCUMENTS**
    INC., TODD DUNNING, DUNNING
18  ENTERPRISE, INC., BRIAN DUNNING,        Date:      November 13, 2009
    BRIANDUNNING.COM, and DOES 1-20,        Time:      10:00 a.m.
19                                          Place:     Courtroom 5, 4th Floor
              Defendants.                              Honorable Patricia V. Trumbell
20

21

22  I.    **INTRODUCTION**

23         Defendants Dunning Enterprise, Inc. ("DEI") and Todd Dunning ("T. Dunning") (collectively

24  "TD Defendants") submit this opposition to Plaintiff eBay, Inc.'s ("eBay") motion to compel further

25  production of documents by them.  The TD Defendants oppose eBay's motion on the grounds they

26  have already taken the steps required of them to obtain documents, including documents of co-

27  defendant Kessler's Flying Circus's ("KFC"), held by the FBI and Rackspace Us, Inc. ("Rackspace").

28  Those third parties have not confirmed to the TD Defendants that they even possess any KFC or other

*(sidebar, left margin)* FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

                                                                                    1

Dockets.Justia.com

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

responsive documents, but nevertheless, they have refused to produce any documents to these defendants. DEI has responded to eBay's written discovery requests by stating unequivocally that it does not possess any responsive documents related to the requests at issue in this motion. *See,* Declaration of Stewart H. Foreman in Opposition to Plaintiff's Motion to Compel, etc., hereafter "Foreman Decl", paragraphs 8-10, Exhibits 6-8 thereto. T. Dunning has also responded to eBay's written discovery as shown in the Foreman Decl, paragraphs 11 and 12, Exhibits 9 and 10 thereto. T. Dunning's accompanying declaration makes clear that he does not possess any responsive documents. Foreman Decl, paragraph 5, Exhibit 3. Since the TD Defendants have fulfilled their discovery obligations in all respects, eBay's motion to compel must be denied. In addition, eBay has known for sometime that these actions have been taken by the TD Defendants, and therefore the TD Defendants are entitled to an award of their attorney's fees and costs in preparing this opposition since eBay's motion was not substantially justified under Federal Rule of Civil Procedure 37(a)(5)(B).

eBay's motion directed at the TD Defendants seeks to require Todd Dunning to "produce all documents responsive to eBay's First and Second Sets of Requests for Production that were previously obtained by the FBI", and that Todd Dunning and DEI "exercise any and all rights that they may have to obtain documents from Rackspace that may be responsive to eBay's first and second sets of requests for production". *See,* eBay's Notice of Motion and Motion to Compel Responses to Requests for Production, etc., hereafter "eBay's Motion", page 1, lines 15-17 and 20-22. As established in more detail in this opposition, T. Dunning's counsel has already requested copies of all documents previously obtained by the FBI, but the FBI has refused to provide such documents. In addition, counsel for the TD Defendants has been advised in writing by Rackspace that neither of the TD Defendants has any right of access to any documents in the possession of that company. Accordingly, the TD Defendants have made reasonable efforts to obtain the documents from third parties subject to eBay's Motion; their requests have been refused by those third parties; there is nothing further the TD Defendants can reasonably do to obtain responsive documents from these third parties. Therefore, eBay's Motion must be denied.

II.   **BACKGROUND**

eBay's description of the nature of this case is one sided, but more importantly, it is incomplete

DEFENDANTS DUNNING ENTERPRISE, INC. AND TODD DUNNING'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS
{00130763-1}

in material respects. Most significantly, eBay repeatedly refers collectively to all "Defendants" without making any distinction between the eight named defendants. This repeated collective reference to "Defendants" not only creates unnecessary confusion, but eBay attempts to establish through this repetition, the impression that there is no factual or legal distinction between the defendants. This impression is fundamentally inaccurate. KFC participated in eBay's Affiliate Marketing Program ("AMP"); Todd Dunning and DEI did not. The alleged conduct of defendants Digital Point Solutions and Shawn Hogan is a separate matter, and eBay has not alleged, except through general RICO allegations, any type of relationship between those defendants and the TD Defendants.

eBay has framed its Second Amended Complaint as a computer fraud and RICO case, but this case is more accurately understood as a business dispute regarding KFC's participation in eBay's AMP.[1] The AMP was administered by eBay's agent, Commission Junction, Inc. ("CJI"). KFC earned commissions by directing new customers to eBay's website under the provisions of the AMP agreement, as administered by CJI. CJI and eBay at all times monitored KFC's activities under the AMP. They knew all of the actions of KFC, approved the software used by KFC, tracked and monitored all of the conduct of KFC, and eBay benefitted enormously from the successful marketing program conducted by KFC. In other words, at all relevant times eBay and CJI authorized, encouraged, condoned and approved of all of the conduct by KFC that is now alleged to have been improper.

eBay has simply made a business decision to attempt to recoup commissions that it previously paid to KFC by filing this lawsuit. Because of its prominence, eBay has managed to enlist the aid of federal law enforcement agencies to help achieve its goals by characterizing KFC's activity as computer fraud and RICO activity. T. Dunning has been advised that he is the subject of a criminal investigation that started 2½ years ago when he was interviewed by the FBI after the FBI seized computers and records from Brian Dunning's home. T. Dunning now must protect himself by

---

[1] KFC is a general partnership owned by DEI and Thunderwood Holdings, Inc. ("THI"). T. Dunning owns DEI; Brian Dunning owns THI. Todd and Brian Dunning are brothers.

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DEFENDANTS DUNNING ENTERPRISE, INC. AND TODD DUNNING'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS
{00130763-1}

asserting his Fifth Amendment privilege against self-incrimination in this civil case until the criminal matter is resolved.

eBay's Motion, page 13, lines 3-5, labels DEI's and T. Dunning's responses to discovery as "gamesmanship" and "dilatory tactics." However, the only gamesmanship is eBay's relentless and purposeful use of artful misstatements and inaccurate characterizations, that barely remain arguably truthful, to further an effort to create a false impression about the TD Defendants' conduct in response to discovery in this case. For example, in eBay's Motion, page 11, lines 3-5, eBay falsely states that after eBay subpoenaed Rackspace, "it became apparent that Defendants all along had control of substantial records of their business and that those records likely included many or all of the same materials obtained by the government." The true facts are that eBay has not taken any discovery against Rackspace to determine which person or entity actually does have a right to access or control the records at Rackspace. eBay has not taken any steps to determine if Rackspace even possesses responsive and relevant documents. The T. Dunning Defendants provided documentation to eBay's counsel on October 6, 2009, proving unequivocally that the TD Defendants do not have access or control over any records at Rackspace. *See* Foreman Decl, paragraph 3, Exhibit 1. eBay ignores this information and falsely asserts that "Defendants" collectively have control over documents at Rackspace.

Similarly, eBay's Motion, page 11, lines 14-15, states: "No Defendant has contested the fact that relevant, responsive documents are available at Rackspace." This statement incorrectly attempts to shift the burden of proof regarding discovery from third parties. The TD Defendants have no obligation to "contest" anything about the documents at Rackspace particularly since the TD Defendants cannot even access those documents. It is up to eBay, not the TD Defendants, to establish whether a third party has possession of discoverable material, and to establish which, if any, defendant has a right to access and control that material. eBay has failed to meet its burden in this regard. *See, United States v. Int'l Union of Petroleum & Industrial Workers AFL-CIO,* 870 F. 2d, 1450, 1452 (9th Cir. 1989).

The fact is that DEI and T. Dunning have fully complied with their discovery obligations. T. Dunning has a clear right to assert his Fifth Amendment privilege against self-incrimination since

DEFENDANTS DUNNING ENTERPRISE, INC. AND TODD DUNNING'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS
{00130763-1}

he is the subject of a criminal investigation instigated by eBay. DEI has produced all responsive documents; T. Dunning has provided a declaration stating that he has no responsive documents. *See* Foreman Decl, paragraph 5, Exhibit 3. eBay even acknowledges in footnote 4, page 10, of its Motion that eBay has obtained the documents available to the TD Defendants. In addition, eBay has subpoenaed and received all of the documents from CJI, which are the only other documents that came into the possession of counsel for the TD Defendants as a result of prior litigation between CJI and the TD Defendants. *See* Foreman Decl, paragraph 13.

### III. LEGAL STANDARD APPLICABLE TO EBAY'S MOTION

The TD Defendants are required to produce documents to eBay's requests that are responsive, not privileged, and within their "possession, custody or control." Fed. R. Civ. P. 34(a)(1). eBay's Motion raises the question of how the standard of "possession, custody or control" is applied to documents that are held by a third party. In this case, the question relates to documents seized by the FBI on June 18, 2007, from co-defendant Brian Dunning's home pursuant to a search warrant and held by the FBI since then. The question also relates to documents held by Rackspace that provided certain computer and data storage services for as yet unidentified persons or entities.

"[F]ederal courts have consistently held that documents are deemed to be within [a party's] 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *Duran v. Cisco System, Inc.*, 258 F.R.D. 375, *6 (C.D. Cal. 2009), citing *In Re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995), *cert. denied*, 517 U.S. 1205. In addition, "a party has an obligation to conduct a reasonable inquiry into the factual basis of its responses to discovery." *A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 189 (C.D. Cal. 2006). "Control is defined as the legal right to obtain documents on demand." *United States v. Int'l Union of Petroleum Industry Workers, AFL-CIO,* 870 F. 2d 1450, 1452 (9th Cir. 1989).

In analyzing a party's discovery obligation when documents are in the hands of a third party, the concept of "possession, custody and control" has two key elements: (1) the party's obligation to conduct a reasonable inquiry into the factual basis for its responses to the discovery, and (2) the party's obligation to seek and obtain documents reasonably available to it in the hands of employees,

5

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

1   agents or third parties when there is a legal right to obtain those documents upon demand. *See also,*

2   *National Academy of Recording Arts and Sciences, Inc. v. On Point Events, LP,* 256 F.R.D. 678, 680

3   (C.D. Cal. 2009).

4        A.    <u>Todd Dunning Has Complied With His Discovery Obligations With Respect to</u>

5   <u>Documents Held by the FBI</u>

6        eBay's Motion does not dispute that the FBI served a search warrant on co-defendant Brian

7   Dunning at his home on June 18, 2007. Brian Dunning's counsel has submitted a Declaration stating

8   that the FBI seized all of his computers, other electronic storage devices, and business-related

9   documents. Foreman Decl, paragraph 6, Exhibit 4. The FBI's Receipt for Property provided to Brian

10  Dunning at the time of the seizure does not provide any detail about the documents seized by the FBI.

11  T. Dunning simply states in his declaration that KFC's business was operated from Brian Dunning's

12  house. Foreman Decl, paragraph 5, Exhibit 3, paragraph 7 therein. In addition, T. Dunning states that

13  he did not provide any documents to the FBI when he was interviewed on June 18, 2007, and

14  therefore he has no right to obtain any of his own documents back from the FBI. Foreman Decl,

15  paragraph 5, Exhibit 3, paragraph 5 therein. T. Dunning also states in his declaration that he has no

16  other documents in his possession responsive to eBay's document request. Foreman Decl, paragraph

17  5, Exhibit 3, paragraph 7 therein.

18       T. Dunning's criminal counsel, Robert Breakstone, states in his declaration that over a year ago

19  he requested Assistant US Attorney Kyle Waldinger, who is in charge of the investigation, to provide

20  copies of the documents seized by the FBI over 2½ years ago to Mr. Breakstone on behalf of

21  T. Dunning. The US Attorney's Office refused this request. Foreman Decl, paragraph 4, Exhibit 2,

22  paragraph 4 therein. Although eBay assumes that documents responsive to eBay's request were

23  among the documents seized by the FBI from Brian Dunning's home, only Brian Dunning and the FBI

24  in fact know whether that is a correct assumption. Without Brian Dunning's testimony, or return of

25  the documents to Brian Dunning by the FBI, eBay cannot meet its burden of proof to establish that

26  discoverable documents exist at the FBI. Furthermore, T. Dunning has no reasonable method to

27  obtain those documents or to identify any responsive documents held by the FBI.

28       On this record, therefore, eBay's Motion with respect to the FBI records and the T. Dunning

6

must be denied. First, eBay has not carried its burden of proof to establish the documents at the FBI are even responsive to eBay's document request. Second, the record is clear and undisputed that T. Dunning has requested and been refused access to any of those documents. There is nothing further he can do to obtain documents from the FBI as requested by eBay's Motion. T. Dunning has fully complied with the requirements of Rule 34 to make reasonable inquiry about the location of documents, and to demand copies of those documents in the hands of a third party. No further action can or should be required of T. Dunning by this Court with regard to the documents held by the FBI.

B. TD Defendants Do Not Have a Right to Obtain Documents From Rackspace

eBay's Motion has failed to carry its burden of proof with respect to documents held by Rackspace. First, eBay has utterly failed to establish that any documents responsive to eBay's requests directed at the TD Defendants are in the possession of Rackspace. Again, eBay makes an assumption, but it has taken no steps, such as a deposition of a Rackspace representative or anyone else, to establish the foundational facts regarding a description of documents at Rackspace. On this basis alone, the motion should be denied since the Court has no idea whether, if it grants eBay's Motion, it would be ordering any party to produce documents from Rackspace that are responsive to eBay's requests.

Second, even if Rackspace has relevant documents, they are not within the possession, custody or control of the TD Defendants. The letter dated September 25, 2009, which is attached as Exhibit 1 to the Foreman Decl, makes clear that Rackspace does not recognize that T. Dunning or DEI have any right of access or control of any computers, data or other records maintained at Rackspace. Rackspace has even declined to identify to T. Dunning or DEI the names of persons or entities that do have a right of access. eBay asserts that the FBI subpoenaed records from Rackspace, but even if that in fact occurred, that fact alone is completely irrelevant to a ruling on this motion to compel. Neither Rackspace nor eBay have identified the documents that were obtained by the FBI nor their relevancy to this case. Again, eBay's motion rests entirely on speculation, and therefore does not provide the basis for this Court to make any order against the TD Defendants.

The TD Defendants have demonstrated with respect to whatever documents may be at Rackspace that they have fulfilled their obligations under Rule 34. The TD Defendants have made a

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

DEFENDANTS DUNNING ENTERPRISE, INC. AND TODD DUNNING'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS
{00130763-1}

reasonable inquiry about the location of potentially relevant documents and they have made a request for access to those documents. Rackspace has not identified the nature of documents on its computers, and Rackspace has denied the TD Defendants' request. Therefore the TD Defendants cannot take any other action that would result in production of documents responsive to eBay's request from Rackspace. Accordingly, eBay's request for an order that the TD Defendants obtain records from Rackspace must be denied.

C.    Premature to Evaluate T. Dunning's Fifth Amendment Privilege Relating to Documents at the FBI or Rackspace

eBay's Motion contains extensive discussion about T. Dunning's assertion of his Fifth Amendment privilege with respect to documents held by third parties. At this time, eBay and T. Dunning do not know what documents are held by those third parties, therefore, any determination of T. Dunning's Fifth Amendment privilege regarding those documents is premature and speculative. T. Dunning correctly has preserved his privilege with his written response to eBay's document requests. However, whether the privilege applies to some or all of the documents can only be determined after the documents are received and reviewed.

Therefore, T. Dunning does not respond at this time to the legal argument in eBay's Motion regarding his Fifth Amendment privilege as related to any documents at issue in this motion. However, T. Dunning does not accept eBay's arguments or waive his privilege by waiting until this issue is ripe for discussion and analysis. Suffice it to say, even eBay agrees that documents may be subject to the Fifth Amendment privilege under circumstances where production is "compelled, testimonial and incriminating." *Fed. Sav. & Loan Ins. Corp. v. Rodrigues,* 717 F. Supp. 1424, 1425 (N.D. Cal. 1998). This standard cannot be applied in the abstract. The inquiry is fact intensive, and requires careful analysis. *Fisher v. United States,* 425 U.S. 391, 410 (1976). The documents from the FBI and Rackspace must first be obtained by an appropriate defendant. The evaluation of T. Dunning's assertion of his Fifth Amendment privilege must be postponed until documents are received and then analysis of the documents and the privilege may require an *in camera* review to determine if production would be testimonial and potentially incriminating. *Doe v. United States (In Re Grand Jury Subpoena),* 383 F. 3d 905, 910 (9th Cir. 2004); *United States v. Griggs,* 2009 U.S. Dist. LEXIS

FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105

12298, *4 (D. Ariz. 2009).

D.  Request for an Order for Attorney's Fees

Under Federal Rule of Civil Procedure 37(a)(5)(B), when the Court denies a motion to compel it must award attorney's fees and costs to the responding party if the Court finds that the motion was without substantial justification. This standard does not require a finding of bad faith by the moving party, and proof that the losing party acted in "subjective good faith" is not sufficient to defeat a request for sanctions. *See* 7 Moore's Federal Practice-Civil Section 37.23 (LEXIS online 2009). The "substantial justification" standard is an objective one, which means that the Court should determine whether a hypothetical reasonable lawyer would have not filed, or would have withdrawn, the motion to compel against the TD Defendants with respect to the Rackspace and FBI documents when confronted with the September 25, 2009 letter signed by Rackspace and the Declaration of Robert Breakstone showing the TD Defendants' inability to obtain documents from either of those sources. The Court should conclude that, under this objective standard, eBay should not have proceeded with this motion in light of the facts presented at least by October 6, 2009. Foreman Decl, paragraphs 3, 4 and 5. The Court should award attorney's fees and costs incurred by the TD Defendants for opposing this motion since eBay's proceeded without substantial justification. The Foreman Decl, paragraph 17 contains the foundational facts to support an award of $7093.50.

IV.  **CONCLUSION**

For these reasons, eBay's motion to compel further production of documents by Defendants Todd Dunning and Dunning Enterprise, Inc. must be denied. The documents held by the FBI and Rackspace US, Inc. are not within these defendants' possession, custody or control. eBay's Motion was without substantial justification, and an award of attorney's fees and costs to the TD Defendants is appropriate.

Dated:  October 23, 2009            FREELAND COOPER & FOREMAN LLP

By:      /s/
          STEWART H. FOREMAN
          Attorneys for Defendants Todd Dunning and
          Dunning Enterprise, Inc.