1   DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
2   SHARON M. BUNZEL (S.B. #181609)
sbunzel@omm.com
3   COLLEEN M. KENNEDY (S.B. #227107)
ckennedy@omm.com
4   O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
5   San Francisco, CA 94111
Telephone:   (415) 984-8700
6   Facsimile:   (415) 984-8701

7   Attorneys for Plaintiff eBay Inc.

8

9               **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11                   **SAN JOSE DIVISION**

12   EBAY INC.,

13              Plaintiff,

14      v.

15   DIGITAL POINT SOLUTIONS, INC.,
SHAWN HOGAN, KESSLER'S
16   FLYING CIRCUS, THUNDERWOOD
HOLDINGS, INC., TODD DUNNING,
17   DUNNING ENTERPRISE, INC., BRIAN
DUNNING, BRIANDUNNING.COM,
18   and DOES 1-20,

19            Defendants.

| | |
|---|---|
| Case No. C 08-04052 JF PVT | |

**PLAINTIFF EBAY INC.'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS**

Hearing Date:   November 20, 2009
Time:   9:00 a.m.
Courtroom:   3
Judge:   Hon. Jeremy Fogel

Dockets.Justia.com

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. STATEMENT OF RELEVANT FACTS ............................................................ 2

III. ARGUMENT ...................................................................................................... 3

    A. The Absence Of Criminal Charges Against Defendants Is Fatal To Their Motions To Stay ............................................................................. 4

    B. All Of The Factors That This Court Should Consider Weigh Against A Stay, Especially In Light Of The Absence Of Criminal Charges ........... 11

        1. eBay Would Be Severely Prejudiced By A Stay Of Proceedings ...................................................................................... 12

        2. The Burden On Defendants In Defending This Action Is Minimal And Can Be Remedied By Less Drastic Means Than A Stay ............................................................................................... 14

            a. Defendants' Concerns Regarding Improper Expansion Of Criminal Discovery Are Unfounded ................................ 15

            b. Remedies Less Drastic Than A Stay Are Available ............. 17

            c. The Entity Defendants Would Not Be Unfairly Prejudiced If A Stay Is Denied ............................................. 18

        3. The Potential Burdens On The Court And The Public Weigh Against Issuance Of A Stay ............................................................ 19

            a. A Stay Of This Action Would Unduly Burden The Court ................................................................................... 19

            b. The Public Has An Interest In Expeditious Resolution Of Civil Cases Involving Fraudulent Activity ..................... 21

IV. CONCLUSION ................................................................................................. 22

1

# TABLE OF AUTHORITIES

2

Page

3

## <u>CASES</u>

4

*Alcala v. Webb County*,
   625 F. Supp. 2d 391 (S.D. Tex. 2009) ......................................................... 17

5

*Am. Motorists Ins. Co. v. Bridger Pub. Sch. Dist. #2*,
   No. CV06-124-BLG-RFC-CSO, 2007 WL 1227592 (D. Mont.
   Apr. 24, 2007) ................................................................................................ 7

6

7

*Applied Materials, Inc. v. Semiconductor Spares, Inc.*,
   Nos. C95-20129 RMW (EAI), C95-20156 RMW (PVT),
   1995 WL 261451 (N.D. Cal. Apr. 26, 1995) ....................................... *passim*

8

9

*Brock v. Tolkow*,
   109 F.R.D. 116 (E.D.N.Y. 1998) .................................................................. 6

10

*Chao v. Fleming*,
   498 F. Supp. 2d 1034 (W.D. Mich. 2007) .................................... 5, 17, 21

11

12

*Fed. Sav. & Loan Ins. Corp. v. Molinaro*,
   889 F.2d 899 (9th Cir. 1989) ........................................................................ 5

13

*Fid. Nat'l Title Ins. Co. v. Nat'l Title Res. Corp.*,
   980 F. Supp. 1022 (D. Minn. 1997) .............................................................. 9

14

15

*Henry v. Sneiders*,
   490 F.2d 315 (9th Cir. 1974) ...................................................................... 16

16

*Howard v. Gutterman*,
   3 B.R. 393 (Bankr. S.D.N.Y. 1980) ........................................................... 16

17

18

*IBM Corp. v. Brown*,
   857 F. Supp. 1384 (C.D. Cal. 1994) ................................................... *passim*

19

*In re CFS-Related Sec. Fraud Litig.*,
   256 F. Supp. 2d 1227 (N.D. Okla. 2003) ............................................... 3, 21

20

21

*In re Homestore.com, Inc. Sec. Litig.*,
   347 F. Supp. 2d 814 (C.D. Cal. 2004) .......................................................... 5

22

*In re Lewisville Properties, Inc.*,
   849 F.2d 946 (5th Cir. 1988) ...................................................................... 20

23

24

*In re Par Pharms., Inc. Sec. Litig.*,
   133 F.R.D. 12 (S.D.N.Y. 1990) .................................................................... 6

25

*In re Tower Metal Alloy Co.*,
   188 B.R. 954 (Bankr. S.D. Ohio 1995) ...................................................... 19

26

27

*Jacksonville Sav. Bank v. Kovack*,
   762 N.E.2d 1138 (Ill. App. Ct. 2002) ........................................................ 12

28

EBAY'S OPPOSITION TO MOT. TO STAY
CASE NO. C 08-04052 JF PVT

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Jones v. Conte*,
No. C 045312S1, 2005 WL 1287017 (N.D. Cal. Apr. 19, 2005) ............................... 22

*Kashi v. Gratsos*,
790 F.2d 1050 (2d Cir. 1986) ........................................................................ 7

*Keating v. Office of Thrift Supervision*,
45 F.3d 322 (9th Cir. 1995) ........................................................................ 4

*Lizarraga v. City of Nogales Ariz.*,
No. CV 06-474 TUC DCB, 2007 WL 215616 (D. Ariz. Jan. 24, 2007) ......... 11, 15, 18

*Medina v. Argent Mortgage Co.*,
No. 05-cv-2905 RS, 2006 WL 1305230 (N.D. Cal. May 11, 2006) ........................... 13

*Melendres v. Maricopa County*,
No. 07-CV-02513-PHX-GMS, 2009 WL 2515618 (D. Ariz.
Aug. 13, 2009) ........................................................................................ 20

*Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc.*,
486 F. Supp. 1118 (S.D.N.Y. 1980) ............................................................ 4, 12

*SEC v. Sandifur*,
No. C05-1631C, 2006 WL 1719920 (W.D. Wash. June 19, 2006) ........................... 17

*Shell Offshore, Inc. v. Courtney*,
No. 05-1956, 2006 WL 1968926 (E.D. La. July 12, 2006) ......................................... 7

*Starlight Int'l, Inc. v. Herlihy*,
No. Civ. A. 97-2329-GTV, 1998 WL 560045 (D. Kan. Aug. 4, 1998) ..................... 21

*Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*,
175 F. Supp. 2d 573 (S.D.N.Y. 2001) ......................................................... 5, 11, 13, 21

*Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*,
720 F. Supp. 805 (N.D. Cal. 1989) ............................................................... 12

*Taylor, Bean & Whitaker Mortgage Corp. v. Triduanum Fin., Inc.*,
No. CIV. 2:09-cv-0954 FCD EFB, 2009 WL 2136986 (N.D. Cal.
July 15, 2009) ................................................................................... 19, 20, 22

*United States v. $557,993.89 in U.S. Funds*,
No. 95-CV-3978-JG, 1998 WL 817651 (E.D.N.Y. Mar. 2, 1998) ............................... 6

*United States v. All Meat & Poultry Prods. Stored at LaGrou Cold Storage*,
No. 02 C 5145, 2003 U.S. Dist. LEXIS 17677 (N.D. Ill. Oct. 2, 2003) ..................... 19

*United States v. Certain Real Prop. & Premises*,
751 F. Supp. 1060 (E.D.N.Y. 1989) ............................................................... 6

**TABLE OF AUTHORITIES**
(continued)

Page

*Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*,
   7 F. Supp. 2d 523 (D.N.J. 1998) ...................................................................... 6

*Warfield v. Gardner*,
   No. CV 04-0974-PHX-JAT, 2006 U.S. Dist. LEXIS 54123 (D. Ariz.
   Aug. 3, 2006) .................................................................................................. 22

*Wehling v. Columbia Broad. Sys.*,
   608 F.2d 1084 (5th Cir. 1979) ......................................................................... 7

*White v. Mapco Gas Prods., Inc.*,
   116 F.R.D. 498 (E.D. Ark. 1987) ..................................................................... 7

**STATUTES**

18 U.S.C. § 3282 ...................................................................................................... 8

**OTHER AUTHORITIES**

United States Attorneys' Manual .......................................................................... 8

EBAY'S OPPOSITION TO MOT. TO STAY
CASE NO. C 08-04052 JF PVT

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.   **INTRODUCTION**

3          For over a year, Defendants[1] have claimed that criminal charges against them

4   based on their schemes to defraud eBay are imminent.  Despite the passage of substantial

5   time, no indictment has materialized.  Defendants should not be permitted to use the

6   potential criminality of their own conduct as a shield in this action at eBay's expense.

7   The Constitution does not require a stay of a civil action pending the outcome of criminal

8   proceedings—especially where, as here, no such proceedings are under way.  Stays are

9   extraordinary remedies that are granted only rarely.  This is not an extraordinary case, and

10   a stay is not warranted.

11          Applying the Ninth Circuit's *Keating* factors demonstrates that a stay is

12   inappropriate.  No criminal charges are pending, and years remain until the relevant

13   statutes of limitations run.  A stay of proceedings under these circumstances would be

14   unduly prejudicial to eBay, particularly in light of the fact that Defendants have prevented

15   eBay from obtaining any meaningful discovery during the pendency of this case.  In

16   contrast, proceeding with this action will place only a minimal burden on Defendants.

17   Insofar as the government is not a party to this action and already has obtained its

18   evidence against the Defendants through seizures—there is virtually no risk that discovery

19   in this case will be used improperly in any future criminal proceedings.  Moreover, to the

20   extent that Defendants' Fifth Amendment privileges are implicated in this action, ample

21   safeguards short of a stay of proceedings are available.  A stay would also unnecessarily

22   congest the Court's docket, and this action has already been pending for well over a year.

23   Finally, the public has a vital stake in seeing that victims of fraud and racketeering

24

---

25
26
27
28

[1] eBay submits this single consolidated opposition to the three motions to stay these proceedings filed by (1) Defendants Thunderwood Holdings, Inc. ("THI"), Brian Dunning, and BrianDunning.com (hereinafter "B. Dunning Stay Mot."); (2) Defendants Todd Dunning and Dunning Enterprise, Inc. ("DEI") (hereinafter "T. Dunning Stay Mot."); and (3) Defendants Digital Point Solutions, Inc. ("DPS") and Shawn Hogan (hereinafter "DPS Stay Mot.").  No motion to stay was filed by Defendant Kessler's Flying Circus ("KFC").  In this memorandum, "Dunning Defendants" refers to Defendants THI, Brian Dunning, BrianDunning.com, Todd Dunning, and DEI, and "DPS Defendants" refers to Defendants DPS and Shawn Hogan.

1   activities receive prompt justice.  eBay therefore respectfully requests that the Court deny

2   Defendants' motions to stay this action.

3   **II.    STATEMENT OF RELEVANT FACTS**

4          Defendants are individuals and entities that abused and damaged eBay's computer

5   systems and defrauded eBay.  As detailed in eBay's Second Amended Complaint

6   ("SAC"), Defendants engaged in massive "cookie stuffing" schemes that, among other

7   things, caused unauthorized access to eBay's computers, corrupted eBay data, and caused

8   the payment to Defendants of advertising commissions to which they were not entitled.

9   Defendants' schemes persisted over the course of at least four years, and ended only with

10  eBay's investigation of Defendants' wrongdoing in June 2007.  (SAC ¶¶ 53-56.)  In its

11  separate investigation, the FBI conducted searches of and seized materials from

12  Defendants' homes and storage facilities and conducted various interviews.  (B. Dunning

13  Stay Mot. at 4-5; T. Dunning Stay Mot. at 3-4; DPS Stay Mot. at 4.)  No defendant has

14  been indicted in connection with the government's investigation.  Declaration of Sharon

15  M. Bunzel in Support of eBay's Consolidated Opposition to Motions to Stay ("Bunzel

16  Decl."), ¶ 22.

17         This action has been pending since August 2008, and Defendants began asserting

18  the need for a stay based on the pending criminal investigation as early as the initial Joint

19  Case Management Statement filed on January 9, 2009.  *Id*., Ex. J at 7-8.  But certain of the

20  defendants previously raised, and lost, this same argument in other litigation to which

21  they, but not eBay, were parties.

22         In August 2007, Commission Junction, Inc. ("CJ") filed an action (the "CJ

23  Action") against several of the Defendants in this matter:  KFC, Brian Dunning, THI and

24  Todd Dunning (collectively, the "CJ Defendants").  CJ's lawsuit asserted breach of

25  contract and related claims seeking to recoup commissions CJ had paid to the CJ

26  Defendants for the month of May 2007.  *Id*., ¶ 7.

27         The CJ Defendants moved to stay the CJ Action in September 2008 based on the

28  same criminal investigation described in the motions to stay currently before this Court.

1    *Id.*  The CJ Motions were substantially identical to the present motions to stay filed by the

2    Dunning Defendants.  Specifically, the CJ Defendants then contended that: 1) they were

3    targets or subjects of an "open criminal investigation" in connection with the "very same

4    conduct" alleged in CJ action, 2) the government was "coordinating with the technology

5    industry, presumably including [CJ] and eBay, to assist in the prosecution of the type of

6    conduct alleged by Plaintiff in this case," 3) it was "particularly apparent that the United

7    States Attorney is monitoring this action (or at least has an expressed interest in

8    monitoring this action) for the purposes of its open investigation," and 4) the government

9    had obtained several extensions of time to return the materials seized from Defendants.

10   Bunzel Decl., Exs. B, F.

11          The CJ Motions were also based on the same evidence: declarations from Brian

12   and Todd Dunning and their respective criminal attorneys William Kopeny and Robert

13   Breakstone, all of which were substantially identical to the declarations filed in support of

14   the current stay motion.  *Id.*, Exs. C, D, G, H.

15          The CJ Defendants' prior motions to stay were heard on October 29, 2008 and

16   November 19, 2008.  *Id.*, Exs. E, I.  Both motions were denied on the grounds that there

17   was no indication of how long the criminal investigation would last, the individual

18   defendants' rights would be sufficiently protected by the invocation of their Fifth

19   Amendment rights when necessary, and the entity defendants had no Fifth Amendment

20   rights.  *Id.*

21   **III.   ARGUMENT**

22          A stay of proceedings is an exceptional remedy granted only in limited

23   circumstances, none of which are present here.  The general rule is that parallel criminal

24   and civil proceedings may proceed concurrently.[2]  *See IBM Corp. v. Brown*, 857 F. Supp.

25   _____

26   [2] The Dunning Defendants are simply wrong when they assert that "the majority of courts" grant
     stays of civil proceedings pending parallel criminal actions.  *Compare* T. Dunning Stay Mot. at 6

27   n.2; B. Dunning Stay Mot. at 8 n.2; *with*, *e.g.*, *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp.
     2d 1227, 1238 (N.D. Okla. 2003) (contradicting the defendant's argument that "most" courts

28   grant a stay post-indictment by citing numerous cases to the contrary).

1384, 1387 (C.D. Cal. 1994) ("The position in which defendants have been placed by this denial of a stay is the rule, rather than the exception, whenever criminal and civil cases are pursued simultaneously.").  As noted in *Keating*, a leading Ninth Circuit stay case relied on extensively by Defendants, a "defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995).  Rather, a stay of civil proceedings is warranted only in cases of **substantial prejudice** to the rights of the parties involved.  *Id.* at 324.  Were it otherwise, such stays "would threaten to become a constant source of delay and an interference with judicial administration."  *Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc.*, 486 F. Supp. 1118, 1119 (S.D.N.Y. 1980).

Under *Keating*, the Court should consider the extent to which Defendants' Fifth Amendment rights are implicated and should also weigh the following five factors: 1) eBay's interest in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to eBay that would result from a delay; 2) the burden that the proceedings may impose on Defendants; 3) the convenience of the Court in the management of its cases, and the efficient use of judicial resources; 4) the interests of persons not parties to the civil litigation; and 5) the interest of the public in the pending civil and criminal litigation.  *Keating*, 45 F.3d at 324-25.  As discussed below, each of these factors weighs against issuance of a stay of proceedings in this case, especially in light of the fact that no indictment is yet pending against any Defendant.

### A.   The Absence Of Criminal Charges Against Defendants Is Fatal To Their Motions To Stay

Defendants' motions should be denied because no criminal action is pending against any Defendant.  The Dunning Defendants' repeated attempts to characterize a mere investigation as a pending criminal "action" or "proceeding" is unsupported.  *See*, *e.g.*, *Applied Materials, Inc. v. Semiconductor Spares, Inc.*, Nos. C95-20129 RMW (EAI), C95-20156 RMW (PVT), 1995 WL 261451, at *3 (N.D. Cal. Apr. 26, 1995) (denying

stay and noting that there is "actually no parallel criminal proceeding" where defendant was merely under investigation by the FBI).  As the DPS Defendants concede, the courts "are more inclined to issue a stay once an indictment has been returned" and "have concluded that the case for staying civil proceedings is far weaker when no indictment has been returned."  DPS Stay Mot. at 8; *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989).  As one court explained, the dangers facing a defendant in a civil case where a parallel criminal investigation is underway but has not ripened to an indictment are "more remote" than those facing an indicted civil defendant, as it is "inherently unclear . . . just how much the unindicted defendant really has to fear."[3] *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001).  At the same time, "the delay imposed on the plaintiff is potentially indefinite."[4]  *Id*.  The fact that no indictment has issued thus greatly tips the balance in each of the *Keating* factors against issuance of a stay, as "the likelihood that a civil party can make the necessary showing to obtain the 'extraordinary' remedy of a stay is inevitably much reduced."  *Id*.; *see also Applied Materials*, 1995 WL 261451, at *1 (denying pre-indictment stay where defendant was simultaneously under criminal investigation and defending four civil lawsuits).

None of the pre-indictment cases cited by Defendants support their argument that a stay is warranted in this case.  In the majority of those cases, stays were granted because the government was the real party in interest in both the civil action and the criminal investigation, thus increasing the possibility that the civil discovery process would be misused by the government to build a criminal case with evidence that might not otherwise be available to the government through criminal discovery.  *See Chao v.*

---

[3] Though the "mere possibility of criminal prosecution" may be sufficient to invoke the privilege of self-incrimination, *see* B. Dunning Stay Mot. at 6, T. Dunning Stay Mot. at 5, the mere possibility of **indictment** is insufficient grounds for a stay of civil proceedings. *See In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 820 (C.D. Cal. 2004).

[4] While the DPS Defendants argue in the alternative for a six-month stay, if no indictment has issued at the end of six months those Defendants will certainly seek to extend the stay until an indictment decision is made. *See infra* at p.10. Hence, their "six month" request is functionally equivalent to a request for an ongoing stay.

EBAY'S OPPOSITION TO MOT. TO STAY
CASE NO. C 08-04052 JF PVT

1   *Fleming*, 498 F. Supp. 2d 1034, 1039 (W.D. Mich. 2007) (in ERISA action brought by

2   Secretary of Labor, stay granted because government could use evidence gathered during

3   civil case in criminal investigation); *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y.

4   1998) (in ERISA civil action brought by Secretary of Labor, stay granted to prevent cross-

5   over of evidence); *United States v. $557,993.89 in U.S. Funds*, No. 95-CV-3978-JG, 1998

6   WL 817651 (E.D.N.Y. Mar. 2, 1998) (civil forfeiture action); *United States v. Certain*

7   *Real Prop. & Premises*, 751 F. Supp. 1060 (E.D.N.Y. 1989) (civil forfeiture action). And

8   in another case cited by the DPS Defendants, a partial stay of discovery was granted

9   where the government, though not a party, contended at oral argument that permitting

10  discovery to go forward "could harm its investigation by disclosing testimony of potential

11  government witnesses in the criminal action." *See Walsh Sec., Inc. v. Cristo Prop. Mgmt.,*

12  *Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998). Stays in these cases were thus granted to

13  prevent the government from issuing abusive discovery or to protect the government's

14  criminal investigation. This case presents no such concerns.

15      Similarly, Defendants misapply precedent by asserting that a pre-indictment stay is

16  appropriate because "the criminal investigation is likely to vindicate the same public

17  interest as would the civil suit." *See* DPS Stay Mot. at 8-9. The interests of a private

18  plaintiff seeking to recover for monetary harms are not the equivalent of the public

19  interest and none of the cases cited by the Defendants hold otherwise. *In re Par*

20  *Pharmaceuticals, Inc. Securities Litigation*, 133 F.R.D. 12, 14 (S.D.N.Y. 1990), was a

21  securities class action in which the stay motion was denied because the criminal

22  investigation related to misconduct before the Food and Drug Administration and the

23  same rights would therefore not be vindicated in the criminal action. On the other hand,

24  *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1998), granted a stay because the civil

25  and criminal suits relating to ERISA violations were both brought by the government on

26  behalf of the public. Neither case suggests that a stay of civil proceedings should be

27  granted where, as here, the private plaintiff's interests are not identical to the interests of

28  the public at large.

1    Of the nearly three dozen stay cases cited in the three motions before the Court,

2    only a handful granted stays where no criminal action was pending and the government

3    was not a real party in interest in the parallel civil case.  These out-of-District cases were

4    either decided with limited analysis or involved distinguishing facts that made a pre-

5    indictment stay more appropriate (including the assent or request of the plaintiff), or both.

6    *See Am. Motorists Ins. Co. v. Bridger Pub. Sch. Dist. #2*, No. CV06-124-BLG-RFC-CSO,

7    2007 WL 1227592, at *3 (D. Mont. Apr. 24, 2007) (granting stay in action by insurance

8    company regarding policy coverage where underlying case against public school district

9    was stayed in part because action was in early stages and public would bear the costs of

10   defending both civil and criminal actions); *Shell Offshore, Inc. v. Courtney*, No. 05-1956,

11   2006 WL 1968926, at *1 (E.D. La. July 12, 2006) (granting stay of discovery following

12   minimal analysis of *Keating* factors);[5] *White v. Mapco Gas Prods., Inc.*, 116 F.R.D. 498,

13   502-03 (E.D. Ark. 1987) (plaintiffs did not oppose defendants' motion for stay in case

14   where grand jury was conducting far-reaching investigation of propane gas industry, vast

15   resources had already been expended on criminal investigation and third-party interests

16   were implicated); *Kashi v. Gratsos*, 790 F.2d 1050, 1058 (2d Cir. 1986) (noting without

17   discussion that the district court had granted a pre-indictment stay); *Wehling v. Columbia

18   Broad. Sys.*, 608 F.2d 1084, 1085, 1088-89 (5th Cir. 1979) (limited stay of discovery

19   requested by plaintiff was appropriate in lieu of dismissal where neither plaintiff nor

20   defendants would be prejudiced).  None of Defendants' cases support the extraordinary

21   remedy of a pre-indictment stay of eBay's case, especially in light of the substantial, well-

22   reasoned authority to the contrary.

23   The fact that no criminal indictments have issued weighs heavily against issuance

24   of a stay regardless of whether, as the DPS Defendants assert, "it is likely that an

25   indictment will be issued within the early part of next year."  DPS Stay Mot. at 5.  In the

26   _____

27   [5] *Shell Offshore* should not be relied on for the additional reason that it considered the pending grand jury investigation against the defendant a "criminal proceeding," contrary to authority in this District.  *Compare* 2006 WL 1968926, at *1 *with Applied Materials*, 1995 WL 261451, at *3

28   ("actually no parallel criminal proceeding" where defendant was under investigation by the FBI).

1   first instance, the likelihood of an indictment and the timing thereof is not something that

2   Defendants—or even this Court—can predict.  The decision to seek an indictment is

3   within the discretion of the U.S. Attorney's Office.  *See* United States Attorneys' Manual

4   ("USAM"), ch. 9-2.000, 9-2.030 (attached to the Bunzel Declaration as Exhibit A.).  Such

5   a decision could be made as late as 2012, as the statutes of limitations are five years for

6   both wire fraud—which the DPS Defendants contend the civil and criminal proceedings

7   are "both predicated on," *see* DPS Stay Mot. at 9—and criminal RICO.  *See* 18 U.S.C.

8   § 3282.  DOJ guidelines state that an indictment should only be sought if the government

9   attorney believes that the admissible evidence will support a conviction, which requires

10  proof beyond a reasonable doubt, even though the standard for the grand jury to return an

11  indictment is the much lower one of probable cause.  Bunzel Decl., ¶ 4; Ex. A (USAM,

12  ch. 9-27.220(A)).  Even then, the government attorney may decline to pursue the

13  prosecution for several reasons, including if, in the attorney's judgment, "[n]o substantial

14  federal interest will be served by the prosecution," or "[t]here exists an adequate non-

15  criminal alternative to prosecution."  *Id.*  After an Assistant United States Attorney

16  determines that criminal charges are warranted, various levels of supervisory approval are

17  required, including approval by the line assistant's Section Chief and either the Chief of

18  the Criminal Division or the Chief of the Branch Office (depending on intra-District

19  assignment).  *Id.*, ¶ 4.  However, the ultimate decision to return an indictment lies with the

20  grand jury, not with any prosecutor.  *Id.*, ¶ 4; Ex. A (USAM, ch. 9-11.101)).  Defendants'

21  assertions in their declarations regarding an AUSA's current intentions to seek an

22  indictment therefore present little guarantee that an indictment will in fact be returned, or

23  that charges are imminent.

24      Moreover, even if an indictment is eventually sought by the U.S. Attorney's Office

25  and returned by the grand jury, there is no way to predict whether one Defendant, all

26  Defendants or some combination of the Defendants will be charged, or what activities by

27

28

EBAY'S OPPOSITION TO MOT. TO STAY
CASE NO. C 08-04052 JF PVT

1   the charged Defendants will form the basis of the offenses of indictment.[6]  Thus, the scope

2   of any future criminal proceeding is entirely speculative, and it is impossible at this time

3   to properly assess the propriety of a future stay or the scope thereof.[7]

4      In addition, even if, as Defendants contend, an indictment may be issued sometime

5   next year, a stay at this point would mean a delay of this case for **at least** several months

6   while no charges are pending.  Substantial progress in this case could be made during the

7   interim, and an unwarranted stay for even this limited duration is not proper.  *See Fid.*

8   *Nat'l Title Ins. Co. v. Nat'l Title Res. Corp.*, 980 F. Supp. 1022, 1024 (D. Minn. 1997)

9   (denying stay of deposition where decision on indictment was expected approximately

10  five months from the time of the court's decision); *Applied Materials*, 1995 WL 261451,

11  at *3 (denying stay where defendant was under investigation by the FBI and the United

12  States Attorney "will be seeking an indictment").  Indeed, although Defendants have been

13  asserting their entitlement to a stay in this case since at least January 9, 2009, Bunzel

14  Decl., Ex. J, this case has made substantial progress since then, with dispositive motions

15  being resolved, answers filed, and discovery advancing.  Moreover, less than three months

16  ago at the Case Management Conference, counsel for Defendants Todd Dunning and DEI

17  acknowledged the following regarding the potential for mediation:

18    And my comment about that [mediation] is, number one, with this pending
    federal [criminal] matter, we have no control over its timing.  Nothing has
19    happened in the last two years, and there's no indication that we're aware
    that anything is going to happen in the near future.  And it seems to me we
20    shouldn't be waiting for something that we have absolutely no control over
    before we try to see if there's a resolution.
21

22  Bunzel Decl., Ex. K at 7:13-22.  Defendants cannot now deny that meaningful advances in

23  this case could be accomplished pending the admittedly uncertain duration of the criminal

24  investigation.

---

25  [6] Even if, as eBay contends, all Defendants engaged in conduct that constitutes crimes, strategic
26  decisions and offers of cooperation may influence how the government ultimately crafts any
    indictment, including who is named as a defendant.  Bunzel Decl., ¶ 5.

27  [7] If indictments are eventually returned against any Defendants, the parties and, if necessary, the
    Court can then consider whether a stay is appropriate under *Keating*, and if so what the scope of
28  such a stay should be.

EBAY'S OPPOSITION TO MOT. TO STAY
CASE NO. C 08-04052 JF PVT

1    The Dunning Defendants' 2008 motions to stay the CJ Action also reveal just how

2  much uncertainty surrounds the timing of the indictment decision.  Those motions argued

3  for a stay with the same purported urgency and based on the same factors that Defendants

4  now claim support a stay of this case.  Brian and Todd Dunning's criminal attorneys

5  stated at that time that it was "likely that the federal government ha[d] presented

6  testimony in this investigation to the United States Grand Jury for the Northern District of

7  California," Bunzel Decl., Ex. D, ¶ 7, and that the FBI was "working aggressively to

8  complete its investigation."  Bunzel Decl., Ex. H, ¶ 6.  But at the October 29, 2008

9  hearing on Brian Dunning and THI's motion to stay the CJ Action, their counsel conceded

10  that those defendants in fact had no idea when indictments might issue:

11        With respect to there being no indication of how long this investigation is
          going to last[,] that is because despite many attempts by criminal counsel
12        Mr. Copenny [sic] . . . the Attorney General [sic] up there will not indicate
          how long the investigation will last.
13
14        . . .

15        I don't know what to say with respect to how long the investigation will be
          pending.  I don't know what we can do other than keep inquiring with the
16        Attorney General's office [sic] up there.

17  Bunzel Decl., Ex. E, at 3:23-4:2, 4:14-17.

18    Neither the Kopeny nor the Breakstone declarations submitted with the Dunning

19  Defendants' current motions contain any new information regarding the expected timing

20  of any indictments.  Defendants' recycled allegations are no more persuasive this second

21  time around, and Defendants have provided no reason other than the passage of time to

22  believe that the situation is any different today than it was in October 2008.[8]  *See* Bunzel

23  Decl., Ex. K at 7:15-18 ("Nothing has happened in the last two years, and there's no

24  indication that we're aware that anything is going to happen in the near future.").  Nor, as

25

26  _____

    [8] In addition, the fact that—as stated by the Dunning Defendants in both sets of motions to stay—
    the federal government has itself already required several extensions of time to return the seized
27  materials pending its investigation further demonstrates the uncertainty regarding how long the
    government's investigation will continue before an indictment decision is made.  *See* B. Dunning
28  Stay Mot. at 9-10; T. Dunning Stay Mot. at 7-8.

1   discussed above, does the DPS Defendants' claim of a likely indictment in 2010 merit a

2   different outcome because no one can predict when or if any indictment will issue.

3          Even assuming indictments issue, until a criminal action is actually under way

4   there is no telling "how time-consuming the resulting criminal case will be." *Sterling*, 175

5   F. Supp. 2d at 577.  The state court properly denied a stay of proceedings in the CJ action,

6   allowing the matter to proceed through discovery and to the eve of trial, at which point it

7   was brought to conclusion through settlement—all well before the filing of criminal

8   charges.  If the state court had granted the CJ Defendants' motions to stay, CJ's action

9   would still be pending on that court's docket, rather than having been expeditiously

10  resolved.  In this case, while Defendants have been raising their request for a stay in this

11  case since at least January 2009, the case has continued to move forward.  Defendants

12  have presented no reason why that progress should be halted now.

13         Neither is the alternative six-month stay proposed by the DPS Defendants an

14  appropriate solution.  Defendants will certainly seek an extension at the expiration of the

15  six-month period unless they have been informed that the criminal investigation has

16  closed. *See Lizarraga v. City of Nogales Ariz.*, No. CV 06-474 TUC DCB, 2007 WL

17  215616, at *1-2 (D. Ariz. Jan. 24, 2007) (rejecting defendants' proposed six-month stay

18  pending resolution of criminal proceedings because the stay would likely necessitate

19  repeated extensions).  Because a notification of a declination to prosecute is a rarity,

20  Bunzel Decl., ¶ 6, extensions of the stay could conceivably be sought by Defendants until

21  the expiration of the statutes of limitations.  As such, even this alternative request is

22  functionally equivalent to a stay of indefinite duration.

23    **B.**    **All Of The Factors That This Court Should Consider Weigh Against A**

24          **Stay, Especially In Light Of The Absence Of Criminal Charges**

25         A stay of civil proceedings is warranted only in cases of substantial prejudice to the

26  rights of the parties.  Defendants cannot satisfy this onerous burden, in part because no

27  indictment has been returned against any Defendant.  As demonstrated below, each of the

28  *Keating* factors weighs heavily against issuance of a stay.

EBAY'S OPPOSITION TO MOT. TO STAY
                                          CASE NO. C 08-04052 JF PVT

1           **1.       eBay Would Be Severely Prejudiced By A Stay Of Proceedings**

2           eBay would be severely prejudiced by a stay of these proceedings because—in the

3   absence of any indictments—Defendants are essentially seeking an indefinite delay of this

4   case.  eBay's recovery could be delayed for years while the statutes of limitations on

5   potential criminal charges slowly run out.  eBay should not be prevented from pursuing its

6   claims against Defendants simply because their fraudulent schemes might also justify

7   criminal charges.  *See Paine, Webber*, 486 F. Supp. at 1119 ("That defendant's conduct

8   also resulted in a criminal charge against him should not be availed of by him as a shield

9   against a civil suit and prevent plaintiff from expeditiously advancing its claim.");

10  *Jacksonville Sav. Bank v. Kovack*, 762 N.E.2d 1138, 1142 (Ill. App. Ct. 2002) ("It would

11  be perverse if plaintiffs who claim to be the victims of criminal activity were relegated to

12  receive slower justice than other plaintiffs simply because the behavior they allege is

13  egregious enough to attract the attention of criminal authorities.").

14          Even if, as the DPS Defendants assert, indictments are "likely" to be issued "within

15  the early part of next year," any further delay of this action would be unduly prejudicial to

16  eBay.  For example, *any* additional delay, let alone an indefinite one, could prevent eBay

17  from discovering other witnesses or evidence in support of its case.  *See Applied*

18  *Materials*, 1995 WL 261451, at *2.  eBay's discovery efforts in this action have already

19  been thwarted by Defendants for over nine months.  Despite eBay's issuance of

20  interrogatories, requests for admission and requests for production in January 2009,

21  Defendants have yet to provide any meaningful information regarding their schemes,

22  including the identities of persons who may have assisted in or have knowledge of

23  Defendants' activities.  A stay would therefore not only prevent eBay from obtaining

24  information from Defendants, but would also indefinitely stall crucial third-party

25  discovery, including discovery against those third-party individuals and entities who—

26  during the pendency of any stay—may fail to preserve relevant evidence.  *See Sw.*

27  *Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989)

28  ("Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek

EBAY'S OPPOSITION TO MOT. TO STAY
CASE NO. C 08-04052 JF PVT

1   vindication or redress for indefinite periods of time on end.") (citations and internal

2   quotations omitted). Defendants have already spent over a year impeding eBay's case

3   through motion practice and obstructionist discovery behavior, and should not be

4   permitted to delay eBay's relief any longer, especially where the possibility of an

5   indictment is largely speculative. *See Sterling*, 175 F. Supp. 2d at 579 (denying six-month

6   pre-indictment stay of discovery where case had already been pending for eight months

7   and "most of that time has been essentially wasted due to defendants' dilatory tactics").

8       Defendants assert that eBay will not be prejudiced by imposition of a stay because:

9   1) eBay delayed in filing a complaint for "over a year" after becoming aware of

10  Defendants' schemes, and 2) eBay's interests can be adequately compensated by a money

11  judgment. DPS Stay Mot. at 10-11; T. Dunning Stay Mot. at 9-10; B. Dunning Stay Mot.

12  at 10-11. Neither argument provides grounds for granting a stay. In arguing that eBay

13  cannot be prejudiced because it "delayed" filing suit, the DPS Defendants cite *Medina v.*

14  *Argent Mortgage Co.*, No. 05-cv-2905 RS, 2006 WL 1305230, at *2 (N.D. Cal. May 11,

15  2006)—a post-indictment case in which plaintiffs waited four months to serve defendants

16  with the complaint and then opposed a stay of proceedings of the same duration. eBay's

17  decision to fully investigate Defendants' schemes before filing a complaint—as it was

18  required to do to satisfy the requirements of Rule 11—is not equivalent to failing to move

19  a lawsuit forward after filing. Indefinite delay pending the possibility that an indictment

20  may one day issue is not a proportionate response to a reasonable pre-filing investigation.

21      Moreover, any delays in this case following eBay's filing of its initial complaint

22  are entirely of Defendants' making. Defendants' successive motions to dismiss were

23  pending for nearly eight of the fourteen months this action has been pending. Defendants

24  have largely refused to provide substantive responses to or even meaningfully meet and

25  confer regarding eBay's discovery requests during the pendency of their motions. *See,*

26  *e.g.*, Bunzel Decl., Exs. L, M. In addition, despite Defendants' threats to seek a stay of

27  this action since January 2009, Bunzel Decl., Ex. J, they have waited until now to actually

28  file such motions. Meanwhile, they have used the pending criminal investigation and the

1   specter of their stay motion as an excuse to resist all of eBay's attempts to move the

2   litigation forward. In fact, Defendants are now attempting—in contravention of this

3   Court's instructions at the September 25, 2009 Case Management Conference—to use

4   their motions to stay to convince Magistrate Judge Trumbull to defer consideration of

5   eBay's pending discovery motions. *Compare* Bunzel Decl., Ex. N, at 8:22-9:6 ("The

6   motion to stay seems to me, just thinking about it logically, is going to be informed by the

7   result of the motion to compel. . . . I'd like to see what Judge Trumbull's take is on the

8   matter before deciding whether a stay is required") *with* B. Dunning Opp. to Motion to

9   Compel, pp. 7-11, 11:9-13 ("[T]his Court should defer hearing eBay's Motion to Compel

10  until after Judge Fogel has ruled on Defendants' Motion to Stay Action") *and* DPS Opp.

11  to Motion to Compel, pp. 4-5, 4:25-27 ("[T]he DPS Defendants request that adjudication

12  of the present motion be deferred until after the motions for stay have been resolved.").

13          Regarding the argument that eBay will be made whole by monetary compensation,

14  delaying this case until criminal proceedings have concluded will almost certainly prevent

15  eBay from fully recovering its losses, since a significant portion of the very funds that

16  were fraudulently obtained from eBay will likely be used to defend the criminal action.

17  *See Applied Materials*, 1995 WL 261451, at *2-3 (despite prospect of money judgment,

18  plaintiff would be prejudiced if stay issued where defendants could use remaining assets

19  to pay for civil and criminal actions). Because the prejudice to eBay will increase with

20  every further delay of this case, especially an indefinite delay of the type currently sought

21  by Defendants, this factor weighs heavily against issuance of a stay of these proceedings.

22                    **2.      The Burden On Defendants In Defending This Action Is Minimal**
                              **And Can Be Remedied By Less Drastic Means Than A Stay**
23

24          In contrast to the severe burden on eBay that would result from a pre-indictment

25  stay of these proceedings, the burden on Defendants in defending this action pending the

26  criminal investigation is minimal. Moreover, less drastic means than a stay of

27  proceedings are available to minimize any impact this action may have on Defendants'

28  Fifth Amendment rights.

1

2

**a.      Defendants' Concerns Regarding Improper Expansion Of Criminal Discovery Are Unfounded**

3        Defendants argue that permitting this case to continue pending the criminal

4    investigation would improperly circumvent the limitations on criminal discovery because

5    eBay will work closely with the federal government, and the civil proceedings will assist

6    the government's investigation.  *See* DPS Stay Mot. at 8; B. Dunning Stay Mot. at 5, 11;

7    T. Dunning Stay Mot. at 5, 10.  But the DPS Defendants provide no support for their bare

8    assertion that eBay "is likely to play at least some role in the development of the

9    prosecution's case through trial."  DPS Stay Mot. at 8.  For their part, the Dunning

10   Defendants rely on two "facts": 1) general statements on the website of the Computer

11   Hacking and Intellectual Property ("CHIP") Unit of the United States Attorney's Office

12   that the government "works closely with the FBI and other agencies to establish a

13   relationship with the local high tech community and encourage them to refer cases to law

14   enforcement," T. Dunning Stay Mot. at 4-5; B. Dunning Stay Mot. at 5) that eBay's

15   counsel gave a copy of eBay's complaint to the government.  T. Dunning Stay Mot. at 10.

16   Neither of these allegations supports the notion that the parallel civil proceeding will

17   unfairly circumvent the limitations of criminal discovery.

18       First, a general statement on a government website that the CHIP Unit

19   "encourage[s] [the local high tech] community to ***refer cases to law enforcement***," simply

20   provides no foundation for any contention that the government will unfairly obtain

21   incriminating information in connection with eBay's civil action.  Under Defendants'

22   reasoning, technology companies that have reported wrongdoing to law enforcement

23   could never timely pursue civil remedies.

24       Second, the fact that counsel for eBay provided the government with a copy of a

25   publicly filed document is a far cry from the kind of discovery abuse that would justify a

26   stay of civil proceedings.  *See Lizarraga*, 2007 WL 215616, at *3 (stay to protect against

27   abuse of discovery generally done "where the civil Plaintiff is the same litigant as the

28   criminal prosecutor, such as where the government brings a civil enforcement action

EBAY'S OPPOSITION TO MOT. TO STAY
CASE NO. C 08-04052 JF PVT

against a defendant and also criminally prosecutes him"); *Howard v. Gutterman*, 3 B.R. 393, 395 (Bankr. S.D.N.Y. 1980) (no stay warranted absent any claim that the civil action was a mere sham to gather evidence for a criminal prosecution, which the court found unlikely since the government was not a party to the civil case). eBay has not provided to the government any discovery obtained from Defendants in this case, nor has the government requested such information. Bunzel Decl., ¶ 23. In fact, the Stipulated Protective Order entered in this case specifically prevents such sharing: that Order prevents the parties from disclosing any material that has been designated "Confidential" or "Highly Confidential" to third parties not specifically identified in the order, and the order does not mention the government or any government attorneys. *See* Bunzel Decl., Ex. O, ¶¶ 7.2, 7.3. There is simply no foundation for any contention by Defendants that the government has or will abuse these civil proceedings for its use in any future criminal action.

Third, Defendants' contention that the civil case will allow the government to unfairly obtain discovery is inconsistent with the position Defendants have taken throughout the discovery process that all of the relevant documentary evidence has previously been seized by the FBI. Because the government has purportedly already obtained all of defendants' documents relevant to this case, any subsequent production here would not further incriminate defendants. *See Henry v. Sneiders*, 490 F.2d 315, 317 (9th Cir. 1974). Further, all three individual Defendants have unequivocally stated that they intend to assert the Fifth Amendment in response to all testimonial discovery requests. 10/15/09 Kopeny Decl., ¶ 10; 10/15/09 Breakstone Decl., ¶¶ 7, 8; DPS Stay Mot. at 12. Defendants' contention that the government could unfairly obtain any incriminating information from the conduct of the civil case is therefore utterly without basis.

Finally, to the extent that eBay, as the victim of a crime, has reported Defendants' conduct to the government or may be called upon to provide its own employees or documents as evidence in the government's investigation or future prosecution of

1   Defendants, such cooperation by a corporate victim of fraud is both proper and desirable.

2   *See IBM Corp.*, 857 F. Supp. at 1386-87.  In *IBM*, the corporate plaintiff reported

3   suspected fraudulent activities to the state government and also participated in certain

4   undercover operations in aid of the criminal investigation.  *Id.* at 1386.  Defendants

5   moved for a stay of the civil proceedings based on the criminal charges brought against

6   them, arguing that both IBM and the district attorney's office had benefited unfairly from

7   IBM's cooperation with law enforcement officials.  *Id.* at 1387.  In denying defendants'

8   request for a stay, the court pointed to the benefits of a victim's cooperation with the

9   investigation of corporate crimes:

10      [I]t is difficult and virtually impossible for large corporate victims to secure
        prosecution of crimes committed against them, especially if they are
11      unwilling or unable to make a significant contribution to the criminal
        investigation at their own expense.  . . .  Where private investigation reveals
12      that a crime has been committed, why should the government be precluded
        from using the investigation as a basis for prosecution simply because the
13      government has not paid for the it?

14   *Id.* at 1388-89.

15      Contrary to Defendants' assertions, there is nothing undesirable or unfair about

16   eBay communicating with law enforcement about crimes that it believes were committed

17   against it by Defendants.  Defendants have made no showing to support their assertions

18   that discovery exploitation is likely in this case.[9]

19                  **b.      Remedies Less Drastic Than A Stay Are Available**

20      To the extent that Defendants' Fifth Amendment rights are implicated by a parallel

21   criminal investigation, the burden on Defendants from the civil action is minimal because

22   ────────────────

23   [9] Defendants' argument that the potential for infringement of their Fifth Amendment rights is
    exacerbated because this case and the ongoing criminal investigation have the same factual
    underpinnings is undermined by the fact that no indictments have issued.  Any determination of
24  the potential degree of factual overlap is speculative prior to indictment.  *Alcala v. Webb County*,
    625 F. Supp. 2d 391, 403 (S.D. Tex. 2009).  Even in cases of complete overlap, however, a stay is
25  not warranted where no indictments have issued.  *See SEC v. Sandifur*, No. C05-1631C, 2006 WL
    1719920, at *2 (W.D. Wash. June 19, 2006) (denying pre-indictment stay even though plaintiff
26  did not dispute that there was 100% overlap of factual issues in the civil and criminal cases).  The
    only pre-indictment case cited by Defendants in support of their "factual overlap" argument
27  granted a stay in reliance on the fact that the government was driving both the civil action and the
    criminal investigation, heightening the possibility for discovery abuse.  *See Chao*, 498 F. Supp.
28  2d at 1038.

1   remedies less drastic than a stay of proceedings are available to protect Defendants' rights.

2   First, and most obviously, the individual Defendants can simply assert their Fifth

3   Amendment privileges as necessary, as is their stated intention.  In addition, the Court can

4   use protective orders or sealing orders to protect against disclosure of testimonial evidence

5   to the federal government.  *See Lizarraga*, 2007 WL 215616, at *4 (denying stay because

6   less drastic means, such as sealing depositions and limiting use of testimonial discovery,

7   can protect defendant's Fifth Amendment concerns).  As noted above, the parties have

8   already agreed to a Stipulated Protective Order in this action, which precludes eBay from

9   sharing any designated material with third parties, including the government.  Such

10  remedies would obviate the need for the extraordinary remedy of a stay, because they

11  would protect Defendants' Fifth Amendment rights while avoiding the serious prejudice

12  to eBay that would result from an indefinite stay of this case.

13                    **c.      The Entity Defendants Would Not Be Unfairly Prejudiced
                                 If A Stay Is Denied**
14

15          A stay of proceedings against the entity Defendants is equally inappropriate.  As

16  Defendants admit in their moving papers, the entity Defendants have no Fifth Amendment

17  rights that require protection.  *See* DPS Stay Mot. at 9 ("[C]orporate defendants cannot

18  invoke the protections of the Fifth Amendment."); B. Dunning Stay Mot. at 14 ("[A]

19  business entity has no Fifth Amendment right against self-incrimination."); T. Dunning

20  Stay Mot. at 13 (same); *IBM Corp.*, 857 F. Supp. at 1390 (denying stay and noting that

21  corporate defendants had no Fifth Amendment privileges).  Moreover, Defendant KFC

22  has not even moved this court for a stay, despite the fact that KFC itself is a general

23  partnership made up of THI and DEI—two entities who seek motions to stay on the basis

24  that they would be unable to mount a defense as a result of the individuals' invocation of

25  their Fifth Amendment rights.  *See* B. Dunning Stay Mot. at 12-15; T. Dunning Stay Mot.

26  at 12-14.

27          The authorities cited by Defendants do not support a contrary result.  In each of the

28  cases cited by Defendants, the individuals said to be central figures in both the civil and

EBAY'S OPPOSITION TO MOT. TO STAY
                                                                    CASE NO. C 08-04052 JF PVT

1  criminal proceedings had already been indicted, and the courts found that stays against all

2  defendants were necessary to protect the individuals' Fifth Amendment rights in the

3  already-pending proceedings.  *See, e.g.*, *Taylor, Bean & Whitaker Mortgage Corp. v.*

4  *Triduanum Fin., Inc.*, No. CIV. 2:09-cv-0954 FCD EFB, 2009 WL 2136986, at *1 (N.D.

5  Cal. July 15, 2009); *United States v. All Meat & Poultry Prods. Stored at LaGrou Cold*

6  *Storage*, No. 02 C 5145, 2003 U.S. Dist. LEXIS 17677, at *10-13 (N.D. Ill. Oct. 2, 2003).

7  Because a pre-indictment stay is not warranted for the individual Defendants, it is not

8  warranted for any of the Defendants.

9           **3.      The Potential Burdens On The Court And The Public Weigh**
              **Against Issuance Of A Stay**
10

               **a.      A Stay Of This Action Would Unduly Burden The Court**
11

12         Granting a stay of this action would impose an undue burden on this Court's

13  docket.  Because no indictments have been issued and no criminal proceedings are

14  underway, a stay would mean indefinite delay of this action and consequent disruption of

15  the Court's calendar.  *See IBM Corp.*, 857 F. Supp. at 1392 ("A stay would disrupt the

16  court's calendar by indefinitely postponing trial as the defendants' criminal proceedings

17  wend their way through the state criminal justice system."); *In re Tower Metal Alloy Co.*,

18  188 B.R. 954, 958 (Bankr. S.D. Ohio 1995) ("[R]equiring the court to suspend any civil

19  proceeding containing the possibility of criminal prosecution . . . would wreak havoc with

20  court dockets and the rightful claims of plaintiffs.") (citation and internal quotation

21  omitted).  Moreover, KFC has not even requested a stay of these proceedings and there is

22  therefore no basis to grant a stay as to that Defendant.  Staying this action as to every

23  other Defendant while eBay proceeds with its case against KFC would obviously cause

24  substantial efficiencies and an increased burden on this Court.

25         The Dunning Defendants' contentions that a stay will make "efficient use of

26  judicial resources" because this action is in the "very early stages" and discovery has "just

27  recently started to move forward," T. Dunning Stay Mot. at 10-11; B. Dunning Stay Mot.

28  at 11, are contrary to fact.  As noted above, this case has been pending for well over a year

- 19 -

1  and eBay first propounded discovery on Defendants nine months ago.  During that time,

2  in addition to filing two rounds of motions to dismiss and/or to transfer this action,

3  Defendants have engaged in a course of obstructionist behavior and have consistently

4  refused to provide meaningful discovery.  The only reason this case "has just recently

5  started to move forward with discovery by eBay," T. Dunning Stay Mot. at 11, is because

6  this course of conduct is finally in the process of being addressed through eBay's pending

7  motions to compel.  eBay's case is therefore in a very different posture than cases cited by

8  Defendants that are truly in the "early stages."  *See, e.g.*, *Taylor, Bean & Whitaker*, 2009

9  WL 2136986, at *1, 4 (case in early stages of litigation where complaint was filed three

10 months earlier and no answer or dispositive motions had been filed).

11         Despite the fact no indictments have issued, Defendants nevertheless assert that

12 judicial efficiency would be promoted by a stay because 1) common issues of fact could

13 be resolved in the criminal proceeding first, and 2) once the criminal action is complete,

14 subsequent civil discovery could proceed unobstructed by concerns regarding self-

15 incrimination.  With respect to the first point, for example, the DPS Defendants argue that

16 eBay could invoke collateral estoppel to resolve those issues "necessarily decided" in any

17 criminal action.  DPS Stay Mot. at 11-12.  But unless and until criminal charges are

18 actually brought and the contours of the criminal action are defined, any argument

19 regarding resolution of common issues is mere speculation.  In *Melendres v. Maricopa*

20 *County*, No. 07-CV-02513-PHX-GMS, 2009 WL 2515618, at *7 (D. Ariz. Aug. 13,

21 2009), the court rejected defendants' argument that a pre-indictment stay could allow

22 some issues to be resolved by the criminal case.  The court noted that, "[e]ven if the DOJ

23 were to tailor its investigation to Plaintiff's claims, . . . the focus of the DOJ investigation

24 could change over time, or the DOJ could terminate its investigation for any number of

25 reasons, or the DOJ's ultimate findings could be inconclusive.  In any of these cases, there

26 would have been no benefit to the stay and the parties would have needlessly suffered the

27 harm of delay."  *Id.* at *4; *see also In re Lewisville Properties, Inc.*, 849 F.2d 946, 949

28 (5th Cir. 1988) (court denied plaintiff use of collateral estoppel because his civil RICO

1    allegations were much broader than what had actually been proven in the criminal action).

2    This Court should not grant the exceptional remedy of a stay based on such speculative

3    benefits that may occur far in the future.  *See In re CFS-Related Sec. Fraud Litig.*, 256 F.

4    Supp. 2d at 1242 ("This court finds it unrealistic to rely upon fortuitous events to manage

5    its docket.").

6         Second, Defendants' argument that a stay would be efficient because it might

7    eliminate a "constant stream of privilege issues," *see* DPS Stay Mot. at 12, is similarly

8    speculative.  Privilege issues could remain well after a criminal trial is concluded, since as

9    the *IBM* court recognized, "[i]n all cases in which the defendant is found guilty the

10   privilege will remain until after the appeal."  *IBM Corp.*, 857 F. Supp. at 1392.

11        The outcome of the CJ Action demonstrates the fallacy of Defendants' "judicial

12   efficiency" arguments: if a stay had been granted in that case as Defendants requested,

13   that action would surely still be pending, with no progress made toward a resolution since

14   October 2008.  Instead, a stay was denied and the case settled in March 2009, clearing that

15   court's docket.  There is no reason to believe that a similar result could not occur here.

16   Indeed, counsel for Todd Dunning and DEI has acknowledged as much.  *See* Bunzel

17   Decl., Ex. K at 7:19-22 ("And it seems to me we shouldn't be waiting for something that

18   we have absolutely no control over before we try to see if there's a resolution.").

19                    **b.    The Public Has An Interest In Expeditious Resolution Of**
                              **Civil Cases Involving Fraudulent Activity**
20

21        No stay should issue for the further reason that the public has an interest in

22   protecting a plaintiff's right to a speedy resolution of civil actions brought to combat

23   fraudulent activities.  The public has a "vital stake in rooting out fraud and ensuring that

24   aggrieved parties are made whole as rapidly as possible."  *Starlight Int'l, Inc. v. Herlihy*,

25   No. Civ. A. 97-2329-GTV, 1998 WL 560045, at *3 (D. Kan. Aug. 4, 1998).  Indeed, civil

26   RICO claims, in particular, are intended "in large part to give private parties an incentive

27   to supplement the government's limited resources for pursuing criminal activity," and

28

EBAY'S OPPOSITION TO MOT. TO STAY
                                                              CASE NO. C 08-04052 JF PVT

1  staying the civil action would subvert this purpose.[10]  *Sterling*, 175 F. Supp. at 580; *see*

2  *also Warfield v. Gardner*, No. CV 04-0974-PHX-JAT, 2006 U.S. Dist. LEXIS 54123, at

3  *12 (D. Ariz. Aug. 3, 2006) (public's interest in the effective prosecution of individuals

4  and entities who engage in racketeering activity would be frustrated by any delay caused

5  by a stay).  This interest is implicated even more where, as here, no parallel criminal

6  action is actually pending and a stay would result in delaying plaintiff's recovery

7  indefinitely.

8       Because staying these proceedings would impose a heavy burden on this Court and

9  would not serve the public interest, these factors weigh against a stay of proceedings in

10  this case.[11]

## IV.  **CONCLUSION**

12       For the foregoing reasons, the Motions of Defendants Digital Point Solutions, Inc.,

13  Shawn Hogan, Thunderwood Holdings, Inc., Brian Dunning, BrianDunning.com, Todd

14  Dunning and Dunning Enterprise, Inc. seeking a stay of these proceedings should be

15  denied.

16

17  DATED:  October 30, 2009                    DAVID R. EBERHART
                                                SHARON M. BUNZEL
18                                              COLLEEN M. KENNEDY
                                                O'MELVENY & MYERS LLP
19
                                                By:  /s/  David R. Eberhart
20                                                    DAVID R. EBERHART

21                                              Attorneys for Plaintiff eBAY INC.

22

23  _____

[10] Again, the cases cited by Defendants in support of their argument that the public interest favors
24  a stay are either actions in which the government had in interest in the civil action or post-
indictment cases that do not implicate the public's interest in swift resolution of civil claims
25  relating to fraudulent activities.  *See, e.g.*, *Chao*, 498 F. Supp. 2d at 1039 (stay granted in ERISA
action brought by Secretary of Labor because government could use evidence gathered during
26  civil case in criminal investigation); *Jones v. Conte*, No. C 045312S1, 2005 WL 1287017, at *2
(N.D. Cal. Apr. 19, 2005) (stay granted in post-indictment case); *Taylor, Bean*, 2009 WL
27  2136986, at *4.

[11] eBay does not contend any third-party interests would be significantly impacted by a stay of
28  these proceedings.

EBAY'S OPPOSITION TO MOT. TO STAY
                                                CASE NO. C 08-04052 JF PVT