# EXHIBIT A

US Attorneys > USAM > Title 9 > USAM Chapter 9-2.000
prev | next | Criminal Resource Manual

# 9-2.000
# AUTHORITY OF THE UNITED STATES ATTORNEY IN CRIMINAL DIVISION MATTERS/PRIOR APPROVALS

| | |
|---|---|
| 9-2.001 | Introduction |
| 9-2.010 | Investigations |
| 9-2.020 | Declining Prosecution |
| 9-2.021 | Armed Forces Enlistment as an Alternative to Federal Prosecution |
| 9-2.022 | Pretrial Diversion as an Alternative to Federal Prosecution |
| 9-2.030 | Authorizing Prosecution |
| 9-2.031 | Dual and Successive Prosecution Policy ("Petite Policy") |
| 9-2.032 | Notification to the Criminal Division of Certain Prosecutions of Attorneys |
| 9-2.040 | Dismissal of Complaints |
| 9-2.041 | Cancellation of Unexecuted Arrest Warrants |
| 9-2.050 | Dismissal of Indictments and Informations |
| 9-2.060 | Appeals, Mandamus, Stays, Rehearing, Certiorari |
| 9-2.100 | Limitations on United States Attorneys |
| 9-2.101 | American Bar Association Standards for Criminal Justice |
| 9-2.110 | Statutory Limitations—Generally |
| 9-2.111 | Statutory Limitations—Declinations |
| 9-2.112 | Statutory Limitations—Prosecutions |
| 9-2.120 | Policy Limitations—Generally |
| 9-2.131 | Matters Assumed by Criminal Division or Higher Authority |
| 9-2.136 | Notification, Consultation, and Approval Requirements for International Terrorism Matters |
| 9-2.137 | Notification Requirements in Domestic Terrorism Matters |
| 9-2.138 | Notification, Consultation, and Approval Requirements for Weapons of Mass Destruction (WMD) Matters |
| 9-2.139 | Notification, Consultation, and Approval Requirements for Torture, War Crimes, and Genocide Matters |

cooperation to the Department of Defense in the latter's efforts to ensure a highly motivated all-volunteer Armed Forces and to bolster public confidence in military service as a respectable and honorable profession.

There may be exceptional cases in which imminent military service, together with other factors, may be considered in deciding to decline prosecution if the offense is trivial or insubstantial, the offender is generally of good character, has no record or habits of anti-social behavior, and does not require rehabilitation through existing criminal institutional methods, and failure to prosecute will not seriously impair observance of the law in question or respect for law generally. In no case, however, should the United States Attorney be a party to, or encourage, an agreement respecting foregoing criminal prosecution in exchange for enlistment in the Armed Services.

### 9-2.022 Pretrial Diversion as an Alternative to Federal Prosecution

A United States Attorney may consider Pretrial Diversion as an alternative to federal criminal prosecution. Pretrial Diversion is addressed in USAM 9-22.000.

### 9-2.030 Authorizing Prosecution

The United States Attorney is authorized to initiate prosecution by filing a complaint, requesting an indictment from the grand jury, and when permitted by law, by filing an information in any case which, in his or her judgment, warrants such action, other than those instances enumerated in USAM 9-2.120.

In arriving at a decision, the United States Attorney should consider the recommendations for prosecution of the specific offense set forth in the chapters discussing substantive offenses. The recommendations are instructive only and not mandatory.

[cited in USAM 9-2.001; Criminal Resource Manual 1841]

### 9-2.031 Dual and Successive Prosecution Policy ("Petite Policy")

**A. Statement of Policy:** This policy establishes guidelines for the exercise of discretion by appropriate officers of the Department of Justice in determining whether to bring a federal prosecution based on substantially the same act(s) or transactions involved in a prior state or federal proceeding. See *Rinaldi v. United States*, 434 U.S. 22, 27, (1977); *Petite v. United States*, 361 U.S. 529 (1960). Although there is no general statutory bar to a federal prosecution where the defendant's conduct already has formed the basis for a state prosecution, Congress expressly has provided that, as to certain offenses, a state judgment of conviction or acquittal on the merits shall be a bar to any subsequent federal prosecution for the same act or acts. See 18 U.S.C. §§ 659, 660, 1992, 2101, 2117; see also 15 U.S.C. §§ 80a-36, 1282.

The purpose of this policy is to vindicate substantial federal interests through appropriate federal prosecutions, to protect persons charged with criminal conduct from the burdens associated with multiple prosecutions and

US Attorneys > USAM > Title 9 > USAM Chapter 9-11.000
prev | next | Criminal Resource Manual

# 9-11.000
# GRAND JURY

| | |
|---|---|
| 9-11.010 | Introduction |
| 9-11.101 | Powers and Limitations of Grand Juries—The Functions of a Grand Jury |
| 9-11.120 | Power of a Grand Jury Limited by Its Function |
| 9-11.121 | Venue Limitations |
| 9-11.130 | Limitation on Naming Persons as Unindicted Co-Conspirators |
| 9-11.140 | Limitation on Grand Jury Subpoenas |
| 9-11.141 | Fair Credit Reporting Act and Grand Jury Subpoenas |
| 9-11.142 | Grand Jury Subpoenas for Financial Records |
| 9-11.150 | Subpoenaing Targets of the Investigation |
| 9-11.151 | Advice of "Rights" of Grand Jury Witnesses |
| 9-11.152 | Requests by Subjects and Targets to Testify Before the Grand Jury |
| 9-11.153 | Notification of Targets |
| 9-11.154 | Advance Assertions of an Intention to Claim the Fifth Amendment Privilege Against Compulsory Self-Incrimination |
| 9-11.155 | Notification to Targets when Target Status Ends |
| 9-11.160 | Limitation on Resubpoenaing Contumacious Witnesses Before Successive Grand Juries |
| 9-11.231 | Motions to Dismiss Due to Illegally Obtained Evidence Before a Grand Jury |
| 9-11.232 | Use of Hearsay in a Grand Jury Proceeding |
| 9-11.233 | Presentation of Exculpatory Evidence |
| 9-11.241 | Department of Justice Attorneys Authorized to Conduct Grand Jury Proceedings |
| 9-11.242 | Non-Department of Justice Government Attorneys |
| 9-11.244 | Presence of an Interpreter |
| 9-11.250 | Disclosure of matters occurring before the grand jury to Department of Justice attorneys and Assistant United States Attorneys |
| 9-11.254 | Guidelines for Handling Documents Obtained by the Grand Jury |

9-11.255    Prior Department of Justice Approval Requirements—Grand Jury Subpoenas to Lawyers and Members of the News Media

9-11.260    Rule 6(e)(3)(E)(iv) Disclosure of Grand Jury Material to State and Local Law Enforcement Officials

9-11.300    The Special Grand Jury—18 U.S.C. § 3331

9-11.330    Consultation With the Criminal Division About Reports

## 9-11.010 Introduction

This chapter contains the Department's policy on grand jury practice. For a discussion of the law, and a list of resource materials on grand jury practice, see the Criminal Resource Manual at 154 et seq.

In dealing with the grand jury, the prosecutor must always conduct himself or herself as an officer of the court whose function is to ensure that justice is done and that guilt shall not escape nor innocence suffer. The prosecutor must recognize that the grand jury is an independent body, whose functions include not only the investigation of crime and the initiation of criminal prosecution but also the protection of the citizenry from unfounded criminal charges. The prosecutor's responsibility is to advise the grand jury on the law and to present evidence for its consideration. In discharging these responsibilities, the prosecutor must be scrupulously fair to all witnesses and must do nothing to inflame or otherwise improperly influence the grand jurors.

## 9-11.101 Powers and Limitations of Grand Juries—The Functions of a Grand Jury

While grand juries are sometimes described as performing accusatory and investigatory functions, the grand jury's principal function is to determine whether or not there is probable cause to believe that one or more persons committed a certain Federal offense within the venue of the district court. Thus, it has been said that a grand jury has but two functions—to indict or, in the alternative, to return a "no-bill." See Wright, *Federal Practice and Procedure*, Criminal Section 110.

At common law, a grand jury enjoyed a certain power to issue reports alleging non-criminal misconduct. A special grand jury impaneled under Title 18 U.S.C. § 3331 is authorized, on the basis of a criminal investigation (but not otherwise), to fashion a report, potentially for public release, concerning either organized crime conditions in the district or the non-criminal misconduct in office of appointed public officers or employees. This is discussed at USAM 9-11.300and USAM 9-11.330, and the Criminal Resource Manual at 158-59. See *Jenkins v. McKeithen*, 395 U.S. 411, 430 (1969); *Hannah v. Larche*, 363 U.S. 420 (1960). Whether a regular grand jury enjoys a comparable authority to issue a report is a difficult and complex question. *Cf. United States v. Briggs*, 514 F.2d 794 (5th Cir. 1975). The Criminal Division of the Department of Justice should be consulte d before any grand jury report is initiated, whether by a regular or special grand jury. See also USAM 9-11.330.

[cited in USAM 9-69.400]

## 9-11.120  Power of a Grand Jury Limited by Its Function

The grand jury's power, although expansive, is limited by its function toward possible return of an indictment. *Costello v. United States*, 350 U.S. 359, 362 (1956). Accordingly, the grand jury cannot be used solely to obtain additional evidence against a defendant who has already been indicted. *United States v. Woods*, 544 F.2d 242, 250 (6th Cir. 1976), *cert. denied sub nom.*, *Hurt v. United States*, 429 U.S. 1062 (1977). Nor can the grand jury be used solely for pre-trial discovery or trial preparation. *United States v. Star*, 470 F.2d 1214 (9th Cir. 1972). After indictment, the grand jury may be used if its investigation is related to a superseding indictment of additional defendants or additional crimes by an indicted defendant. *In re Grand Jury Subpoena Duces Tecum, Dated January 2, 1985*, 767 F.2d 26, 29-30 (2d Cir. 1985); *In re Grand Jury Proceedings*, 586 F.2d 724 (9th Cir. 1978).

A. **Approval Required Prior to Resubmission of Same Matter to Grand Jury:** Once a grand jury returns a no-bill or otherwise acts on the merits in declining to return an indictment, the same matter ( i.e., the same transaction or event and the same putative defendant) should not be presented to another grand jury or resubmitted to the same grand jury without first securing the approval of the responsible United States Attorney.

B. **Use of Grand Jury to Locate Fugitives:** It is improper to utilize the grand jury solely as an investigative aid in the search for a fugitive in whose testimony the grand jury has no interest. *In re Pedro Archuleta*, 432 F. Supp. 583 (S.D.N.Y. 1977); *In re Wood*, 430 F. Supp. 41 (S.D.N.Y. 1977), *aff'd sub nom In re Cueto*, 554 F.2d 14 (2d Cir. 1977). However, if the grand jury has a legitimate interest in the testimony of a fugitive, it may subpoena other witnesses and records in an effort to locate the fugitive. *Wood, supra*, citing *Hoffman v. United States*, 341 U.S. 479 (1951). If the present whereabouts of a fugitive is related to a legitimate grand jury investigation of offenses such as harboring, 18 U.S.C. §§ 1071, 1072, 1381, misprision of felony, 18 U.S.C. § 4, accessory after the fact, 18 U.S.C. § 3, escape from custody, 18 U.S.C. §§ 751, 752, or failure to appear, 18 U.S.C. § 3146, the gran d jury properly may inquire as to the fugitive's whereabouts. *See In re Grusse*, 402 F. Supp. 1232 (D.Conn. 1975). Unless such collateral interests are present, the grand jury should not be employed in locating fugitives in bail-jumping and escape cases since, as a rule, those offenses relate to the circumstances of defendant's disappearance rather than his or her current whereabouts.

Generally, grand jury subpoenas should not be used to locate fugitives in investigations of unlawful flight to avoid prosecution. 18 U.S.C. § 1073. Normally an unlawful flight complaint will be dismissed when a fugitive is apprehended and turned over to State authorities to await extradition. Prosecutions for unlawful flight are rare and the statute requires prior written approval of the Attorney General, the Deputy Attorney General, the Associate Attorney General, or an Assistant Attorney General. See USAM 9-69.460

US Attorneys > USAM > Title 9 > USAM Chapter 9-27.000
prev | next | Criminal Resource Manual

# 9-27.000
# PRINCIPLES OF FEDERAL PROSECUTION

9-27.001   Preface

9-27.110   Purpose

9-27.120   Application

9-27.130   Implementation

9-27.140   Modifications or Departures

9-27.150   Non-Litigability

9-27.200   Initiating and Declining Prosecution—Probable Cause Requirement

9-27.220   Grounds for Commencing or Declining Prosecution

9-27.230   Initiating and Declining Charges—Substantial Federal Interest

9-27.240   Initiating and Declining Charges—Prosecution in Another Jurisdiction

9-27.250   Non-Criminal Alternatives to Prosecution

9-27.260   Initiating and Declining Charges—Impermissible Considerations

9-27.270   Records of Prosecutions Declined

9-27.300   Selecting Charges—Charging Most Serious Offenses

9-27.320   Additional Charges

9-27.330   Pre-Charge Plea Agreements

9-27.400   Plea Agreements Generally

9-27.420   Plea Agreements—Considerations to be Weighed

9-27.430   Selecting Plea Agreement Charges

9-27.440   Plea Agreements When Defendant Denies Guilt

9-27.450   Records of Plea Agreements

9-27.500   Offers to Plead Nolo Contendere—Opposition Except in Unusual Circumstances

9-27.520   Offers to Plead Nolo Contendere—Offer of Proof

9-27.530   Argument in Opposition of Nolo Contendere Plea

9-27.600   Entering into Non-prosecution Agreements in Return for Cooperation—Generally

(a)), for a magistrate's decision to hold a defendant to answer in the district court (*See* Fed. R. Crim. P. 5.1(a)), and is the minimal requirement for indictment by a grand jury. *See Branzburg v. Hayes*, 408 U.S. 665, 686 (1972). This is, of course, a threshold consideration only. Merely because this requirement can be met in a given case does not automatically warrant prosecution; further investigation may be warranted, and the prosecutor should still take into account all relevant considerations, including those described in the following provis ions, in deciding upon his/her course of action. On the other hand, failure to meet the minimal requirement of probable cause is an absolute bar to initiating a Federal prosecution, and in some circumstances may preclude reference to other prosecuting authorities or recourse to non-criminal sanctions as well.

[cited in USAM 9-10.060; USAM 9-2.031]

## 9-27.220 Grounds for Commencing or Declining Prosecution

A. The attorney for the government should commence or recommend Federal prosecution if he/she believes that the person's conduct constitutes a Federal offense and that the admissible evidence will probably be sufficient to obtain and sustain a conviction, unless, in his/her judgment, prosecution should be declined because:

   1. No substantial Federal interest would be served by prosecution;

   2. The person is subject to effective prosecution in another jurisdiction; or

   3. There exists an adequate non-criminal alternative to prosecution.

B. Comment. USAM 9-27.220 expresses the principle that, ordinarily, the attorney for the government should initiate or recommend Federal prosecution if he/she believes that the person's conduct constitutes a Federal offense and that the admissible evidence probably will be sufficient to obtain and sustain a conviction. Evidence sufficient to sustain a conviction is required under Rule 29 (a), Fed. R. Crim. P., to avoid a judgment of acquittal. Moreover, both as a matter of fundamental fairness and in the interest of the efficient administration of justice, no prosecution should be initiated against any person unless the government believes that the person probably will be found guilty by an unbiased trier of fact. In this connection, it should be noted that, when deciding whether to prosecute, the government attorney need not have in hand all the evidence upon which he/she intends to rely at trial: it is sufficient that he/she have a reasonable be lief that such evidence will be available and admissible at the time of trial. Thus, for example, it would be proper to commence a prosecution though a key witness is out of the country, so long as the witness's presence at trial could be expected with reasonable certainty.

The potential that—despite the law and the facts that create a sound, prosecutable case—the factfinder is likely to acquit the defendant because of the unpopularity of some factor involved in the prosecution or because of the

overwhelming popularity of the defendant or his/her cause, is not a factor prohibiting prosecution. For example, in a civil rights case or a case involving an extremely popular political figure, it might be clear that the evidence of guilt—viewed objectively by an unbiased factfinder—would be sufficient to obtain and sustain a conviction, yet the prosecutor might reasonably doubt whether the jury would convict. In such a case, despite his/her negative assessment of the likelihood of a guilty verdict (based on factors extraneous to an objective view of the law and the facts), the prosecutor may properly conclude that it is necessary and desirable to commence or recommend prosecution and allow the criminal process to operate in accordance with its principles.

Merely because the attorney for the government believes that a person's conduct constitutes a Federal offense and that the admissible evidence will be sufficient to obtain and sustain a conviction, does not mean that he/she necessarily should initiate or recommend prosecution: USAM 9-27.220 notes three situations in which the prosecutor may property decline to take action nonetheless: when no substantial Federal interest would be served by prosecution; when the person is subject to effective prosecution in another jurisdiction; and when there exists an adequate non-criminal alternative to prosecution. It is left to the judgment of the attorney for the government whether such a situation exists. In exercising that judgment, the attorney for the government should consult USAM 9-27.230, 9-27.240, or 9-27.250, as appropriate.

[cited in USAM 6-4.210; USAM 9-10.060; USAM 9-27.200; USAM 9-28.300]

## 9-27.230 Initiating and Declining Charges—Substantial Federal Interest

A. In determining whether prosecution should be declined because no substantial Federal interest would be served by prosecution, the attorney for the government should weigh all relevant considerations, including:

1. Federal law enforcement priorities;

2. The nature and seriousness of the offense;

3. The deterrent effect of prosecution;

4. The person's culpability in connection with the offense;

5. The person's history with respect to criminal activity;

6. The person's willingness to cooperate in the investigation or prosecution of others; and

7. The probable sentence or other consequences if the person is convicted.

B. Comment. USAM 9-27.230 lists factors that may be relevant in determining whether prosecution should be declined because no substantial Federal interest