1  DAVID R. EBERHART (S.B. #195474)
   deberhart@omm.com
2  SHARON M. BUNZEL (S.B. #181609)
   sbunzel@omm.com
3  COLLEEN M. KENNEDY (S.B. #227107)
   ckennedy@omm.com
4  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
5  San Francisco, CA 94111
   Telephone:   (415) 984-8700
6  Facsimile:   (415) 984-8701

7  Attorneys for Plaintiff eBay Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| EBAY INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20,<br><br>　　　　Defendants. | Case No. C 08-04052 JF PVT<br><br>**PLAINTIFF EBAY INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION, INTERROGATORIES AND REQUESTS FOR ADMISSION FROM DIGITAL POINT SOLUTIONS, INC. AND SHAWN HOGAN**<br><br>Hearing Date: November 13, 2009<br>Time:　　　　10:00 a.m.<br>Courtroom:　　5<br>Judge:　　　　Hon. Patricia V. Trumbull |

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 1 |
| | A. The DPS Defendants Provide No Justification For Their Ongoing Failure to Produce Documents | 1 |
| |     1. DPS, Inc. And Hogan Have Responsive Documents In Their Possession, Custody Or Control | 1 |
| |     2. Hogan's Fifth Amendment Privilege Does Not Protect Responsive Documents From Production | 3 |
| | B. DPS, Inc. May Not Restrict Its Discovery Responses On Hogan's Behalf | 8 |
| | C. eBay's Discovery Rights Should Not Be Deferred Pending A Ruling On Defendants' Stay Motions | 10 |
| III. | CONCLUSION | 11 |

# TABLE OF AUTHORITIES

Page

**CASES**

*Amato v. United States*,
  450 F.3d 46 (1st Cir. 2006) .................................................................................................. 4

*Bellis v. United States*,
  417 U.S. 85 (1974) ................................................................................................................ 3

*Braswell v. United States*,
  487 U.S. 99 (1988) ............................................................................................................ 3, 4

*Fisher v. United States*,
  425 U.S. 391 (1976) .......................................................................................................... 6, 7

*Freedom Med. Inc. v. R. Gillespie, III*,
  No. 06-3195, 2006 WL 3924101 (E.D. Pa. Jan. 16, 2006) .................................................. 4

*Hoffman v. United States*,
  341 U.S. 479 (1951) ............................................................................................................. 5

*In re Grand Jury No. 86-3 (Will Roberts Corp.)*,
  816 F.2d 569 (11th Cir. 1987) ............................................................................................. 4

*In re Grand Jury Proceedings, Subpoenas for Documents*,
  41 F.3d 377 (8th Cir. 1994) .............................................................................................. 6, 7

*In re Grand Jury Subpoena Duces Tecum*,
  1 F.3d 87 (2d Cir. 1993) ....................................................................................................... 6

*In re Grand Jury Subpoena*,
  383 F.3d 905 (9th Cir. 2004) ............................................................................................... 7

*In re Two Grand Jury Subpoenae Duces Tecum*,
  769 F.2d 52 (2d Cir. 1985) ................................................................................................... 4

*Keithley v. The Home Store.com, Inc.*,
  No. C-03-04447 SI, 2008 WL 2024977 (N.D. Cal. May 8, 2008) ...................................... 9

*Thalheim v. Eberheim*,
  124 F.R.D. 34 (D. Conn. 1988) ............................................................................................ 9

*United States v. Blackman*,
  72 F.3d 1418 (9th Cir. 1995) ............................................................................................... 3

*United States v. Boyce*,
  148 F. Supp. 2d 1069 (S.D. Cal. 2001) ................................................................................ 3

*United States v. Hallsims Indus. Components*,
  674 F. Supp. 1161 (E.D. Pa. 1987) ...................................................................................... 4

# TABLE OF AUTHORITIES
## (continued)

Page

*United States v. Hubbell*,
　530 U.S. 27 (2000) .................................................................................................. 6

*United States v. Milligan*,
　371 F. Supp. 2d 1127 (D. Ariz. 2005) .................................................................... 4

*United States v. Rue*,
　819 F.2d 1488 (8th Cir. 1987) ................................................................................ 6

*World Music v. Arrow Vending, Inc.*,
　675 F. Supp. 1131 (N.D. Ill. 1988) ......................................................................... 4

*Xcel Energy, Inc. v. United States*,
　237 F.R.D. 416 (D. Minn. 2006) ............................................................................ 9

**RULES**

Fed. R. Civ. P. 26(e)(1) ................................................................................................... 3

Fed. R. Civ. P. 34(b)(2)(E) .............................................................................................. 7

Fed. R. Civ. P. 36(a)(4) ................................................................................................... 9

## I. INTRODUCTION

The opposition to eBay's motion to compel filed by Defendants Digital Point Solutions, Inc. ("DPS, Inc.") and Shawn Hogan (collectively, the "DPS Defendants") provides no justification for their failure to provide eBay with meaningful discovery in this case. Instead, the DPS Defendants ask this Court to defer hearing eBay's motion to compel until after their pending motion to stay is decided, despite the fact that the District Court has *already ordered* that the motions to compel be heard by this Court before any stay motions are heard: "The motion to stay seems to me, just thinking about it logically, is going to be informed by the result of the motion to compel. . . . I'd like to see what Judge Trumbull's take is on the matter before deciding whether a stay is required." Omnibus Declaration of Sharon M. Bunzel in Support of eBay's Replies ("Bunzel Decl."), Ex. 1, at 8:22-9:6.

The DPS Defendants should not be permitted to further delay fulfilling their obligation to provide full discovery in this case. It is now undisputed that both DPS, Inc. and Shawn Hogan have responsive documents in their possession, custody or control, and Hogan's Fifth Amendment rights cannot be used as a shield to resist production of those documents. Nor can DPS, Inc. take advantage of Hogan's Fifth Amendment privilege to restrict responses to discovery that is directed specifically at DPS, Inc., not at Hogan. Under these circumstances, the pending motion to stay provides no basis to delay an order enforcing eBay's discovery rights.

## II. ARGUMENT

### A. The DPS Defendants Provide No Justification For Their Ongoing Failure to Produce Documents

#### 1. DPS, Inc. And Hogan Have Responsive Documents In Their Possession, Custody Or Control

DPS, Inc.'s opposition demonstrates that it has possession, custody or control of responsive documents that must be produced. First, DPS, Inc. now concedes that it controls responsive documents stored at third party NetHere, Inc. ("NetHere"): "[I]t has been determined that the computer servers that were transferred to DPS, Inc. are

1  co-located at NetHere and that documents responsive to Plaintiff's discovery requests are
2  therefore within DPS, Inc.'s custody or control." Opposition of Defendants DPS, Inc. and
3  Shawn Hogan to eBay's Motion to Compel ("DPS Opp."), at 10. This admission directly
4  contradicts DPS, Inc.'s previous claim that these servers were "idle" and did "not contain
5  any responsive information," Declaration of Colleen M. Kennedy in Support of eBay's
6  Motion to Compel, previously filed on September 29, 2009 ("9/29/09 Kennedy Decl."),
7  Ex. 10, and removes all doubt that DPS, Inc. must produce these documents to eBay.

Second, the facts demonstrate that the DPS Defendants have failed to conduct a diligent search for responsive documents. eBay's requests for production have been pending for more than nine months, and eBay has been explicitly requesting production of the documents located at NetHere for nearly five months.[1] Yet the DPS Defendants have only now "determined" that the servers located at NetHere are controlled by DPS, Inc. Further, on the eve of eBay's reply deadline, counsel for the DPS Defendants sent an email purporting to respond to the argument in eBay's motion regarding Defendants' failure to conduct a diligent search for non-electronic materials, *see* eBay's Motion to Compel Against the DPS Defendants ("eBay Mot.") at 8 n.5, claiming that no additional corporate meeting minutes or "statements of information" exist for DPS, Inc. Bunzel Decl., Ex. 2. The DPS Defendants were obligated to search for these and other responsive documents a long time ago, and their recent responses raise a serious question whether the DPS Defendants have met their obligation to search for and identify all responsive documents in their possession, custody or control. The DPS Defendants must be ordered to conduct such a search.

Third, the DPS Defendants have already admitted that "all computer-related materials have been returned by the FBI." 9/29/09 Kennedy Decl., Ex. 6, at 13. Indeed, it appears that these materials have been in the DPS Defendants' possession for more than seven months, as their discovery responses served on March 12, 2009 stated: "As of the

---

[1] And NetHere representatives had confirmed by July 29, 2009 that the material stored at NetHere was within the sole control of DPS, Inc. *See* Bunzel Decl., Ex. 3.

date of these responses, the FBI has not returned *all* of the seized materials to Defendant . . . ." *See, e.g.*, 9/29/09 Kennedy Decl., Ex. 5, at 2 (emphasis added). Whether these documents are within the possession, custody or control of DPS, Inc. or Hogan, they must be produced immediately, as discussed in detail below.[2]

### 2. Hogan's Fifth Amendment Privilege Does Not Protect Responsive Documents From Production

#### a. Document Production By DPS, Inc. Does Not Implicate Hogan's Privilege

Despite explicitly acknowledging that it has responsive documents in its custody or control, DPS, Inc. argues that it need not produce them to eBay because "Mr. Hogan is the only person that can respond on behalf of DPS, Inc., and his Fifth Amendment rights are directly implicated in this case." DPS Opp. at 10. Even assuming—which is not the case—that Hogan is the only possible agent who could respond for the corporation, DPS, Inc.'s argument ignores the established law that Hogan's production on behalf of DPS, Inc. **would not** implicate his Fifth Amendment rights.

A corporate custodian cannot claim a Fifth Amendment privilege with regard to the production of documents in the corporation's possession, custody or control. *United States v. Blackman*, 72 F.3d 1418, 1427 (9th Cir. 1995) (*citing Bellis v. United States*, 417 U.S. 85, 100 (1974)); *see also Braswell v. United States*, 487 U.S. 99, 118 (1988) (because the act of production is in the individual's representative capacity, "the Government . . . may make no evidentiary use of the 'individual act' against the individual."). This is true even if the documents themselves are incriminating to the custodian, *Blackman*, 72 F.3d at 1427, and even if the custodian is the sole representative of the entity: "a corporate representative—***even the corporation's sole representative***— does not commit a testimonial act by providing general corporate records to an agent

---

[2] To the extent that any documents have not yet been returned by the government, the DPS Defendants have on ongoing duty to supplement their document production whenever those documents are returned. *See* Fed. R. Civ. P. 26(e)(1); *see also United States v. Boyce*, 148 F. Supp. 2d 1069, 1088 (S.D. Cal. 2001) (responding party has a duty to supplement any responses with documents discovered or coming into a party's possession at a later time).

selected by the corporation." *In re Grand Jury No. 86-3 (Will Roberts Corp.)*, 816 F.2d 569, 574 (11th Cir. 1987) (emphasis added), *abrogated on other grounds by Braswell*, 487 U.S. at 102.

This principle is no different for purported "one-person entities": "every reported decision to consider [this issue] has rejected carving out an exception for one-person corporations to the general rule that corporate custodians cannot invoke the Fifth Amendment to prevent production of corporate documents." *Freedom Med. Inc. v. R. Gillespie, III*, No. 06-3195, 2006 WL 3924101, at *2 (E.D. Pa. Jan. 16, 2006) (listing cases); *see also United States v. Milligan*, 371 F. Supp. 2d 1127, 1129 (D. Ariz. 2005) (recognizing that no court has recognized such an exception to the collective entity doctrine); *Amato v. United States*, 450 F.3d 46, 51-52 (1st Cir. 2006) (where the custodian of records is a sole shareholder, employee and officer of an entity, the Fifth Amendment will not operate to protect him or her from producing the entity's records).

Even assuming that Hogan's act of producing documents in his capacity as a representative of DPS, Inc. could somehow impact his Fifth Amendment rights, DPS, Inc. would still be required to appoint some other agent to produce the documents. *See United States v. Hallsims Indus. Components*, 674 F. Supp. 1161, 1164 (E.D. Pa. 1987) ("[C]ollective entities, having no privilege of their own, [] have to comply with a subpoena addressed to them by finding someone to produce whatever records were sought."). "Simply put, no situation could exist which would prevent a [collective entity] from producing [its] records as the [collective entity] itself possess no Fifth Amendment privilege." *World Music v. Arrow Vending, Inc.*, 675 F. Supp. 1131, 1132 (N.D. Ill. 1988). Hogan's invocation of the Fifth Amendment in no way relieves DPS, Inc. of its continuing obligation to produce the requested documents through an appointed agent, even if DPS, Inc. must supply an entirely new agent who has no previous connection with the corporation. *In re Two Grand Jury Subpoenae Duces Tecum*, 769 F.2d 52, 58 (2d Cir. 1985).

Because Hogan's Fifth Amendment privilege does not operate to protect him or

1 DPS, Inc. from producing documents on behalf of the corporation, DPS, Inc. must
produce all responsive documents within its possession, custody, and control.[3]

### b. Hogan's Privilege Does Not Extend To Documents Already In The Government's Hands

The DPS Defendants essentially ignore eBay's argument that no "act of production" privilege exists for documents that have already been obtained by the government and can be independently authenticated. They instead simply 1) rely on generalized statements affirming the importance of the Fifth Amendment in factually inapposite cases,[4] and 2) assert without authority that the act of identifying documents for production is testimonial.

The DPS Defendants' opposition fails to cite even a single case that finds the act of producing documents already in the hands of the government sufficiently testimonial and incriminating so as to merit the protection of the Fifth Amendment. The DPS Defendants do not dispute that the production of documents to eBay would not provide any further information to the government about the existence and location of the documents, nor do they dispute that the government can independently authenticate the documents. The DPS Defendants instead argue that Hogan's production of these documents would "inherently communicate identifying information." DPS Opp. at 2. But the DPS Defendants fail to provide any authority supporting the notion that the act of identifying responsive documents can be testimonial and incriminating where the government already possesses the documents at issue.

---

[3] The DPS Defendants state in a footnote that they "preserve" all previous objections to eBay's requests for production, "including those related to confidentiality and proprietary information." DPS Opp. at 10 n.3. But these objections have already been addressed by the Stipulated Protective Order entered on June 26, 2009, which allows for discovery material to be protected by designations of "Confidential" or "Highly Confidential - Attorney's Eyes Only." To the extent that the DPS Defendants seek to rely on any other previously-stated objections in withholding responsive documents, they have neither identified those objections in their opposition nor given this Court any basis on which to sustain them. Those objections therefore cannot provide grounds to deny eBay's motion.

[4] For example, Defendants rely on *Hoffman v. United States*, 341 U.S. 479 (1951), which contains no discussion of the act of production privilege or the communicative aspects of producing documents.

Moreover, this argument is disproven by the authority cited in eBay's motion. Where the testimonial value of the communicative act is minimal, that testimony will not merit the Fifth Amendment's protection. *Fisher v. United States*, 425 U.S. 391, 411 (1976) (where the government has prior knowledge of the information that will be communicated through the act of producing documents, "no constitutional rights are touched"). Courts measure the "testimonial value" of a communicative act by evaluating the disparity between the government's knowledge and that of the compelled party. *See id.* at 410-11. Where the government already possesses the sought documents, the subsequent production of such documents "adds little or nothing to the sum total of the Government's information." *In re Grand Jury Subpoena Duces Tecum*, 1 F.3d 87, 93 (2d Cir. 1993) (*citing Fisher*, 425 U.S. at 411). And where the government can provide alternative means of authentication, the subsequent production of the documents does not implicate the Fifth Amendment. *United States v. Rue*, 819 F.2d 1488, 1494 (8th Cir. 1987). The government has no need to rely upon Hogan's testimony, or any other communicative act that could be deemed testimonial, to authenticate the evidence it already holds. *See* eBay Mot. at 4. Hogan's production of those documents is therefore not deserving of Fifth Amendment protection.

In support of their assertion that the act of selecting documents is testimonial and incriminating for purposes of the Fifth Amendment, the DPS Defendants cite only three cases, none of which involves a situation where the government was already in possession of the documents at issue. In *United States v. Hubbell*, 530 U.S. 27 (2000), the documents were produced pursuant to grant of immunity, and the government had absolutely no prior knowledge of either the existence or the whereabouts of the documents requested in its subpoena. *Id.* at 45-46. The Supreme Court distinguished this from the typical situation—present here—where "implicitly admitting the existence and possession of the papers" ***does not*** rise to the "level of testimony within the protection of the Fifth Amendment." *Id.* at 44. Similarly, *In re Grand Jury Proceedings, Subpoenas for Documents*, 41 F.3d 377 (8th Cir. 1994), held that the so-called "foregone conclusion"

EBAY'S REPLY ISO MOT. TO COMPEL
AGAINST DPS DEFENDANTS
CASE NO. C 08-04052 JF PVT

exception, *see* eBay Mot. at 3-4, did not apply to the act of producing the requested documents because the government could not independently authenticate the requested documents, again, unlike the situation here. 41 F.3d at 380. And *In re Grand Jury Subpoena*, 383 F.3d 905 (9th Cir. 2004), considered the act of "discriminat[ing] among documents" to be testimonial only in the context of relieving the government of its burden to independently authenticate the documents—a burden that the government could not meet in that case without the responding party's subpoena response. *Id.* at 912. Again, this is not the situation before the Court, so the case is inapplicable.

Defendants' mischaracterization of these cases as turning on the responding parties' use of the "contents of [their] mind[s]" to select documents for production ignores that these holdings were premised on the government's 1) lack of knowledge of the documents' location and existence and 2) inability to independently authenticate the documents. Here, by contrast, the DPS Defendants do not dispute that the government already possesses and can independently authenticate the documents that eBay requests from Hogan. His Fifth Amendment rights are therefore not implicated. *See Fisher*, 425 U.S. at 411.

Moreover, as a practical matter, Hogan's production to eBay of all responsive documents previously obtained by the government would provide no testimonial value whatsoever as to which documents are responsive to which request. Contrary to the DPS Defendants' claim, Hogan's production of documents would in no way communicate any testimony regarding "particular technologies" and that such technologies were used to "manipulate" eBay. *See* DPS Opp. at 7. This is because defendants are not required to produce documents in separate groups responsive to specific requests, but may produce documents as "they are kept in the usual course of business." Fed. R. Civ. P. 34(b)(2)(E). Although the DPS Defendants specifically highlight two of eBay's requests for production, eBay has made thirty-four requests for production of Hogan, including a request for "all documents relating to eBay." 9/29/09 Kennedy Decl., Ex. 1, at 1. Hogan's production of a single group of documents in response to these requests (which

- 7 -

EBAY'S REPLY ISO MOT. TO COMPEL
AGAINST DPS DEFENDANTS
CASE NO. C 08-04052 JF PVT

will likely be precisely coterminous with what has been previously obtained by the government) would add absolutely nothing to the government's knowledge and does not merit the protection of the Fifth Amendment.

**B.  DPS, Inc. May Not Restrict Its Discovery Responses On Hogan's Behalf**

DPS, Inc. continues to attempt to justify its artificial restriction of the scope of eBay's discovery requests based on the mistaken contention that eBay is seeking to compel responses from DPS, Inc. "on behalf of" Shawn Hogan and/or his sole proprietorship. DPS Opp. at 9. As explained in eBay's motion, however, eBay's broad definition of the term "DPS" in its discovery requests in no way seeks responses on behalf of Hogan or anyone else other than DPS, Inc.; it simply describes the scope of the information that DPS, Inc. must provide on its own behalf. *See* eBay Mot. at 8-10.

To properly respond to eBay's requests, DPS, Inc. must provide all information within its knowledge regarding the individuals and entities defined as "DPS," including that which can be obtained from the documents that DPS, Inc. now admits are in its possession, custody, and control at NetHere. *See* DPS Opp. at 10. Moreover, nothing prevents DPS, Inc. from appointing an agent other than Hogan to review the material and formulate DPS, Inc.'s responses.

Because eBay simply seeks all responsive information in DPS, Inc.'s possession, custody or control regarding "DPS," the arguments regarding DPS, Inc.'s purported lack of participation in eBay's affiliate marketing program are beside the point. As an initial matter, whether DPS, Inc. participated in eBay's program prior to June 2007 is not conclusively resolved by Hogan's self-serving assertions. For example, although his declaration states that DPS, Inc. "never conducted business with" eBay, this does not foreclose the possibility that DPS, Inc. provided services or support to Hogan that related to his involvement in eBay's affiliate program. In fact, Hogan's transfer of computer servers worth $108,000 to DPS, Inc. on May 19, 2007—during the period of Hogan's admitted participation in eBay's affiliate program—strongly suggests that DPS, Inc. did provide such services to him, even if it was not participating in eBay's affiliate program

on its own behalf. *See* eBay Mot. at 6.

Moreover, DPS, Inc.'s participation or lack thereof in eBay's affiliate marketing program is not dispositive of the question whether DPS, Inc. currently has responsive documents in its possession—whether or not those documents pre-date DPS, Inc.'s formation. DPS, Inc. could have obtained such documents at any time since its purported initial incorporation on May 14, 2007. As noted above, DPS, Inc. has now conceded that it controls the servers at NetHere and possesses responsive documents. DPS, Inc. is therefore required to respond to eBay's requests based on all information within its knowledge regarding all of the individuals or entities encompassed within eBay's definition of "DPS," whether or not DPS, Inc. itself was an active participant in defendants' fraudulent scheme prior to June 2007.

Nor can DPS, Inc. defend its evasive qualifications by arguing that eBay's use of the defined term "DPS" in its requests for admission was somehow improper. *See* DPS Opp. at 8. Though qualification of responses to requests for admissions may be acceptable where a request contains assertions that are only partially correct, *see* Fed. R. Civ. P. 36(a)(4), the responding party is not permitted to undermine the efficacy of the request with "disingenuous, hair-splitting distinctions." *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988); *see also Xcel Energy, Inc. v. United States*, 237 F.R.D. 416, 422 (D. Minn. 2006) (qualifications made in response to requests for admission must be clear and in good faith).

Even assuming that DPS, Inc. qualified its responses in good faith, the qualification restricting its responses to "Digital Point Solutions, Inc." is responsive to only a part of the matter for which an admission is requested. DPS, Inc. must still answer or deny the remainder of eBay's request regarding the other individuals and entities defined as "DPS." *Xcel Energy*, 237 F.R.D. at 422 ("[W]hen good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as true and qualify or deny the remainder."); *see also Keithley v. The Home Store.com, Inc.*, No. C-03-04447 SI, 2008 WL 2024977, at *3 (N.D. Cal.

EBAY'S REPLY ISO MOT. TO COMPEL
AGAINST DPS DEFENDANTS
CASE NO. C 08-04052 JF PVT

May 8, 2008) (recognizing that although responses to requests for admission may be qualified, they should admit to the fullest extent possible and explain in detail why other portions of a request may not be admitted). As a result of DPS, Inc.'s improper qualification of its responses, eBay is unable to determine whether any part of the request is admitted, or if the request is denied in its entirety.

Because DPS, Inc. has improperly limited its responses to both of eBay's interrogatories, as well as certain requests for admissions and requests for production, it should be compelled to provide supplemental responses to those requests. *See* 9/29/09 Kennedy Decl., ¶ 6.

### C. eBay's Discovery Rights Should Not Be Deferred Pending A Ruling On Defendants' Stay Motions

As stated above, the DPS Defendants' request that this Court defer hearing eBay's motion to compel until after their pending motion to stay is decided contravenes the District Court's *explicit order* that the motions to compel be heard by this Court before any stay motions are heard. *See* Bunzel Decl., Ex. 1, at 8:22-9:6. Moreover, the request should also be rejected because the DPS Defendants' motion to stay is unlikely to be granted. Because no indictments have issued, and the timing of any potential future indictments cannot be predicted, all of the relevant factors weigh against the issuance of a stay, as fully demonstrated in eBay's opposition to Defendants' stay motions (being concurrently filed today). *See generally* eBay Opp. to Motions to Stay. Defendants ask this Court to suspend indefinitely eBay's rights to discovery in this still-pending action. Unless and until such time as the district court grants a stay of this action, eBay is entitled to a ruling on its motion to compel.

## III. CONCLUSION

The DPS Defendants have provided no justification for their continuing refusal to provide discovery in this case. eBay's Motion to Compel should be granted in full.

DATED: October 30, 2009

DAVID R. EBERHART
SHARON M. BUNZEL
COLLEEN M. KENNEDY
O'MELVENY & MYERS LLP

By: /s/ David R. Eberhart
DAVID R. EBERHART

Attorneys for Plaintiff eBAY INC.