# EXHIBIT 1

| | |
|---|---|
| 1 | LAW OFFICES OF PATRICK K. McCLELLAN |
| 2 | Patrick K. McClellan #077352 |
| | pkellymc@pacbell.net |
| 3 | 2211 Michelson Drive, Suite 700 |
| | Irvine, CA 92612 |
| 4 | Telephone (949)261-7615 |
| | Facsimile (949)851-2772 |
| 5 | Attorney for Defendant KESSLER'S FLYING CIRCUS |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

EBAY INC.,

                Plaintiff,

vs.

DIGITAL POINTS SOLUTIONS, INC.; SHAWN HOGAN; KESSLER'S FLYING CIRCUS; THUNDERWOOD HOLDINGS, INC.; TODD DUNNING; DUNNING ENTERPRISES, INC.; BRIAN DUNNING; BRIANDUNNING.COM; and DOES 1-20,

                Defendants.

Case No. 08-4052

KESSLER'S FLYING CIRCUS' RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS

PROPOUNDING PARTY:     PLAINTIFF EBAY INC.

RESPONDING PARTY:       DEFENDANT KESSLER'S FLYING CIRCUS

SET NUMBER:                   ONE

1

1    Defendant Kessler's Flying Circus ("Defendant KFC") hereby submits the following
2    objections and responses to the First Set of Requests for Admissions propounded by Plaintiff Ebay,
3    Inc. ("Plaintiff").

4                              GENERAL STATEMENT

5    Defendants' Motions to Dismiss Plaintiff's First Amended Complaint were granted by Order
6    filed herein on February 24, 2009. The Order dismissed Plaintiff's complaint with leave to amend
7    and no amended complaint has been filed. There is no pending complaint in existence against
8    defendant KFC.

9    Defendants Todd Dunning and Brian Dunning (the "Dunnings") have invoked their privilege
10   against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, Lefkowitz v.
11   Turley, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the
12   California Constitution, and California Evidence Code section 940. Defendant Kessler's Flying
13   Circus is a partnership comprised of two corporate partners, Defendants Dunning Enterprise and
14   Thunderwood Holdings, Inc. The sole shareholder and representative of Dunning Enterprise is
15   Defendant Todd Dunning. The sole shareholder and representative of Thunderwood Holdings, Inc. is
16   Brian Dunning. Since the Dunnings are the sole shareholders and sole authorized representatives of
17   Dunning Enterprise and Thunderwood Holdings, Inc. respectively, and the only persons who can
18   verify discovery responses on behalf of Defendant KFC, Defendant KFC cannot provide any verified
19   responses without compromising the Dunnings' right against self-incrimination. Should either
20   Todd Dunning or Brian Dunning determine that there is no longer the threat of potential criminal
21   prosecution and elect to withdraw his privilege against self-incrimination in the future, Defendant
22   KFC expressly reserves the right to supplement its responses.

23   Furthermore, the Federal Bureau of Investigation has seized all documents and computers,
24   disk drives, hard drives, cell phones and servers containing information potentially related to this
25   matter. Assistant United States Attorney Kyle F. Waldinger in charge of this investigation has
26   refused all requests to provide defendants with a copy of the material seized by the FBI. Those items
27
28

and records may contain information responsive to the requests below, but those items and records are not in the possession, custody or control of defendants.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUESTS FOR ADMISSION NO. 1:**

Admit that KFC conducted business with eBay during at least some portion of 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC does not admit the request.

**REQUEST FOR ADMISSION NO.2:**

Admit that KFC conducted business with eBay during at least some portion of 2006.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.

Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO.3**:

Admit that KFC conducted business with eBay during at least some portion of 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**:

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO.4:**

Admit that KFC conducted business with eBay during at least some portion of 2004.

4

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO.5:**

Admit that KFC conducted business with eBay during at least some portion of 2003.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving

the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO.6:**

Admit that KFC participated in an eBay Affiliate Marketing Program or programs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, KFC utilized software programs and/or code that caused some Users' computers to access an eBay website without the User's knowledge.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.

Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, KFC utilized software programs and/or code that caused some Users' computers to access an eBay web server without the User's knowledge.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**:

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

7

**REQUEST FOR ADMISSION NO. 9:**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, KFC utilized software programs and/or code that redirected a User to an eBay website without the User knowingly clicking on an Advertisement Link.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, KFC utilized software programs and/or code that redirected a User to an eBay web server without the User knowingly clicking on an Advertisement Link.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, KFC utilized software programs and/or code that performed Cookie Stuffing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that KFC used methods, techniques and/or technological measures to avoid detection by eBay

9

of certain aspects of how KFC interacted with eBay's Affiliate Marketing Program or programs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that KFC used methods, techniques and/or technological measures to avoid detection by Commission Junction of certain aspects of how KFC interacted with eBay's Affiliate Marketing Program or programs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms

"manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that KFC utilized methods, techniques and/or technological measures to avoid detection by eBay of Cookie Stuffing caused by KFC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that KFC utilized methods, techniques and/or technological measures to avoid detection by Commission Junction of Cookie Stuffing caused by KFC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, KFC utilized software and/or code to determine the geographic location of a User.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving

the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, KFC utilized software and/or code to determine whether a User was located in San Jose, CA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, KFC utilized software and/or code to determine whether a User was located in Santa Barbara, CA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.

1    Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against
2    self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414
3    U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California
4    Constitution, and California Evidence Code section 940. Defendant further objects on the ground that
5    this request is vague and ambiguous. Defendant further objects on the grounds that that the terms
6    "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects
7    on the ground that the request violates Defendant's right to privacy. Subject to and without waiving
8    the foregoing objections and based on a reasonable interpretation as to the meaning of this request,
9    KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, KFC utilized software and/or code that would disable or not engage KFC's Cookie Stuffing technology if a User's computer was located in San Jose, CA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

14

**REQUEST FOR ADMISSION NO. 20:**

Admit that, while participating in an eBay Affiliate Marketing Program or programs, KFC utilized software and/or code that would disable or not engage KFC 'S Cookie Stuffing technology if a User's computer was located in Santa Barbara, CA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 21:**

Admit that KFC received commissions from eBay, whether directly or through Commission Junction, that were based, in whole or in part, on Users whose computers were directed to eBay's website without the User's knowledge.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414

U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 22:**

Admit that KFC received commissions from eBay, whether directly or through Commission Junction, that were based, in whole or in part, on Users who had never actually clicked on a KFC-sponsored eBay advertisement link.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 23:**

Admit that KFC received commissions from eBay, whether directly or through Commission Junction, that were based, in whole or in part, Cookie Stuffing caused by KFC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 24:**

Admit that KFC engaged in Cookie Stuffing with the intent to defraud eBay.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms

1    "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects

2    on the ground that the request violates Defendant's right to privacy. Subject to and without waiving

3    the foregoing objections and based on a reasonable interpretation as to the meaning of this request,

4    KFC responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 25:**

Admit that KFC defrauded eBay.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this request on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous. Defendant further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant further objects on the ground that the request violates Defendant's right to privacy. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: Denied.

DATED: February 25, 2009           LAW OFFICE OF PATRICK K. McCLELLAN

BY: _____
PATRICK K. Mc CLELLAN
Attorney for Defendant
Kessler's Flying Circus

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 2600 Michelson Drive, Suite 700, Irvine, California 92612.

     On February 25, 2009, I served the document(s) described as KESSLER'S FLYING CIRCUS' RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS on the interested parties in this action.

[X] by placing  [ ] the original      [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

David R. Eberhart, Esq.  
O'Melveny & Meyers LLP  
Two Embarcadero Center, 28th Floor  
San Francisco, CA 94111

Ronald Rus, Esq.  
Rus, Miliband & Smith  
2211 Michelson Drive, Ste 700  
Irvine, CA 92612

Stewart H. Foreman, Esq.  
Freeland Cooper & Foreman, LLP  
150 Spear Street, Ste 1800  
San Francisco, CA 94105

[X]    BY MAIL

[X] As follows I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on February 25, 2009, at Irvine, CA.

PATRICK K. McClellan  
Type or print name)

_____  
(Signature)